UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
_____

RECEIVED

SDNY PRO SE OFFICE

2022 MAR 16 PM 2:42

COMPLAINT

Ralph Rodriguez Din # 17A0928
                    Plaintiff

        AGAINST

Edward Burnett··et·al
                    Defendant
_____

Under The Civil Rights Act

42 U.S.C 1983 and The

Americans With Disabilities

Act Title II 42 U.S.C 12132

and 12133 and Section 504

Of The Rehabilitation Act

Plaintiff Ralph Rodriguez Din number 17A0928, whom is incarcerat
ed at Fishkill Correctional Facility, Located at P.O Box 1245
Beacon New York 12508, Depose and States the following allegation
as true and correct;

## NATURE OF ACTION

1. This is an action to recover money damages arising out of
Defendants Violation of Plaintiffs Rights as secured by the
Civil Rights Act, 42 U.S.C 1983, under the FIRST, FIFTH, SIXTH
EIGHTH, and FOURTEENTH AMENDMENTS to the UNITED STATES CONSTI-
UTION, and The AMERICANS WITH DISABILITIES ACT TITLE II and
SECTION 504 OF THE REHABILITATIONS ACT.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C 1983 and the
Americans with Disabilities Act title II, and section 504 of the
Rehabilitations Act pursuant to 28 U.S.C 1331, 1343(3^) and
1343(4).

3. This court has pendent or supplemental jurisdiction over all
claims brought under NEW YORK STATE LAW to 28 U.S.C 1367.

4. Pursuant to 28 U.S.C 1391(b), venue is proper in the SOUTHERN
DISTRICT of NEW YORK, because the events forming the basis of
Plaintiffs Complaint occurred within that District.

PARTIES/DEFENDANTS

1. EDWARD R, BURNETT (Superintendent) at FISHKILL CORRECTIONAL
Facility, was at all relevant times an employee of the STATE OF
NEW YORK, within the DEPARTMENT OF CORRECTIONS, and is being sued
in his INDIVIDUAL and OFFICIAL capacity.

2. AKINOLA FRANCI, AKINYOMBO (Deputy supt corr HCF2) at FISHKILL
CORRECTIONAL FACILITY, was at all relevant times an employee of
the STATE OF NEW YORK, within the DEPARTMENT OF CORRECTIONS, and
is being sued in his INDIVIDUAL and OFFICIAL capacity.

3. DAVACHI M SULLIVAN (Nurse Practitioner) at FISHKILL CORRECT-
IONAL FACILITY, was at all relevant times an employee of the
STATE OF NEW YORK, within the DEPARTMENT OF CORRECTIONS, and is
being sued in her INDIVIDUAL and OFFICIAL capacity.

4. SALLY A, REAMS ( IGP Supervisor) at FISHKILL CORRECTIONAL
FACILITY, was at all relevant times an employee of the STATE OF
NEW YORK, within the DEPARTMENT OF CORRECTIONS, and is being sued
in her INDIVIDUAL and OFFICIAL capacity.

5. JOHN F, WOODS (Deputy Supt Progm) at FISHKILL CORRECTIONAL
FACILITY, was at all relevant times, an employee of the STATE OF
NEW YORK, within the DEPARTMENT OF CORRECTIONS, and is being sued
in his INDIVIDUAL and OFFICIAL capacity.

6. ALEXANDRA AYANA GIBBONS (Correctional Officer) at FISHKILL
CORRECTIONAL FACILITY, was at all relevant times an employee of
the STATE OF NEW YORK, within the DEPARTMENT OF CORRECTIONS, and
is being sued in her INDIVIDUAL and OFFICIAL capacity.

7. LUIS GONZALEZ (Asst Dep Supt) at FISHKILL CORRECTIONAL FACILITY, was at all relevant times an employee of the STATE OF NEW YORK, within the DEPARTMENT OF CORRECTIONS, and is being sued in his INDIVIDUAL and OFFICIAL capacity.

8. STEPHEN URBANSKI (Deputy Supt Security S3) at FISHKILL CORRECTIONAL FACILITY, was at all relevant times an employee of the STATE OF NEW YORK, within the DEPARTMENT OF CORRECTIONS, and is being sued in his INDIVIDUAL and OFFICIAL capacity.

9. SHARON L, FROST (Deputy Supt Admnv) at FISHKILL CORRECTIONAL FACILITY, was at all relevant times an employee of the STATE OF NEW YORK, within the DEPARTMENT OF CORRECTIONS, and is being sued in her INDIVIDUAL and OFFICIAL capacity.

10. CHARMAINE WAYLON (Nurse Admr Ol) at FISHKILL CORRECTIONAL FACILITY, was at all relevant times an employee of the STATE OF NEW YORK, within the DEPARTMENT OF CORRECTIONS, and is being sued in her INDIVIDUAL and OFFICIAL capacity.

11. STATE OF NEW YORK

PARTIES/DEFENDANTS

EDWARD R, BURNETT - AKINOLA FRANCI, AKINYOMBO - JOHN F, WOODS - LUIS GONZALEZ - STEPHEN URBANSKI - SHARON L, FROST - CHARMAINE WAYLON -

Are also being sued under SUPERVISOR LIABILITY (RESPONDEAT SUPERIOR), for the responsibility of their subordinate because after learning of the violation through letters and grievances and being personally informed failed to remedy the wrong, as well as allowing this custom to continue, and for being grossly negligent in that they did not adequately supervise the subordinates whom violated plaintiffs Federally Protected Rights.

(3)

PLAINTIFFS INJURIES and DISABILITY

In 2010, plaintiff was stabbed multiple times and experienced serious injuries to the abdomen, requiring several surgical procedures and removal of portions of the spleen and intestines.

Plaintiff was also stabbed on both arms and the right wrist. the injuries to plaintiffs right wrist and arm included diagnosed nerve, artery, and tendon damage resulting in ongoing pain, numbness, tingling and weakness in the entire right upper extremity below the shoulder, and required removal of portions of the muscle. The injuries to plaintiffs left arm resulted in pain and numbness in the area of the wound to date.

Plaintiff also suffers from diagnosed chronic lower back pain caused by issues in the lumbar region of the spine prior to plaintiffs incarceration, and chronic pain in the neck, legs and having flat feet causes pain to date.

Prior to and throughout plaintiffs incarceration, plaintiff was diagnosed with bipolar disorder and anti-social personality disorder, and plaintiff also suffers from anxiety, claustrophobia, and depression.

Plaintiffs medical and psychiatric condition substantially limited several major life activities, including but not limited to caring for myself, eating, sleeping, lifting, communicating, writing, typing, and working. Both individually and collectively, these physical impairments constitute a disability under the Americans with Disability Act, 42 U.S.C 12102.

Defendants were provided notice of plaintiffs medical condition

and disability as well as needs on or about January 10, 2015, and at various points during plaintiffs detention thereafter, and indeed receiving medical confirmation of plaintiffs disability from medical contractors employed with the Department Of Corrections Community Supervision.

Despite having notice and being in possession of medical documents Defendants at various points and in time acted with Deliberate Indifference to plaintiffs medical conditions and disability, which exacerbated and exacerbating plaintiffs prior injuries and causing additional pain an suffering, and failed to make Reasonable Accommodations, as well as intentionally denying plaintiff the benefits of a program, service or activity, all incidents provided within plaintiffs Federal Civil Rights Claim.

## INCIDENT # 1

1. Plaintiff has been incarcerated since 2015, and has in the past filed suit against D.O.C.C.S for Civil Rights Violations as well as AMERICANS WITH DISABILIES ACT TITLE II violations please see Ralph Rodriguez VS City Of New York 15-CV-7945(ALC)(SDA).

2. Plaintiff is fully aware of the Prisoners Litigation Reform Act(P.L.R.A), and how important it is to grieve issues and, fully exhorst administrative remedies.

3. Plaintiff had been trasfered to Fishkill Correctional Facility on or about the end of 2019, and once plaintiffs Federal Civil Rights as well as Americans with Disabilities rights were being violated at Fishkill Correctional started to submit grievances to the IGP(Inmates Grievance Program).(see Exhibit A)

4. After weeks of waiting for a responce from IGP, and receiving none, plaintiff started to write letters to IGP inquiring why the grievances where not being resonded to.

5. When plaintiff got no responce, plaintiff then started to ask the inmates within the facility about the grievance program, and how they operate within this facility.

6. Plaintiff was then informed that the grievance department is run by ms Reams, and her as well as the inmates that work for her are completely corrupt, and inadequate ( see Exhibit B)

7. Plaintiff then started to write letters to the superintendent, and the administration to inquire why plaintiffs grievances were not being reponded to, but got no responce.

8. Shortly after writing those letters, plaintiff was called down to the IGP office, and seen first hand what other inmates

was informing plaintiff about, regarding the IGRC(Inmate Grievance Response Committee).

9. During the hearing the inmates whom are suppose to assist plaintiff regarding grievances, took adverse positions, failed to acknowledge any of the information, and evidence provided and attempted to have plaintiff sign off on the grievance which plaintiff refused to do.

10. Plaintiff has now been in Fishkill Correctional for on or about almost two years, and have filed multiple grievances, and not once was a grievance ruled in plaintiffs favor, regardles of the documents or evidence provided.

11. Many of the grievances that plaintiff submitted was ignored, and unanswered, failing to provide plaintiff with a grievance number, so plaintiff would be unable to full exhorst the administrative remedies, that are suppose to be available.

12. All grievances submitted was done so in accordance with Directive 4040 of the IGP, which was (1) plaintiff submitted the grievance, (2) plaintiff waited over three weeks for a responce and when none was recieved or was plaintiff writen to appeal to the superintendent and (3) after three weeks of recieving no responce or a reponce requested an appeal to the C.O.R.C.

13. Todate plaintiff had recieved no reponce from C.O.R.C and no remedies  has been available.

14. Letters writen to IGP requesting copies of the IGP rules on what to do if grievances was unanswered and no grievance number provided went unanswered, and ignored.

15. All grievances that was reponded to was denied, and some completely ignored the subject matter of the grievance please

see (Exhibit C).

16. When plaintiff would go to the law library, which is directly next to the IGPS office, plaintiff would hear ms Reams speaking out loudly about inmates grievances, laughing about there subject matter, and how they where writen.

17. Plaintiff has been told by other inmates about violent reprisals, and reprisals done in general when inmates grieve the wrong correctional officer or staff member.

18. The grievance system here at Fishkill correctional Facility is non existing and inadequate.

19. Plaintiff has never once had a grievance ruled in plaintiff favor within this facility regardless of evidence or documents provided.

20. Since plaintiff has been in fishkill correctional there has been only on or about one IGRC election, and pier directive 4040 there is suppose to be one every six months but isnt, and even when there was the same inmates who work for miss Reams are chosen, proving the election is rigged.

21. These same inmates are chosen by ms Reams because they convince inmates to write off on there grievances and not move forward regardless of how valid there issues are.

22. These inmates do this for special treatment such as getting put into the best dorms within the facility, and other things.

23. Ms Reams has used her authority and position as a means, and way to impede, frustrate and destroy inmates attempts of exhaustion there administrative remedies, making the grievance

procedure nonexisting and inadequate.

24. Ms Reams is well aware of the PLRA, and how important it is for inmates to exhaust, and absent exhaustion could lead to valid claims being dismissed for failure to exhaust.

25. Plaintiff had submitted grievances about ms Reams actions, and failure to act that also went unanswered and ignored.

26. Letters was sent to the superintendent Burnett, and the administration about her actions and conduct that went unanswered see (Exhibit D).

27. Plaintiff had seen the superintendent in the walkway, and informed him personally about ms Reams, and still he did nothing to correct or assist in any way.

28. The superintendent Burnett, and his administration here at Fishkill Correctional has failed to oversee their employee ms Reams who has caused the wrong written within this claim, and by hiring an unqualified personnel, and failed to adequately train their staff member that has created a custom that allowed the wrong to occur.

29. The defendants are fully responsible for their failure to correct these actions, and properly supervise their employee, and was personally put on notice, and with written letters.

30. Plaintiff has attempted to keep as many copies as possible as proof and exhibits but due to constant searches many documents was destroyed, as a form of retaliation for plaintiffs writing of grievances.

31. Ms Reams actions, and failure to properly assume her duties has frustrated, and impeded plaintiffs attempt of filing a non

frivolous claim in the court of claim.

32. Ms Reams actions was deliberate, and done with malicious intent resulting in actual injury see (Exhibit E).

33. Plaintiff had filed a grievance, and after weeks of getting no response, and letters requesting the status and what to do next if grievance went unanswered was ignored as well.

34. Plaintiff wrote to appeal to the superintendent which was also ignored, and weeks later plaintiff requested an appeal to C.O.R.C all in accordance with the IGP rules all went unanswered and by then the statue of limitations had run out.

35. Ms Reams had abused her authority, and due to her actions, and failure to preform her duty rendered plaintiffs right to petition grievances, and exhaust administrative remedies unavailable, due to her actions, and custom she created and which was known to Administration.

36. Plaintiff is fully aware of the Prisoners Litigations Reform Act, and knows how to exhaust administrative remedies, and any claims by defendants requesting any dismissal of plaintiffs claim for failure to exhaust administrative remedies, should be disregarded by this honorable court, and plaintiff attempted to grieve, and exhaust each and every issue raised within this claim with no success.

This is plaintiffs sworn affidavit of the way the IGRC system is ran within Fishkill Correctional Facility.

INCIDENT#_2

37. Plaintiff has been incarcerated since 1-10-15 to date and, D.O.C.C.S is fully aware of plaintiffs medical and disability which is on file within D.O.C.C.S records.

38. While plaintiff was incarcerated at Rikers Island Correctional Facility, that facility had refused to accommodate plaintiffs request for an EGG CRATE( A Supportive Padding), or extra mat, to assist plaintiffs severe medical issues regarding plaintiffs back.

39. Plaintiff then filed a Federal Civil Rights Complaint under section 1983, and Americans with Disabilities Act title II, please see Rodriguez v City Of New York 15-CV-7943 2018 WL 1276826, Southern District Of New York.

40. Defendants agreed that plaintiff should have received a Reasonable Accommodation for an EGG CRATE, due to plaintiffs disability, and medical condition, and a settlement was reached in plaintiffs favor.

41. At all times Defendants was aware of plaintiffs medical condition and disabilities, with documentation, and medical records within the custody of D.O.C.C.S and in Fishkill Correctional Facility.

42. Plaintiff was transferred from Five Points Correctional Facility from Rikers Island, and an application for Reasonable Accommodation was made, and approved by Five Points Correctional due to plaintiffs medical history, and disabilities, see (Exhibit F).

43. The bed frames used within the department of correctional

are metal(Steel), with no support of any kind, and the mats give out to inmates also have no support, and are almost paper thin, and the courts have been ruled that these mats used for long periods of times are unethical, inadequate, and prolong use especially by inmates with medical conditions or disabilities can rise to the level of cruel and unusual punishment.

44. Plaintiff was transferred to Fishkill Correctional Facility on or about the end of 2019, and a Reasonable Accommodation request was made a number of times, and all was denied by defendant M. Sullivan-Davachi see (Exhibit G).

45. Plaintiff quickly filed a grievance following all the steps of Directive 4040, and P.L.R.A, and as usual ignored or denied.

46. Plaintiff then started to make multiple sick call request, before being seen, and when plaintiff seen ms Sullivan, plaintiff brought all the medical records, and case law regarding the issue, and ms Sullivan stated " I dont give out EGG CRATES or EXTRA MAT Passes because I dont think they help out".

47. I then explained to her fully the extent of my medical condition, and disabilities, but she refused to honor anything, and I then stated to her "how can you make that assumption when your not an expert in that field of medicine" and she then stated "well if you dont like the way I handle things then you can write a grievance", knowing fully well that grievances mostly dont do anything to assist inmates within this facility.

48. Plaintiff then filed a grievance against ms Sullivan, and medical following all the steps of Directive 4040, and the

P.L.R.A with no resolution of any kind.

49. Plaintiff also wrote letters to the administration, and the Deputy of Health Akinyombo Akinola Franci, and Dep Woods, both being told personally as well with no resolution of any kind.

50. Multiple sick call request was made once again, and when plaintiff finally got called to be seen, once again seen Akinyombo explaining things fully, and he stated "Ill look into it", but nothing was done.

51. When plaintiff went to see the sick call nurse after regarding the extreme pain and suffering due to being forced to sleep on the mat with no support, she called ms Sullivan, and I was sent to her office.

52. Plaintiff told ms Sullivan that I needed to be put back on my pain medication Gabapentin about 2400mg, but she told me "we dont give out that medication in this facility", and she then prescribed me Meloxican which did nothing at all to help with the pain.

53. After multiple sick call request made again before being seen by ms Sullivan, plaintiff explained the medication wasnt helping, and requested to be seen by pain management, and a Back Brace to help with the pain.

54. It took plaintiff almost about a year to see pain management and get a back brace, and when the pain management doctor seen me he stated "Why havent you been getting your pain medication", I then explained fully how medical at Fishkill is inadequate, and provides below minimum standard of care, and he stated " well you should get

your medication and even stronger, Ill write it up", but when plaintiff seen ms Sullivan again she refused to give me any of the medication referred by the pain management doctor, and instead provided a cream Diclofenac Sodium topical Gel 1%, which did nothing to help with the pain.

55. This complaint isnt a complaint on the medication provided but the Deliberate Indifference the defendants did to plaintiffs severe medical condition, and disabilities in refusing to grant a Reasonable Accommodation, and failure to provide the proper medication to a pre diagnosed condition, providing below minimum standard of care in direct violation to plaintiffs Federal Civil Rights causing cruel and unusual punishment, and violating plaintiffs American with Disabilities Act Title II rights.

56. Since plaintiff entered Fishkill Correctional todate, defendants knew and disregarded the severe infliction of unwanton infliction of pain and suffering that was clearly apparent, and failed to remedy a wrong that they knew was occurring, and by not granting plaintiffs request for a Reasonable Accommodation violated plaintiff civil rights, and caused plaintiff to suffer extreme pain and suffering deliberately and was indifferent to plaintiffs medical condition and disabilities, that affected plaintiff mentally, and emotionally causing injury with a prior showing of physical injury that was more than "DE MINIMIS".

57. Due to plaintiffs actions, failure to act and Deliberate Indifference to plaintiffs medical, and disabilities plaintiff suffered extreme pain and suffering, loss of sleep, depression, weight loss, and was unable to attend recreation, breakfast due

to the pain, and suffering upon waking up, was denied a program, service or activity, also causing mental, and emotional damages due to defendants Deliberate Indifference to plaintiffs serious medical needs.

58. Letters written to Administration, superintendent BURNETT, and the Dep of Health AKINYOMBO was ignored, all of whom failed to adequately train, investigate, and insure this custom of care provided by ms Sullivan, and the health care staff was put to a stop, and they was all put in direct notice both directly, and indirectly via letters, failing to remedy a wrong, and act while in a position of authority to act, which was a Direct Deliberate Indifference to plaintiffs medical care, and disability, causing extreme pain and suffering.

59. This is a sworn testimony of the standard of care given to plaintiff while incarcerated at Fishkill Correctional Facility, as well as other inmate please see (Exhibit H).

INCIDENT# 3

60. On 12-31-21 officer Gibbons Alexandra Ayana worked my housing unit 9-1, which is located within the main, and the moment she started working, it was apparent that she was very upset, distraught, irritated, and was acting in an unprofessional manner, by being extremely disrespectful to the inmates within the housing unit.

61. On 12-30-21 multiple officers (C.E.R.T) came into my housing unit, and immediately started to assault multiple inmates(7), myself included, for no probable cause but for the intent of harming us, and I was severely injured see(Exhibit I)

62. When ms Gibbons walked around the dorm, and reached my cubical I was laying down on my bed, with my foot raised in a bandage wrapped up, as well as my wrist due to the injuries from the brutal assault the day prior, and it was clearly apparent I was injured, and in pain.

63. She looked at me, hissed and seen I was using two mats because it was medically necessary, and she yelled at me saying "GET THAT MAT OFF YOUR BED NOW"; and I tried to explain to her that when I went to medical there was no room in the ICU, and the nurse told me to use an extra mat to help, but she said "I dont care who said what, get it off now".

64. I got up off the bed in severe pain and informed her due to the injuries C.E.R.T caused I need help, she then stated "I read the log book, and know what happen yesterday, and I dont care", and started to put on her gloves.

65. I started to have severe anxiety, and told her I need my neighbor to help me, but she entered my cubicle, and started

tossed my mat to the floor.

66. I then tried to explain to her that she was taking the wrong mat leaving me with a ripped up paper thin mat, and she stated "You had your chance now Im taking which ever one I want"

67. As I tried again to tell her the seriousness of my injuries she turned to me, and told me to come with her, taking me outside the dorm into the hallway and said " now you stand here and stare at the wall until Im done", I then told her my injuries to my foot wont allow me to stand she said " I dont care, you stand there staring at the wall or Ill pull my pin, and make sure you get really hurt"

68. It was then that I complied due to the traumatic event that happen the day prior, and stood with my nose touching the wall staring at it.

69. After 20 minutes of waiting due to the pain I fell down hitting my head, and injuring my head, neck, back, wrist and ankle severely injuring myself further due to officer Gibbons direct indifference to my medical condition, in retaliation to me making claims of filing suit against her co workers for what they did to me.

70. some of the inmates within my unit seeing me fall down in the hallway see (Exhibit J), alerted ms Gibbons to what happen, and she came seeing me injured she pulled her pin, and a code green (Medical Emergency) was called, and medical came and had to wheelchair me to medical.

71. At medical I received as usual below the below minimum

standard of care, being only one crutch, and sent back to my housing unit, but an injury report was made see (Exhibit K).

72. When I got to my cubical all my property was thrown on the floor, and some damaged including my legal documents, and I found out that ms Gibbons was not only retaliating against me but was in a bad mood because she had to do overtime and it was New Years Eve, so she was taking out her anger on me, being malicious Indifferent to my medical condition and disability, and did so with intent and in bad faith, and I filed a civil complaint against her under civil service law 75(1)(2)(3) see (Exhibit L), and a grievance was filed following all the steps pier directive 4040, and P.L.R.A which was completely ignored, and this is a sworn testimony of the events that had occurred that day.

INCIDENT # 4

73. Plaintiff arrived at Fishkill Correctional Facility on or about the end of 2019, and was moved to the facility as a preference Transfer to attend the College program, and plaintiff filled out the application to NYACK college.

74. Plaintiff was called down to the school building, and took the entry exam as well as filled out the essay, which was simple for plaintiff to fill out because plaintiff was a high school graduate with honors in the late 90s.

75. All of plaintiffs school records are within the custody of the D.O.C.C.S, and after filling out the application plaintiff waited weeks for a response, and wrote to the school supervisor, whom wrote back saying " although you did well on the exam there was no room left to place plaintiff into college, and plaintiff had to wait for the next semester".

76. Plaintiff waited for the next entry exam, and doing everything as previously states with the same results, and plaintiff then wrote to the superintendent inquiring why plaintiff was not being accepted into the college program.

77. Plaintiff received a letter back see (Exhibit M), and was informed on the letter that because plaintiff was disabled plaintiff could not attend the college program.

78. Plaintiff immediately wrote a grievance stating that plaintiff was being discriminated against due to plaintiffs disability status, and there was multiple inmates within the program with medical conditions, and that the facility was in direct violation to the Americans With Disabilities Act Title II, and section 504 of the Rehabilitations Act.

79. Attempts to resolve this discrimination, and denial of being able to attend a program, service or activity that the facility offers to other inmates with no success, and plaintiff seeing the Dep supt for program mr woods within the housing unit informed him fully of the incident, he stated "Ill look into it", but did nothing to assist in any way.

80. Letters to the Administration asst dep supt. of program mr Gonzalez, Academic supervisor ms Mulligan, Superintendent Burnett, all went unanswered and the issue ignored, and all defendants was on full notice of plaintiffs issue, but all was deliberately indifferent to plaintiffs medical condition and disabilities, as well as their violation of plaintiffs Civil rights under State and Federal Constitution as well as the ADA title II, and 504.

81. Plaintiff attempted to exhaust administrative remedies in accordance to directive 4040, and the P.L.R.A with no resolution, and these allegations are a sworn testimony of plaintiffs Discrimination and violation of State and Federal civil rights, as well as the ADA title II and Rehabilitations Act 504.

INCIDENT # 5

82. Upon plaintiff arriving at Fishkill Correctional Facility it was clearly apparent that the facility was an old prison with deplorable, and sordid conditions, with a hostile environment because of lack of cameras unlike plaintiff last facility Five Points which had numerous cameras, making acts of violence less likely to occur, by both inmates, and officers alike.

The housing unit plaintiff was first housed in was 6-2 main, which mad multiple health code and building violations, and is now currently shut down, and the housing unit plaintiff now resides in is 9-1 which also had multiple issues that puts inmates health and safety at jeopardy.

83. The housing unit plaintiff is in as well as all the housing units, it has problems with the lighting, plumbing with leaking pipes especially in the bathroom making puddles of water, soiled light shields, broken windows, clogged ventilation in the kitchen, and shower, cracked walls, and ceilings exposing asbestos, cracked floors that are also worpped.

84. the bathroom is decrepit with mildewed walls and ceilings as well as the showers, with deteriorated asbestos insulation, an absence of vacuum breakers, sewage treatment deficiencies, stained walls, floors and ceilings, with antiquated water supply system throughout the facility.

85. There is rodent and roach infestation, dilapidation, and directly attached to the main building is a condemned building.

86. There are no cameras in the main building or 21A which houses the inmate population leading to an increase of violence among inmates, and assaults by officers on inmates.

87. Mats given to inmates to sleep on are stained, broken and

old giving no support, and are unusable.

88. There is a constant shortage of hygiene products, and the tissue that the facility is suppose to provide inmates are always a shortage, and those same tissues the facility puts on commissary so inmates are forced to buy these items that are supposed to be supplied free, and the toilets constantly leak, get clogged, and sewage waist consisting of urine and feces are mixed within the leakage, as well as many toilets, and showers are inoperable within the unit.

89. Cleaning materials such as mops are never new, and are constantly washed, and reused making them inefficient to clean with, and are damaged, as well as brooms, and toilet scrubbers.

90. The dorm is infested with roaches and mice that is so severe they are in everything, and mice droppings are clearly apparent, ruining plaintiff commissary, and package food products, especially the kitchen and living areas.

91. Within the facility there are countless cats that are feral which the correctional officers feed constantly, and they carry fleas as well as ticks that get into the facility living area, as fleas as well as ticks that get into the facility living area, as well as raccoons.

92. Request for maintenance repair rarely get answered as well as the pest control person who rarely comes, and when he does he does a horrible job placing a few drops or roach poison, and a few sticky traps, nothing more, and plaintiff wont see him again till the issue is grieved by multiple inmates.

93. Letters to the superintendent is ignored, and plaintiff grieve

the issue following all the steps of the IGRC and P.L.R.A with no resolution

94. This is a sworn testimony of the condition of confinement within Fishkill Correctional Facility, see (Exhibit N)

## INCIDENT # 6

95. While plaintiff was incarcerated at Fishkill Correctional Facility, multiple attempts was made to go to the law library, which consisted of filling out a request form, and having to wait weeks to be placed on a call out.

96. Every other facility plaintiff had went to, all that had to be done to get to the law library was to request it on the go around, or mark it on the movement board, but not at Fishkill.

97. All most everything at Fishkill is done differently than any other facility, making things harder from accessing the law library to going to sick call

98. When plaintiff finally got on the call out to go to the law library, once again plaintiff experience many issues such as lack of supplies, such as request for typing paper, pens, envelopes, manila envelopes, white out, correction tape, motions, rule and directives etc, was in severe short supply or not available at all, for prolong periods of time.

99. A request for copies was always denied by the law library officer ms Dinkins against the Directive stating an advancement can be made to inmates for copies, meanwhile this directive was never honored by officer Dinkins refusing to allow plaintiff to make the copies needed intentionally interfering with access to the court.

100. Plaintiff grieved the issue, and just like with every other grievance nothing was done to remedy the wrong, even when the directive stated otherwise, and letters was submitted to Administration, and the superintendent about her actions, and failure to act.

101. The policy that Fishkill C.F implements is inmates must fill out a disbursement, and would have to wait weeks to receive the pink slip(disbursement copy), and then plaintiff can go to the law library to make copies, but must then wait weeks to get put on a call out, all steps that impede, frustrate and is inadequate.

102. Currently due to all the complaints made on ms Dinkins, her actions, and failure to act she was removed from the law library but not prior to her impeding plaintiffs attempt to access the court, and a non-frivolous claim was impeded see (Exhibit E).

103. After plaintiff submitted a grievance following all the steps, and when receiving no response or resolution plaintiff then started filling out request to get to the law library to have the notice of intent to file a claim notarized, plaintiff waited weeks with no success, and the time frame to file a notice to file a claim had expired.

104. Plaintiff then wrote letters to the law library inquiring on what plaintiff should do next with no response.

105. Pier directive the law library is suppose to provide some type of legal assistance, but didnt.

106. Plaintiff after many letters was finally granted special access to the law library, and every time plaintiff goes to the law library there is something vital needed, and not available for example its been months since the law library had carbon paper, which is vital to make copies because plaintiffs current funds are limited, and copies would amount to a significant amount.

107. Plaintiff had attempted to grieve all these issues with no success following all the procedures to Directive 4040, and the P.L.R.A with no resolution of any kind, and still to date the law library is severely inadequate, and letters to the Administration does nothing to rectify the problems, all being done so in bad faith, and purposely to impede plaintiff as well as other inmates attempts of accessing the court see (Exhibit O), these are plaintiff sworn testimony of the inadequacy at the law library within Fishkill Correctional Facility.

INCIDENT # 7

108. When plaintiff arrived at Fishkill Correctional Facility, Defendant was in possession of all of plaintiffs medical records, and was in full notice of plaintiffs Disabilities.

109. When plaintiff was denied a Reasonable Accommodation request for an EGG CRATE or EXTRA MAT PASS, and was denied plaintiff started experiencing extreme pain, and suffering, and multiple medical sick call request was made and ignored see (Exhibit P).

110. request to be placed back on plaintiffs medication was denied by plaintiffs medical provider  ms SULLIVAN, and multiple letters to administration personnel mr AKINYOMBO AKINOLA FRANCI, whom plaintiff informed personally was ignored.

111. The defendants showed deliberate indifference to plaintiffs medical needs, and grievances only had defendants take adverse positions to plaintiffs medical needs.

112. Plaintiff use to have a tens unit which Defendant ms SULLIVAN took away from plaintiff stating "That tens unit is not suppose to be used for a prolong period of time", see (Exhibit Q), and plaintiff explained to ms SULLIVAN that the medication she prescribed did nothing to help with the pain and suffering and that the tens unit was the only thing helping but she refused to listen, and ordered plaintiff to turn it in which plaintiff did.

113. Plaintiff condition worsen, and request to get physical therapy was ignored, and request to be placed back on plaintiffs original medication GABBAPENTIN 1600mg was denied, ms SULLIVAN stating clearly that she does not prescribe that medication to inmates.

114. Plaintiff prior to being incarcerated was on heavy pain

(27)

killers due to the severity of plaintiffs medical and disability condition, and at all times defendants refused to place plaintiff on any of those medications even though plaintiff was on them in the past for example morphine 30mg.

115. When plaintiff was assaulted by five officers on 12-30-21, and when defendant GIBBONS ALEXANDRA AYANA, retaliated against defendant on 12-31-21, causing plaintiff to get severely injured, medical took 12 hours to see plaintiff that day see (Exhibit R), and prescribed no medication.

116. When plaintiff seen defendant ms SULLIVAN she stated "your on Diclofenac Sodium Topical Gel 1%, you can use that for the pain", plaintiff fully explained that the cream does nothing to help with the pain but ms SULLIVAN refused to prescribe anything stronger, and ms SULLIVAN is only a NP, and never once in all the time in Fishkill Correctional never once seen a doctor, or a medical personnel qualified to assist plaintiffs medical condition or disability.

117. The D.O.C.C.S is well known for providing the least expensive treatment possible to save money, and cares little of the pain and suffering inmates endure, and far to often deny inmates the proper medication, and medical care needed see (Exhibit S).

118. Defendants at all times was Deliberately Indifferent to plaintiffs medical condition, and Disability, denying REASONABLE ACCOMMODATIONS, and proper medication, including therapy, knowing full well that plaintiff was and would suffer extreme pain, and suffering, and did nothing to help or assist in any way providing

below minimum standard of care, and their actions and failure to act was done in bad faith, and with malicious intent, as a form of retaliation for plaintiff grieving defendants failure to remedy a wrong they new of, and created.

119. Administration was at all times aware of medical and defendants lack of proper medical care because plaintiff wrote letters, and informed them personally of what was going on with medical, such as defendant AKINYOMBO and superintendent BURNETT, failing to supervise and ensure a custom created by medical staff was remedied, and plaintiff grieve all the issues fully following all the steps of the IGRC with no resolution or assistance of any kind.

120. Plaintiff has been incarcerated in a number of facilities and has never seen as much corruption, deliberate indifference and complete disregards to inmates health and safety as plaintiff has seen here at Fishkill Correctional, as well as officers physical abuse on inmates, and plaintiff is in hopes and prayer that this 1983 claim against defendants could shed light on the corruption within this facility.

121. this is a sworn testimony of the lack of medical care given to plaintiff at Fishkill Correctional Facility.

## CAUSE OF ACTION INCIDENT # 1

Defendant(s) are being sued in both their individual and official capacities for the violation of Plaintiffs Federally Protected Constitutional Rights Under The

First Amendment

fifth Amendent

Sixth Amendment

Eighth Amendment

Fourteenth Amendment

Due Process Clause Under the Fifth & Fourteenth Amendment

Equal Protection Clause Of The Fourteenth Amendment

P.L.R.A 42 U.S.C 1997e(a)

122. The Prison Litigation Reform Act (P.L.R.A), is a federal law that significantly affects section 1983 claims, and all of the P.L.R.A requirements must be completed prior to beginning any lawsuit as an incarcerated individual.

123. The need to exhaust all the administrative remedies available, such as grievances, and appeals are detrimental to any suit, for failure to exhaust could have complaints dismissed see (Booth v Churner 532 U.S 731, 741,121 S.CT 1819, 1825,149 L.ED 958, 967,(2001).

124. Defendant ms Sally A. Reams is the inmate grievance program supervisor, and is fully aware of how important it is to grieve, and is fully aware of what failure to exhaust can have, and the details of the IGP program can be found in D.O.C.C.S Directive 4040 and 4041, as well as in title 7 of the Codes, Rules and Regulations Of The State Of New York Directive 4002 describing the inmate liaison committees(ILC) concerning prisoners welfare.

125. The IGRC within Fishkill Correctional Facility is completely corrupt under ms Reams supervision, and the Administration staff is fully aware of her actions and failure to act, and allows her unlawful conduct, actions and violations to continue because it helps the facility in saving face, and disallows lawsuits to move forward.

126. They are fully aware of these violations due to vast amount of grievances, letters, and claims that has be made, yet do nothing to correct, and remedy the violations.

127. The First Amendment protects the right of people as well as inmates to petition the government, and personnel in a position

to redress the grievances made see U.S CONST, AMEND 1, stating that grievances filed through an official grievance procedure are Constitutionally protected see (Hoskins V Lenear 395 F.3d 372, 375 (7th cir 2005).

128. The First Amendment also protects communication with Official agencies and complaints addressed directly to prison officials see (Pearson V Welborn 471 F.3d 732, 741 (7th cir 2006).

129. Plaintiff written multiple Grievances, letters and request made on what to do if grievances went unanswered as well as request for the grievance policy which was ignored, denied or unanswered which is a violation see (Brengettey V Horton 923 F.3d 674, 682 (7th cir 2005).

130. The P.L.R.A says inmates must exhaust remedies "THAT ARE AVAILABLE", and if remedies are not available can proceed forward with a claim without having to exhaust see (Abney v Mcginnis 380 f.3d 663, 667 (2d cir 2004).

131. A remedy is available if it has any authority to provide any relief or to take any action whatsoever in response to a complaint, and the provision clearly does not require a prisoner to exhaust administrative remedies that do not address the subject matter of a complaint see (Snider V Melindez 199 f.3d 108, 114 (2d cir 1999) see also (Exhibit C).

132. Prisoners are also not required to file a grievance on any matter the inmate grievance procedure would not address or on a matter that cant be remedied see (Mcgrath V Johnson 67 F.supp 2d 499, 510-11(E.D.Pa 1999).

133. If inmates are told that an issue cant be grieved or resolved by the IGRC or staff then exhaustion is excused see (Davis V Frazier 1999 WL 395414 *4 (S.D.N.Y June 15, 1999).

134. The IGP falls within the P.L.R.A, and is a provision of the United States Code that address Civil Rights Litigation, and in Forma Pauperis proceedings, and the Sixth and Fourteenth Amendment involve Access to the Courts, and Due Process Clause.

135. Plaintiff has shown with Affidavits, Exhibits and Sworn Testimony that reasonable attempts were made to exhaust, and was unsuccessful see (Lane V Doan 207 F.supp 2d 212 W.D.N.Y 2003) and under New York State Exhaustion requirement the grievance procedure states that it is "Intended To Supplement Not Replace Existing Formal or Informal Channels Of Problem Resolution see (Marvin V Goord 255 F.3d 40, 43 n.3 (2d cir 2001) see also (Gibson V Brooks 335 F.supp 2d 325, 331-34 (D.CONN 2004).

136. Inmates knowing that threats of violent reprisals or were told of violent reprisals occurring due to attempts to grieve can also render administrative remedies unavailable or other wise justify an inmates failure to exhaust see (Stanley V Rich 2006 WL 1549114 *2 (S.D.Ga June 1).

137. When grievances gets no response then plaintiff had exhausted see (Brookins Vogel 2006 WL 3437482 *3 (E.D. Cal Nov.28,2006), and when there is non responses or a grievance is ignored then remedies are unavailable see (Lewis V Washington 300 F.3d 829, 833 (7th cir 2003).

138. When plaintiff received no decision on any grievance, appeal and written IGP on what to do next, and failure to respond

or answer rendered exhaustion requirement filled see (Brengettcy V Horton 423 F3d 674, 682 (7th cir 2005).

139. Multiple attempts were made by plaintiff to grieve issues and exhaust but was not replied to then exhaustion was made see (Lane v Doan 207 F.supp 2d 212 (W.D.N.Y 2003).

140. Ms Reams being the supervisor of the IGP has used her authority, and position as a form of denying plaintiffs right to grieve and access the court and by failing to follow her duties has violated plaintiffs Constitutional Rights under the First Amendment as well as others, and defendant is in direct violation to the code of ethics which prohibits IGRC members from preventing a prisoner from filing a grievance, and improperly disclosing confidential information violating the Code Of Ethics as a member staff, and a member of the staff is suppose to have a tactful attitude, with working knowledge of her duties as well as awareness of their responsibilities under the IGP which me Reams is in full violation of, as well as her superiors, in ensuring there staff is in accordance with the rule, procedures and directives in place of the D.O.C.C.S

141. Section 1983s first requirement is that a plaintiff must show that your constitutional State or Federal statutory rights were violated by a person, city or municipality, and ms Reams is a person employed by the Department Of Corrections, and Directly participated in the wrong as well as created a custom that allowed the wrong to occur.

142. The second requirement is that the person who violated plaintiffs rights was acting under color of State Law, and was

acting under the states authority, and ms Reams was at all times an employee of a state prison at Fishkill Correctional Facility, and the third requirement is that the person plaintiff is suing have deprived plaintiffs right, and or privilege under the Constitution and or Federal Statutory Right, which ms Reams has violated plaintiffs rights under the First, Sixth, and Fourteenth Amendment including the Federal Statutory right of the P.L.R.A 1997 e(a).

143. The following defendants was informed of ms Reams actions personally and with letters as well as multiple grievances made by both plaintiff and other inmates which plaintiff has included in the sworn affidavits provided as exhibits, her superiors whom all had personal knowledge of Reams actions, failure to act, and violations allowed the wrong to continue, and was told personally by plaintiff when they walked through the facility dorms, being defendants Deputy Supt Admin Sharon L, Frost, Deputy Supt Program John F, Woods and Superintendent Edward R, Burnett.

CAUSE OF ACTION INCIDENT # 2
_____

Defendant(s) are being sued in their Individual and Official Capacities for their Violations Of Plaintiffs Federally Protected Civil Rights Under The Americans With Disabilities Act Title II 12132 and 12133 and The Rehabilitation Act 504

 Including 42 U.S.C 1983 Under The

Eighth Amendment

144. The Americans With Disabilities Act Title II, as well as The Rehabilitation Act 504, states that a prisoner with disabilities or handicaps are protected by both the constitution under State and Federal Statutes, and prison regulations may also provide some protections for disabled prisoners.

145. Constitution protections under the Eighth Amendment, case law has stated that prison officials must meet the medical needs of prisoners with disabilities, and furnish the assistance that they require in order to live a minimally decent life in prison see (Ruiz V Estelle 503 F.supp 1265, 1345 (S.D.Tex 1980), and denial of physical therapy to those who require it is a violation of their Civil Rights see (Miller v King 384 F.3d 1248, 1261-62 (11th cir 2004).

146. Prisons are subjected to a limited Eighth Amendment obligation to make prison facilities accessible to inmates with disabilities (Ruiz V Estelle 503 F.supp 1265, 1345 at 1346), and negligent failure to place a prisoner with neurological problems in a suitable facility or program can lead to cause of actions see (Muhammad V U.S 6F supp 2d 582, 594-95(N.D.Tex 1998).

147. Discrimination against prisoners with disabilities may deny equal protection of the law if there is no rational basis for there actions, and the Federal Disability statues Under the ADA Title II and Section 504 of the Rehabilitation Act 29 U.S.C 794 applies to prisoner see (Crawford V Indiana Dept Of Corrections 115 F.3d 481, 486 (7th cir 1997).

148. Courts have heard claims under these statutes and in some cases "GRANTED SIGNIFICANT RELIEF", if defendants knowingly

Case 1:22-cv-02198-LTS   Document 2   Filed 03/16/22   Page 38 of 175

violated prisoners rights see (Bane V Virginia Dept Of Corrections 267 F.supp 2d 514, 520 n.2 (W.D.Va 2003).

149. Evidence that defendants excluded prisoner from a participation in some program supported a claim under the ADA see (Rouse V Plantier 997 F.supp 575, 582 (D.N.J 1998), and Title II of the ADA "public entity" section provides that "No qualified individual with a disability in or shall be denied the benefits of the SERVICES, PROGRAMS or ACTIVITIES of a public entity or be SUBJECTED TO DISCRIMINATION by any such entity see 42 U.S.C 12132(1)(b) see also (Thompson V Davis 295 F.supp 890, 897-98 (9th cir 2002).

150. Prison officials had excluded Plaintiff from attending a program because of his disability violating the ADA see (Exhibi M) and see also (Mitchell v Massachusetts Dept Of Correction 190 F.supp 2d, 204, 212 (D.Mass 2002), and the disability statutes require that a prisoner can not be excluded from or denied the benefits of a service, program or activity, which defendants did to plaintiff by denying a Reasonable Accommodation for an EGG CRATE, or EXTRA MAT PASS, as well as denying plaintiff the opportunity to enter the COLLEGE program because of plaintiffs disability see (Exhibit G and M).

151. To show exclusion from or denial of the benefits of a service, program or activity plaintiff must show one of several things (1) Disparate treatment, meaning intentional discrimination and requires a showing that hostility towards disable persons was a significant factor in the defendants actions under the ADA or Rehabilitations act 504 (2) Disparate

(38)

impact meaning the application of facially neutral standards that have an unlawful discriminatory effect upon a protected class (3) Failure to make REASONABLE ACCOMMODATIONS for plaintiffs disability(42 U.S.C 12131).

152. Plaintiff has shown with the exhibits and claims within this Federal Civil Rights Complaint that defendants violated one or all of these standards especially (3) for failing to provide Reasonable Accommodations that in no way had a rational basis for their actions, and Accommodations are deemed unreasonable only if they impose undue financial and administrative burdens which plaintiff request in no way did see also (Southeastern Community College V Davis 442 U.S 397, 412, 99 S.ct 2361, 1979), or require a fundamental alteration in the nature of the program, which plaintiff request to enter into the college program would have in no way created.

153. Thus under both these statutes defendants can be required at least to some degree to change the way they operate, change physical structures, provide affirmative assistance so that the disable person can have access to their program, service and activity see (Gorman V Easley 257 F.3d 738, 751 (8th cir 2001).

154. A plaintiff does not have to show disparate treatment or disparate prisoner does not have to be completely excluded from a service, program or activity to have a claim, and it is enough if access is made unusually difficult, painful or dangerous by failure to accommodate see (Schmidt V Odell 64 F.supp 2d 1014, 1033 (D.Kan 1999).

155. Plaintiff is Fully disable with limited use of the right

are with nuerological issues as well, and defendants denied
plaintiff Reasonable Accommodations, as well as plaintiffs
request to be placed into the college program intentionally
discriminating against plaintiff meanwhile the college program
had inmates with both disability and medical conditions, and
plaintiff strongly feels this denial was done as a form of
retaliation for plaintiffs writing of grievance and multiple
letters to the administration.

156. Defendants knew of plaintiff disability and failed to
compensate plaintiff in any way or assist, and at all times
defendants was aware of plaintiff disability, request and denials
and did nothing to help, all while in possession of plaintiffs
medical record.

157. Plaintiff attempted to get assistance writing a grievance
with no resolution and letters written to the administration went
unanswered, and all of plaintiffs request to be put on proper
medication, and even physical therapy request denied by the
medical provider ms Sullivan and the dep of health Akinyombo did
nothing to assist.

158. Defendants actions and failure to act has violated
plaintiff ADA title II rights as well Discriminated against
plaintiff, along with retaliation against plaintiff for writing
grievances, all in violation of plaintiffs Federally protected
rights under the nature of actions plaintiff has moved forward
with.

CAUSE OF ACTION INCIDENT # 3

Defendant(s) are being sued in both their individual and official capacities for the violation of Plaintiffs Federally Protected Constitutional Rights Under The

Fifth Amendment

Eighth Amendment

Fourteenth Amendment

P.L.R.A 42 U.S.C 1997e(a)

159. Defendant(s) GIBBONS ALEXANDRA AYANA actions against plaintiff was a Direct Deliberate Indifference to plaintiffs medical condition as well as Disabilities, and her actions was direct retaliation against defendant, all done with a CULPABLE STATE OF MIND.

160. Defendant Knew that her actions would cause plaintiff to suffer the extreme unwanton infliction of pain and suffering, doing so while plaintiff was suffering severe medical issues, and her action contributed to plaintiff having severe injuries to the head, neck, back, leg, knees, and ankle as well as exasperating already existing injuries.

161. Often times there is no direct evidence of a retaliation claim so prisoners must rely on circumstantial evidence see (Bennett V Goord 343 F.3d 133, 138-39 (2d cir 2003), but plaintiff has provided sworn affidavits, and documentation as exhibits.

162. Types of evidence that have been found to support retaliation claims include the suspicious timing of the adverse actions shortly after the prisoner has made a complaint or filed a grievance which plaintiff did both of immediately after plaintiffs incident described within the complaint see also (Mays V Springborn 575 F.3d 643, 650 (7th cir 2009).

163. Adverse actions that is based on flimsy or suspect evidence can still constitute a retaliation claim see (Bruce V Ylst 351 F.3d 1283, 1288 (9th cir 2003), and departures from usual prison procedures in actions against the plaintiff is a violation see (Cornell V Woods 69 F.3d 1383, 1388-89 (8th cir 1995).

(42)

informing the Superintendent with a copy of the complaint with no response and so plaintiffs is moving forward with this Federal Civil Rights Complaint against Defendants for failure to supervise an employee, correct a wrong that was done and to insure this type of behavior and action which is a constant issue within Fishkill Correctional Facility is put to a stop.

164. Courts have held that retaliation for expressive activity will be upheld if it satisfies the Turner V Safely standard by being reasonably related to Legitimate Penological Interest which defendants actions were not see (Rhodes V Robinson 408 F.3d 559, 567-68 (9th cir 2005), meaning the expressive activity was not really protected in light of the limits on the First Amendment rights of prisoners.

165. Defendant acted maliciously and intended to cause plaintiffs harm which was severe and serious, and in no way was necessary under the circumstances, and the excessiveness of defendants actions was a violation of the Eighth Amendment as well see (Hudson V Mcmillian 503 U.S 1, 6, 112 S.ct 995, 998-99, 117 L.Ed 2d 156, 165 (1992).

166. The defendants action was in bad faith, malicious and sadistically, intended to cause plaintiffs injury, and was a violation of the Eighth Amendment, and was a form of discrimination against plaintiffs disabilities and medical condition.

167. Defendant caused a Substantial Risk to Plaintiffs Health and Safety, and Knew about the Risk and was Deliberately Indifferent to plaintiffs medical and disability condition and at all times had the intent to cause harm, and her action caused plaintiff severe mental and emotional injury with a prior showing of injury see (Exhibit T)

168. Plaintiff filed a grievance about her actions and followed all the steps of the IGP with no response, and plaintiff even filed a Civil Service Law Complaint 75(1)(2)(3) due to the seriousness of defendants actions and Plaintiffs injuries

CAUSE OF ACTION INCIDENT # 4

Defendant(s) are being sued in both individually and official capacities for the violation of Plaintiffs Federally Protected Constitutional Rights Under The

Americans With Disabilities Act Title II

Rehabilitation Act 504

Equal Protection Clause Of the Fourteenth Amendment

169. Plaintiff constitutes with the issues described within this Federal Civil Rights Complaint that Defendants Knowingly at all times Discriminated against plaintiff due to his disabilities and medical condition see (Exhibit M), a letter inquiring why plaintiff has not been accepted into the college program or puppy program despite having an exceptional disciplinary record and meet all the standards of qualifications, including taking the college exam a number of times doing exceptional as well in both the essay and question test, and the letter sent to the Superintendent Burnett, was sent to Administration personnel stating that "Thank you for your interest but due to my medical/disability I am unable to program", making it clear that I was being denied a program and discriminated due to my medical and or disability.

170. The Americans with Disabilities Act Title II and Rehabilitation Act 504 make it clear that prisoners can not be discriminated or denied a program, service or activity due to a medical condition and or disability which defendants clearly did.

171. Plaintiff attempted to resolve the issue writing a grievance and informing the Superintendent as well as Administration staff Dep Woods and Dep of Health Services A kinyombo with no assistance of any kind.

172. Plaintiff attempted multiple times to enter these programs with no success and if plaintiff would have had a chance to enter these programs could have earned the EARNED ELIGIBILITY PROGRAM, time credit to allow plaintiff to be Conditionally Released six months earlier but since was denied and discriminated against was

unable to having to do a longer prison sentence.

173. Plaintiff is an individual with a disability, and was well qualified to enter into any of the programs available to earn the Earned Eligibility Credit time but was discriminated against, and their is a number of prisoners within the Department Of Corrections that have a Disability or Medical issue, and is in these programs.

174. Plaintiff strongly feels that due to the grievances and letters written to the Administration staff (Defendants), they had purposely had plaintiff excluded from entering these programs as well because as plaintiff has stated a number of times within this complaint the staff at Fishkill Correctional Facility are corrupt, sadistic, and unprofessional in all manners of speaking and instead of the goal of rehabilitation has abused their position and authority in all manners of ways.

Plaintiff being allowed to enter into these programs in no way would have caused any modifications of any kind and there was no Penological Interests in plaintiffs denial and discrimination into any of these programs and all defendants mentioned within this claim was well aware of the situation and could have remedied the problem but refused to or didnt care to assist plaintiff in any way.

175. For all the reasons stated within this claim plaintiff was discriminated, denied and excluded from a program, service or activities and plaintiff now moves forward with this Complaint to ensure no other prisoner is discriminated against or denied the same opportunity as any other prisoner within D.O.C.C.S.

CAUSE OF ACTION INCIDENT # 5
_____

Defendant(s) are being sued in both individual and official capacities for the violations of Plaintiffs Federally Protected Constitutional Rights Under The


Eighth Amendment

Cruel and Unusual Punishment

For Poor Prison Conditions

176. A sanitary environment is a basic human need that a penal institution must provide for all humans see (Toussaint V Mccarthy 597 F.supp 1388, 1411 (N.D.Cal 1984), and prison must have functioning plumbing systems, operable sinks and toilets to ensure the risk of conveying water born diseases and vermin infestation do not occur see (Carty V Farrelly 957 F.supp at 736).

177. Courts have found serious deficiencies in plumbing to violate the Eighth Amendment both in individual housing units and in prisons as a whole see (Gates V Cook 376 F.3d at 341), and infestation by vermin may also violate the Eighth Amendment see (Gates V Cook 376 F.3d at 340).

178. Proximity to human waste even for relatively brief periods of time has been of serious concern to the courts in sanitation cases see (Despain V Uphoff 2621 F.3d 965, 974, (10th cir 2001), and the Deliberate Indifference standard states that officials must be shown to have known of unsanitary conditions to be held liable, which in plaintiffs claim at all times Defendants was made aware, knew and seen these conditions.

179. Prison officials can not escape their responsibilities for maintaining sanitary condition of confinements by blaming the prisoners or by ignoring the situations see (Blake V Hall 668 F.2d 52, 57-58 (1st cir 1981), and prison officials can use inmates to keep the prison sanitary yet it is still the officials responsibilities to provide adequate supplies, maintain fixtures, equipment, and ensure the cleaning activities are done by the prisoners and or staff see (Hoptowit v Spellman 753 F.2d 779, 784

(9th cir 1985).

180. State or local health or sanitation codes can be used to support unconstitutional claims of confinement see (Davis V Scott 157 F.3d 1003, 1006 (5th cir 1998), and prison official are required to provide clean clothes, bedding, toiletry, soap and toilet tissue see (Board V Farnham 394 F.3d 469, 481-82 (7th cir 2005).

181. Prison Officials must provide functioning toilets and plumbing to the population see (Fischer V Winter 564 F.supp 281, 302 (N.D.Cal 1983) and prisoners can not be kept in living conditions without the above see (Kimbrough V Oneil 523 F.2d at 1058-59.

182. Prison officials must also provide reasonably safe living and working environments for prisoners see (Helling V Mckinney 509 U.S 25, 33, 113 S.ct 2475 (1993), and in extreme cases courts may order unsafe facilities to be closed down.

183. Prisoners are entitled to living conditions that does not threaten their mental and physical well being see (Ramos V Lamm 639 F.2d 559, 568 (10th cir 1980), and alleging that unsafe conditions violate the Eighth Amendment can be supported when prison officials have deliberately been indifferent to the safety of prisoners by exposing them to dangerous conditions or toxic substances see (Herman V Holiday 238 F3d 660, 663-65 (5th cir 2001).

184. Courts have cited exposure to friable asbestos as raising constitutional questions if a genuine health hazard is possible see (Smith V U.S 561 F.3d 1090, 1094, 1105 (10th cir 2009), and

ventilation is a fundamental attribute of shelter and sanitation both of which is a basic need see (Minifield V Butikofer 298 F.supp 2d 900, 904 (N.D.Cal 2004).

185. Many courts have held inadequate ventilation unconstitutional see (Benjamin V Fraser 343 F.3d 35, 52 (2d cir 2003), and inadequate or excessive heat as well see (Wilson V Seiter 501 U.S 304 111 S.ct 2321 (1991).

186. Prison officials must repair broken windows, screens, and ventilation systems see (Benjamin V Fraser 344 F.3d at 53-54), and the forced exposure of prisoners to extreme outdoor weather conditions also violate the Eighth Amendment se (Johnson V Lewis 217 F.3d 726, 734-35 (9th cir 2000), and unrepaired windows throughout winter can state a claim see (Gaston V Coughlin 249 F.3d 156, 164-65 (2d cir 2001).

187. Extreme cold, severe discomfort with imminent threat to health can state a claim see (Dixon V Godinez 114 F.3d 640, 642-45 (7th cir 1991),and Plaintiff has been subjected to each and every one of these conditions stated above, and has even been injured due to the conditions of confinement within Fishkill Correctional Facility, and Defendants at all times knew of these conditions both directly being informed by plaintiff and by grievances that did nothing to assist in any way.

188. As plaintiff is completing this Federal Complaint the dorm has broken windows and is freezing and the Administration does nothing to assist in any way, and when inspectors come around are only taken to dorms that are considered honor dorms which is clean and has little issues yet the dorms of the population has a

vast numbers of issues in violation of plaintiff Eighth Amendment, which has caused plaintiff injury and future risk to health and safety.

CAUSE OF ACTION INCIDENT # 6

189. Law Libraries are supposed to be adequate, effective and meaningful, and must provide prisoners with pens, paper, carbon paper, notary services, etc, as well as legal assistance see (Bounds V Smith 430 U.S 817, 822, 97 S.ct 1491 (1977).

190. within plaintiffs complaint prison officials interfered with an actual injury complaint that was not frivolous, and attempts to pursue legal actions were impeded.

191. Prison officials not only frustrated, impeded and claims but did so with intent, as well as grievances being ignored and failed to remedy the wrong see (Lewis V Casey 518 U.S 343, 351-53, 116 S.ct 2174 (1996).

192. The inadequacies and restrictions caused plaintiff actual injury by causing obstacles that impaired the ability to present ones claim and grievances effectively see (Cody V Weber 256 F.3d 764, 768 (8th cir 2001).

193. Multiple times plaintiff had encountered searches that destroyed vital documents impeding access to the court see (Purkey V ECA detention Center 339 F.supp 2d 1145, 1152 (D.Kan 2004), and the system/ policy in place within Fishkill Correctional on attempting to access the law library is severely inadequate and severely delays plaintiffs attempts to access the court, and purse legal actions properly.

194. Multiple times plaintiff attempted to get assistance from other prisoners and the law library officer would intervene and the courts have well settled that prisoner can assist other prisoners especially when the law library is inadequate see (Johnson V avery 389 U.S 483, 490, 89, S.ct 747, 751, 21 L.ed 2d

718, 724 (1969), and at no time did the facility provide plaintiff assistance or documents requested.

195. The severe lack of supplies was so extreme that typing paper was not available at times as well as carbon paper which on its own is a violation see (Bounds v Smith), things were so bad that pens or pencils was not available and plaintiff with a hand, arm disability that prevents plaintiff from writing properly is a claim on its own see (Canell V Bradshaw 840 F.supp 1382, 1391, (D. Or 1993).

Grievances did nothing to correct the issue as well as letters to Administration personnel and plaintiff tried in multiple attempts informing them of the lack of supplies, notary at times, legal assistance and the fact that inmates that worked in the law library would charge a fee or not assist at all, all having no remedy.

197. Plaintiff has shown with documents within the complaint how inadequate and corrupt the Facility is and getting meaningful access to the law library to purse a valid claim would be just one of many violations within the facility and plaintiffs non frivolous claim being time barred is enough to file claim, for all the reasons stated access to the court was impeded and an adequate law library was non existence with Fishkill Correctional Facility, and this is a sworn testimony of Plaintiff.

CAUSE OF ACTION INCIDENT # 7

198. Plaintiffs claim contained facts, with documents of the lack of medical care at Fishkill Correctional Facility, as well as medical negligence and malpractice, and at all times Defendants was aware of their actions and Deliberate Indifference to plaintiffs Medical need and Disability.

199. Since prisoners cannot obtain their own medical services the Constitution requires authorities to provide them with "Reasonably Adequate Medical Care" see (Newman V Alabama 559 F.2d 283, 291 (5th cir 1978), and courts have defined adequate medical services as services at a level reasonably commensurate with modern medical science and of quality acceptable within prudent professional standards see (Fernandez V U.S 941 F.2d 1488, 1493 (11th cir 1991).

200. As a level of health services reasonably designed to meet routine and emergency medical, dental and psychological or psychiatric care see (Tillery v Owens 714 F.supp 1256, 1308 (W.D.Pa 1989), and failure to provide adequate medical care may justify an injunction or damages see (Glaus V Anderson 408 F.3d 382, 387 (7th cir 2005).

201. The fact that the medical care may be expensive does not excuse prison officials from providing it see (Harris V Thigpen 941 F.2d 1495, 1509 (11th cir 1991).

202. Prisoners who are denied adequate medical care like plaintiff within state or local institution may use 42 U.S.C 1983 to sue prison medical care providers see (West V Atkins 487 U.S 42, 108 S.ct 2250 (1988), and the supreme court has stated that Deliberate Indifference to serious medical needs of prisoners

constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment see (Estelle V Gamble 429 U.S 97, 104, 97 S.ct 285 (1976).

203. The Deliberate Indifference standard requires a plaintiff to show that the defendants had actual knowledge of an objectively cruel condition and or risk which plaintiff have stated and proven see (Farmer V Brennan 511 U.S 825, 837, 114 S.ct 1970 (1994), and a medical provider who does not treat a patient properly because they didnt realize how sick the plaintiff was or the problem was (is) medical malpractice.

204. Medical malpractice that include a misdiagnosis or non diagnosis resulting from failure to exercise ordinary knowledge, skill and care does constitute malpractice see (Coppage V Mann 906 F.supp 1025, 1040, 1049 (E.D.Va 1995).

205. If there is evidence direct or indirect that shows medical staff should have known of a medical condition then they can be help liable see (Vaughn V Gray 557 F.3d 904, 909 (8th cir 2009).

206. The same is true where non-medical personnel fail to act but there is evidence that they did know the patient was ill or at risk such as defendant Gibbons see (Estate Of Carter V City Of Detroit 408 F.3d 304, 310, 312-13 (6th cir 2005), and if plaintiff has a medical condition that could cause a serious health problem and defendants disregarded it such as plaintiff then defendants can be found deliberately indifferent see (Dominguez V Correctional Medical Services 555 F.3d 543, 550 (6th cir 2009).

207. Direct evidence of deliberate indifference can be caused by

the acts or statements of prison personnel directly demonstrated in plaintiffs claim as indifferent or hostile attitude towards prisoners medical needs is a violation see (Greeno V Daley 414 F.3d 645, 654 (7th cir 2005), and denial or delay of access to medical care, personnel, hospital or failure of medical personnel to deal with the prisoners problem or to do so timely is deliberate indifference see (Scott V Ambani 575 F.3d 642, (6th cir 2009). 208. Denial of access to medical personnel qualified to exercise judgement about a particular medical problem or whom simply lack medical qualifications like so many medical personnel within fishkill medical with inadequate training is a violation to plaintiffs rights see (Williams V Edwards 547 F2d 1206, 1216-18 (5th cir 2007).

209. Failure to inquire into essential fact that are necessary to make a professional judgement, may state an Eighth Amendment claim see (Tillery V Owens 719 F.supp 1256, 1308 (W.D.Pa 1989) affd 907 F.2d 418 (3d cir 1990), and failure of medical personnel

to ask necessary questions or take a history or failure to conduct test needed or therapy such as plaintiff is also a violation see (Comstock V Mccrary 273 F.3d 693, 709 (6th cir 2001).

210. Failure to carry out medical orders such as the pain management doctors recommendation for plaintiff involve failure to prescribe medication see (Board V Farnham 394 F.3d 469, 484 (7th cir 2005), or the failure to act on recommendations of procedures as well see (Johnson V Lockhart 941 F.2d 705, 706-07 (8th cir 1991).

2

(57)

211. Plaintiff can also receive damages for pain and suffering due to medical personnels failure to act or provide proper care see (Coleman V Rahija 114 F.3d 778, 787 (8th cir 1997) and see (Boretti V Wiscomb 930 F.2d 1150, 1154-55 (6th cir 1991).

212. The medical needs of plaintiff consist of many that had been diagnosed by physicians as mandating treatment, and it was obvious that even a lay person would easily recognize the necessity of treatment see (Brown V Johnson 387 F.3d 1344, 1351 (11th cir 2004).

213. The Eighth Amendment prohibits the unnecessary and wanton infliction of pain and defendants actions and failure to act violated plaintiffs federally protected rights deeming actions see (Estelle V Gamble 429 U.S at 104), and the courts have held that the objective evidence of pain is not necessary, when self-reporting may be the only evidence see (Hayes V Snyder 546 F.3d 516, 523 (7th cir 2008).

214. Plaintiff has provided as much testimony, sworn affidavits and documents of exhibits as proof of defendants violation of plaintiffs rights which caused the severe pain and suffering in violation to the Eighth Amendment, and denial of a Mat alone is grounds for a claim see (Moore V Morgen 922 F.2d 1553, 1558, (11th cir 1991).

Plaintiff is in hopes this honorable court grants plaintiffs request because all attempts to resolve the issues within complaint by grievances, letters and court actions has done nothing to assist, and Defendants knew their action and failure to act would cause plaintiff significant damages, pain and suffering.

(58)

CAUSE OF ACTION UNDER

The FOURTEENTH AMENDMENT 42 U.S.C 1983

AND

SUPERVISOR LIABILITY (RESPONDEAT SUPERIOR)

215. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 214, as though set fourth fully herein, that defendants, collectively and individually, while acting under color of State Law, engaged in conduct that constituted and unconstitutional customs, usages, practices, procedures, or rules Defendants and D.O.C.C.S.

216. The aforementioned customs, policies, usages, practices, procedures, and rules of Defendants include, but were not limited to, denying plaintiff prompt access to medical care, and despite knowledge of imminent Medical and Disabilities needs, denying plaintiff possession and usage of medical devices and medication under the pretense of denying plaintiffs Reasonable Accommodations under the Americans with Disabilities Act despite actual knowledge of substantial pain, suffering and future health and safety.

217. Denying plaintiff access to sanitary facilities, denying proper bedding during incarceration, denying medical services, and the confiscating of medical equipment (Tens Unit) prescribed by an authorized medical personnel absent pre-deprivation notice and hearing with respect to the seizure and destruction of non-contraband personal property with the pretense of disciplinary actions done if plaintiff did not give up a needed medical equipment.

218. In addition Defendants engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, and supervising its employees that was the moving force behind the violations of plaintiffs rights. As a result defendants failure

to properly recruit, screen, train, discipline and supervise its officers and individual defendants, the defendants had been Deliberately Indifferent to, and has tacitly authorized and ratified, the acts and conduct complained of herein.

219. The foregoing customs, policies, practices, procedures, and rules of Defendants constituted Deliberate Indifference to the safety, medical needs, and constitutional rights of plaintiff and further violated plaintiffs right to PROCEDURAL DUE PROCESS.

220. The foregoing customs, policies, usages, practices, procedures, and rules of defendants were directly and proximate cause of the constitutional violations suffered by plaintiff as alleged herein, and supervisory personnel had direct and indirect knowledge of all the issues made within complaint and failed to act and remedy a wrong they knew was going on.

221. As a result of the foregoing customs, policies, usages, practices, procedures and rules defendants implemented, plaintiff suffered serious harm, including but not limited to serious pain to Head, Neck, Back, Arm, Wrist, Leg and trouble sleeping, eating, loss of property, anxiety, nervousness, and substantial pain and suffering while being denied prompt medical care, and adequate medical care and medical services needed such as therapy.

CAUSE OF ACTION UNDER

The Americans With Disabilities Act Title II 42 U.S.C

NUMBERS 12102 and 12133

AND

SECTION 504 OF THE REHABILITATIONS ACT

222. Plaintiff incorporates by reference the allegations set fourth in paragraphs 1 through 214, above as though fully set forth herein.

223. At the time plaintiff was incarcerated at Fishkill Correctional Facility on or about the end of 2019 to date that defendants knew of, and was in possession of documentation that plaintiffs physical condition was such that I suffered from a physical impairment that substantially limited plaintiffs major life activities, including but not limited to caring for myself, eating, sleeping, walking, lifting, communicating, writing, typing, and workin.

224. These physical impairments plaintiffs suffers is life long and are impairments that constitute Disabilities under the Americans With Disabilities Act 42 U.S.C 12101, 12133 and the Section 504 Of The Rehabilitation Act.

225. Defendants were provided notice of plaintiffs medical condition and disabilities on or about January 10, 2015 and thereafter through medical records in the possession, custody, or control of Defendants and D.O.C.C.S.

226. Defendants failed to provide plaintiff with Reasonable Accommodations despite knowledge of these disabilities and fail to ensure plaintiff received adequate medical care, medication, equipment and physical therapy.

227. Defendants failed to provide for procedures by which the State employees within D.O.C.C staff might evaluate plaintiffs request for Reasonable Accommodations and improperly denied plaintiffs request without adhering to the requirements of 42

U.S.C 12102, 12133 and section 504 of the rehabilitations act.

228. As a result of defendants failure to provide reasonable accommodations and adequate medical care, equipment, medication, services and despite knowledge of custom, practices and actions caused plaintiff to suffer substantial pain and suffering and possible future health and safety causing significant harm to plaintiff in violations of the above Laws.

EQUAL PROTECTION OF THE LAW

FOURTEENTH AMENDMENT U.S CONSTITUTION

229. The Fourteenth Amendment forbids a State to "Deny any person within its jurisdiction the equal protection of the Law", and Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 214, above as though fully set forth herein.

230. All persons similarly situated should be treated alike see (City Of Cleburn Tex V Cleburn Living Center 473 U.S 432, 439, 105 S.ct 3249 (1995), and to deny equal protection, discrimination must generally be intentional such as defendants action within complaint.

231. Equal protection forbid inequality that lacks justification, and the court have required three different levels of justification in different kinds of cases and the courts have held that prisoners equal protection claims are generally governed by the "REASONABLE RELATIONSHIP", test of Turner V Safley.

232. This standard expects prison officials to come forward with the actual reasons for their policies and provide some evidence or at least experience in support of it.

233. The Supreme Court held that prison racial discrimination is subject to strict scrutiny and the principle of deference to prison official judgment does not apply to cases involving racial discrimination.

234. Numerous decisions had held intentional racial segregation such as plaintiff with discrimination that is unlawful regarding prison jobs and programs see (Dewalt V Carter 224 F,3d 607, 618 (7th cir 2000), and in discipline also in housing, without making clear what legal standards they were applying.

(66)

235. Discrimination against Disable prisoners denies equal protection if it lacks rational basis such as the case with plaintiff, being treated differently from others similarly situated intentionally without rational basis states an equal protection claim as a "CLASS OF ONE", see (Village Of Willowbrook V Olech 528 U.S 564-65, 120 S.ct 1073 (2000).

236. Defendants all knew of this discrimination and equal protection of the law violation against plaintiff both directly and indirectly and failed to remedy an issue and wrong they knew was occurring harming plaintiffs equal right to earn time credit off his sentence and to earn a college degree to better plaintiffs situation upon release.

## DEMAND FOR TRIAL BY JURY

237. PLAINTIFF HUMBLY REQUEST A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE AS A MATTER OF RIGHT AND LAW.

## PRAYER FOR RELIEF

238. WHEREFORE, Judgment should be entered in favor of Plaintiff and against all the Defendants as follows;

(A) Compensatory damages as against all Defendants in an amount to be determined

(B) Punitive damages as against the Individual Defendants in an amount to be determined;

(C) Reasonable Attorneys Fees, together with costs and disbursements, pursuant to Americans With Disabilities Act title II , Section 504 Of The Rehabilitation Act, and 1988, as well as this courts discretion

(D) Pre-judgment interest as allowed by law and,

(C) Such Other Further Relief as the Court May Deem Just and Proper.

Plaintiff Humbly Request This Honorable Court Excuse Any Errors Made Within This Claim As Plaintiff Is Pro-Se And Is Not Familiar With The Law And Rules Of Court.

RESPECTFULLY SUBMITTED BY

(68)

# Exhibit - A

Plaintiffs grievances
and letters written
at Fishkill Correctional
Facility

Ralph Rodriguez
Din # 17A0928    Housing unit 9-1 bed 20
Fishkill Correctional facility

1-20-22

IGP supervisor Ms Reams

I am writing to you because I need
a copy of all the grievances I have filed
within the facility, that have been processed
and actually filed. I have submitted a
vast amount of grievances within this facility
and mostly all of them has been ignored
and/or no resolution in my favor was made.
I am in need of this list of grievances
for litigation purposes, and am in hopes
that you send me this list.
     Thank you for your time.

Respectfully

Ralph Rodriguez

CC #1

EL

FORM 21311E (9/12)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
## INMATE GRIEVANCE COMPLAINT

Grievance No.

Fishkill _____ CORRECTIONAL FACILITY

Date: 12-31-21

Name: Ralph Rodriguez    Dept. No.: _____   Housing Unit: 9-1

Program: MI  AM  MI  PM

**(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)***

Description of Problem: (Please make as brief as possible) On the above date officer Gibbons worked my housing unit, and because I had two mattress for "medical reasons," she took me out my dorm into the hallway and told me to stare at the wall. I tried to explain to her that C.E.R.T had severly injured me and I couldnt stand but she threaten to pull her pin so I complied and after 20 minutes I fell down hurting my neck, back, head and knee. A Code Green was called, and I was sent to medical because of her malicious retaliatory intent.

Grievant Signature: Ralph Rodriguez

Grievance Clerk: _____    Date: _____

Advisor Requested  ☐ YES  ☒ NO   Who: _____

Action requested by inmate: to report her actions of negligence, retaliation and malicious intent on a fully Disabled inmate with medical limitations of being unable to stand for prelong period of time and that was prior to CERT injuring me severly, including an ankle, leg injury.

The Grievance has been formally resolved as follows:

_____
_____
_____
_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature: _____    Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

E2

FORM 21311E (9/12)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE GRIEVANCE COMPLAINT

| | Grievance No. |
|---|---|

Fishkill _____ CORRECTIONAL FACILITY

Date: 12-31-21

Name: Ralph Rodriguez      Dept. No.: _____   Housing Unit: 9-1

Program: mI      AM   mI      PM

***(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)****

Description of Problem: (Please make as brief as possible) On 12-30-21 C.E.R.T came into my housing unit and Brutally maliciously assaulted me and six other inmates. They severly injured my Neck, Back, head, knee, wrist, ankle, Ribs and head. They destroyed my legal papers as well. An officer dressed in all black Riot gear grabbed me by my neck threw me on the floor and five others jumped me and in no way was they provoked, I am fully Disable and there actions was purely malicious

Grievant
Signature: _Ralph Rodriguez_

Grievant Clerk: _____   Date: _____

Advisor Requested   ☐ YES   ☐ NO   Who: _____

Action requested by inmate: To Report there actions, and have documentation on the Record.

The Grievance has been formally resolved as follows:

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
Signature: _____   Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
An exception to the time limit may be requested under Directive #4040, section 701.6(g).

FORM 2131E (REV. 6/06)

**STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES**
**INMATE GRIEVANCE COMPLAINT**

Grievance No.

_Fishkill_
_____ CORRECTIONAL FACILITY

Date _1-9-22_

Name _Ralph Rodriguez_     Dept.No. _17A0928_    Housing Unit _9-1_

Program _Medical Idle_   AM _Medical Idle_ PM

*(Please Print or Type - This form must be filed within 21 calendar days of Grievance Incident)\**

Description of Problem: (Please make as brief as possible) On 12-30-21 C.E.R.T (Correctional Emegency Response Team) came into my housing unit 9-1, and destroyed multiple windows within the unit. The housing unit is now freezing cold, and has been since the day they came in.

Grievant Signature _[signature]_

Grievance Clerk _____ Date: _____

Advisor Requested ☐ YES ☐ NO   Who: _____

Action requested by inmate: For the facility to fix the windows that those officers destroyed, so the unit wont be freezing cold.

This Grievance has been informally resolved as follows:

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

E4

FORM 2131E (REVERSE) (REV. 6/06)

**Response of IGRC:**   FCF--101-21                    5-13-2021

Grievance unfavorable: Per I.G.R.C. investigation, FCF-0245-20 notes, a
grievant seeking a decision or an appeal of a decision otherwise attainable
through the established procedures for inmate personal property claims, is
non-grievable. I.G.R.C. recommends that grievant file a claim with the
facility steward.

Date Returned to Inmate ___5-13-2021___        IGRC Members _____

Chairperson _E. Mullens_____              _____ FSA II_____

                                                  _____

                                                  D. Frog_____

**Return within 7 calendar days and check appropriate boxes.** *

☐ I disagree with IGRC response and wish to          ☐ I have reviewed deadlocked responses.
   appeal to the Superintendent.                          Pass-Thru to Superintendent

☐ I agree with the IGRC response and wish to         ☐ I apply to the IGP Supervisor for
   appeal to the Superintendent.                          review of dismissal

Signed _____          _____
                        Grievant                              Date

       _____          _____
              Grievance Clerk's Receipt                       Date

_To be completed by Grievance Clerk._

Grievance Appealed to the Superintendent _____
                                                    Date

Grievance forwarded to the Superintendent for action _____
                                                              Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

(ES)

FORM 2131E (REVERSE)  (REV. 6/06)

**Response of IGRC:** FCF-0273-21                    10/20/21

       Grievance Unfavorable, Per DSH"A" grievant's was seen on 10/9/21 by the clinic nurse who placed grievant on the call-out to see his provider. Noting, grievant was seen by the provider and received confirmation on what the nurse told grievant on 10/9/21. Directing grievant to follow up as needed with sick call.

Date Returned to Inmate  _10-20-2021_          IGRC Members _____

Chairperson _E. Mullis_                         _____

_____

Return within 7 calendar days and check appropriate boxes.*

[X] I disagree with IGRC response and wish to appeal to the Superintendent.
(See Attachment)

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent

[ ] I apply to the IGP Supervisor for review of dismissal

Signed _____                 _10-23-2021_
          Grievant                              Date

_____                 _____
     Grievance Clerk's Receipt                Date

_To be completed by Grievance Clerk._

Grievance Appealed to the Superintendent _____
                                  Date

Grievance forwarded to the Superintendent for action _____
                                              Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

E6

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. FCF #0269-21 | | DATE FILED October 12, 2021 |
|---|---|---|---|
| | FACILITY FISHKILL CORRECTIONAL FACILITY | | POLICY DESIGNATION Institutional |
| **INMATE GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE EXTERMINATE ALL HUs | | CLASS CODE 23 |
| **SUPERINTENDENT** | SUPERINTENDENT'S SIGNATURE *E/Bennett* | | DATE November 2, 2021 |
| GRIEVANT RODRIGUEZ, R. | DIN 17A0928 | | HOUSING UNIT MB-09-120 |

Grievant's action requested is denied with clarification.

Grievant is advised that an investigation has been conducted by the Office of the Deputy Superintendent for Administration.  It was revealed that the pest control company comes on a weekly basis.  Each week, the vendor is assigned to go to various units.  The facility is so large, that all housing units cannot be completed in every week.  The housing unit officer can call the Steward's Office to be added on the list for specific attention.  It is noted that HU "9/1" has been added to the list.  Grievant should request to the housing unit officer to have his cube baited.

vlr

xc:  DSA Frost (w/case file)

---

## APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk.  You have seven (7) calendar days from receipt of this notice to file your appeal.*  Please state why you are appealing this decision to C.O.R.C.

Im appealing to C.O.R.C because the facility is infested, and in almost 3 years in this facility Ive seen the pest control man only 3 times, there is no excuse for him not to attend the dorms when his work was less than 15 minutes of work

| GRIEVANT'S SIGNATURE | DATE 11-8-21 |
|---|---|
| GRIEVANCE CLERK'S SIGNATURE | DATE |

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

FORM 2133 (02/15)

E7

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO. FCF #0270-21 | DATE FILED October 5, 2021 |
|---|---|---|
| | FACILITY FISHKILL CORRECTIONAL FACILITY | POLICY DESIGNATION Institutional |
| **INMATE GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE PROPER MEDS | CLASS CODE 22 |
| **SUPERINTENDENT** | SUPERINTENDENT'S SIGNATURE *E Beuett* | DATE October 27, 2021 |
| GRIEVANT RODRIGUEZ, R. | DIN 17A0928 | HOUSING UNIT MB-09-120 |

Grievant's action requested is denied with clarification.

Grievant is advised that an investigation has been conducted by the Office of the Deputy Superintendent for Health Services. It was revealed that on 7/19/21, grievant refused treatment and acknowledged such in the presence of their provider. If grievant would like to reconsider the treatment offered, they are advised to make an appointment with their provider.


vlr


xc: DSH Akinyombo (w/case file)


---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

Grievant's medical care should have not been reduced to one form of treatment which was to put a needle in my spine. Grievant's seen a pain management doctor and multiple Treatments were available 11-8-21

_____
GRIEVANT'S SIGNATURE                                                    DATE

_____                              _____
GRIEVANCE CLERK'S SIGNATURE                                            DATE

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

FORM 2133 (02/15)

E8

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. FCF #0273-21 | | DATE FILED October 14, 2021 |
|---|---|---|---|
| | FACILITY FISHKILL CORRECTIONAL FACILITY | | POLICY DESIGNATION Institutional |
| INMATE GRIEVANCE PROGRAM | TITLE OF GRIEVANCE TREAT LUMP | | CLASS CODE 22 |
| SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE *E. Burnett* | | DATE October 27, 2021 |
| GRIEVANT RODRIGUEZ, R. | DIN 17A0928 | | HOUSING UNIT MB-09-120 |

Grievant's action requested is denied with clarification.

Grievant is advised that an investigation has been conducted by the Office of the Deputy Superintendent for Health Services.  It was revealed that grievant was seen on 10/9/21 by the clinic nurse who placed grievant on a callout to be seen by their provider.  Grievant was then seen on 10/18/21 by their provider and grievant received confirmation on what the nurse initially told them on 10/9/21.  Grievant may continue to follow up as needed with sick call.


vlr


xc:  DSH Akinyombo (w/case file)

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk.  You have seven (7) calendar days from receipt of this notice to file your appeal.*  Please state why you are appealing this decision to C.O.R.C.

The clinic nurse didn't do anything to be confirmed and I had to wait about two weeks before I had recieved medical attention, and at all times I was in pain

_____     11-8-21
GRIEVANT'S SIGNATURE          DATE

_____     _____
GRIEVANCE CLERK'S SIGNATURE          DATE

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

FORM 2133 (02/15)          E9

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## FISHKILL CORRECTIONAL FACILITY

## <u>GRIEVANCE RECEIPT NOTIFICATION</u>

**TO:** _Rodriguez, R    19A0928_
(NAME / DIN #)

**FROM:**    Grievance Office

**DATE FILED:** _10-13-21_

---

This is to inform you that the below referenced grievance has been received by the Grievance Office and filed on the date noted above.

**GRIEVANCE #** _0290-21_

**CODE** _22_

**TITLE** _Proper Meds_

---



STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## FISHKILL CORRECTIONAL FACILITY

### GRIEVANCE RECEIPT NOTIFICATION

**TO:** *Rodriguez, R   17A0938*

_____
(NAME / DIN #)

**FROM:**   Grievance Office

**DATE FILED:**   *10-13-21*

_____

This is to inform you that the below referenced grievance has been received by the Grievance Office and filed on the date noted above.

**GRIEVANCE #**   *0269-21*

**CODE**   *23*

**TITLE**   *Exterminate H.U.*

E-11

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## FISHKILL CORRECTIONAL FACILITY

### GRIEVANCE RECEIPT NOTIFICATION

**TO:**   *Rodriguez, R        17A0925*
                    (NAME / DIN #)

**FROM:**   Grievance Office

**DATE FILED:**   *10 - 14 - 21*

---

This is to inform you that the below referenced grievance has been received by the Grievance Office and filed on the date noted above.

**GRIEVANCE #**   *0293-21*

**CODE**   *22*

**TITLE**   *Treat Lump*

---

E-12

FORM 2131E (REVERSE)  (REV. 6/06)

**Response of IGRC:** FCF-0269-21                         10/28/21

IGRC REFERS this grievance complaint to the Superintendent for Further Action and Response.

*Roaches*

Date Returned to Inmate _10-28-2021_     IGRC Members _____

Chairperson _E. Mullin_ _____

Return within 7 calendar days and check appropriate boxes.*

[X] I disagree with IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I apply to the IGP Supervisor for review of dismissal

Signed _____          _10-28-21_
                  Grievant                          Date

_____          _____
   Grievance Clerk's Receipt                    Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                                              Date

Grievance forwarded to the Superintendent for action _10-28-2021_
                                                                        Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

E-13

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional Facility
Housing unit 6-2

4-25-20

IGRC

I'm writing this grievance because on
4-20-20 I went to the bathroom in my
housing unit 6-2, and slipped on water
falling down injuring my neck and back.
The toilet, and sink are leaking and
multiple complaints have been made yet
nothing has been done. These conditions
are dangerous and in violation to health
and housing codes putting inmates at
risk.

Resolution Seeking — To have the sink and
Toilet fix so no other inmates can
get hurt on the unit.

(C. U of 1)
  2


E-14

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional facility
P.O Box 1245
Beacon, NY 12508

11-25-21

To Whom it may Concern

I am an inmate at Fishkill Correctional and I'm writing Concerning the Grievance System here, supervised under Ms Reams.
I have over 7 years now of incarceration and have filed multiple grievances but have never seen or dealt with a grievance office as bad as the one in Fishkill.
I've filed a number of grievances here and on multiple occasions grievances go missing, unfiled or ignored.
Grievance systems and procedures are a vital system within D.O.C, to handle issues for inmates to solve the issues and exhaust and without that system inmates such as myself are left without options to assist in any way.
The Grievance system overseen by Ms Reams here at Fishkill is corrupt and in direct violation of directive 4040, wherefor I am respectfully requesting a full investigation be done to verify my claim, and to put you on full notice that the ability to exhaust is non-existent, and any civil claims against the facility be allowed to move forward without any delay for failure to exhaust under P.L.R

E-15

C.C.1

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional Facility
Housing Unit 6-2

5-28-20

IGRC

    I am writing to you because I submitted a grievance on or about 4-25-20, and it has been well over a month and I have not received any responce or a grievance number to exhaust my Administrative Remedies. Pier Directive 4040, I am now requesting to have my grievance appealed to the superintendent for failure to respond in a timely manner

Respectfully submitted

C.C. 1
of 2

E-16

FORM 2131E (REVERSE)  (REV. 6/06)

**Response of IGRC:**    FCF--101-21                         5-13-2021

Grievance unfavorable: Per I.G.R.C. investigation, FCF-0245-20 notes, a grievant seeking a decision or an appeal of a decision otherwise attainable through the established procedures for inmate personal property claims, is non-grievable. I.G.R.C. recommends that grievant file a claim with the facility steward.

Date Returned to Inmate _5-13-2021_         IGRC Members _Sd. A. N_

Chairperson _E. Mullens_                                   _A Mullefief  FSA Ⅰ_

                                                          _D Gordon_

                                                          _D. Frey_

Return within 7 calendar days and check appropriate boxes.*

☐ I disagree with IGRC response and wish to appeal to the Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent

☐ I apply to the IGP Supervisor for review of dismissal

Signed _____          _____
                        Grievant                              Date

             _____          _____
                 Grievance Clerk's Receipt                    Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                                      Date

Grievance forwarded to the Superintendent for action _____
                                                            Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

E-17

FORM 2131E (REVERSE)  (REV. 6/06)

**Response of IGRC:** FCF-0270-21                    10/20/21

Grievance Unfavorable, PerDSHS"A" Grievant refused a treatment signed by
grievant, with your provider present dated 7/19/21. However if grievant
would like to reconsider the treatment. IGRC notes grievant should see his
primary care provider for appointment on treatment.

Date Returned to Inmate _10-20-2021_          IGRC Members _GH Jettuled_

_ORA Losi_

Chairperson _E. Mullen_

_D. Frg_

Return within 7 calendar days and check appropriate boxes. *

☐ I disagree with IGRC response and wish to appeal to the Superintendent.          ☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent

☐ I agree with the IGRC response and wish to appeal to the Superintendent.          ☐ I apply to the IGP Supervisor for review of dismissal

Signed _____          _____
                        Grievant                                    Date

_____          _____
        Grievance Clerk's Receipt                      Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                                                    Date

Grievance forwarded to the Superintendent for action _____
                                                                                        Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

E-18

Ralph Rodriguez

Din # 17A0928

Fishkill correctional facility

Unit 9-1

10-6-21

IGRC

I am writing this grievance because the housing unit's are infested with roaches, mice and other insects that pose a risk to my health and safety, and nothing is being done about it. An exterminator only came to this housing unit once and only went into the kitchen, and when we tried to tell him where the infestation was he told us, "I dont need to know how to do my Job", yet he only went into the kitchen and no where else, only spraying and nothing else

Resolution seeking - To have the units properly exterminated because these insects and animals are infesting the housing unit (E-20) x Ralph Rod

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional
unit 9-1

11-2-21

IGRC

I am writing this grievance because I've writen multiple state shop request and in over two years I have never been called down to the state shop. I need to exchange my greens and get new whites. I've writen my last state shop form over 2 weeks ago and still dont be put on a call-out. I need to get to the State shop.

Resolution Seeking: I need to go to the state shop for my new greens and whites.

x _(signature)_

E-19

Ralph Rodriguez
Din# 17A0928
Fishkill Correctional facility
Unit 9-1


IGRC

I am writing this grievance because
I seen a pain mangement specialist
and the facility is denying me proper
medication, for my chronic pain.



Resolution Seeking; To be given
proper medication for my medical issues

x Ralph [signature]

Writer
copy
1 of 2

E-21

Ralph Rodriguez
Din # 17A0928
Housing unit 6-2

7-4-20

IGRC

I'm writing this grievance
because on 4-20-20 I had
got injured slipping on the floor
in the bathroom because the
toilet and pipes leak water and
nothing is being done. I have
been trying to get into the
Law Library for weeks and
cant get put on a call-out
to get my "notice of Claim"
notarized.

Resolution seeking - To get on the
call out to the Law Library
to get my legal documents notarized.

(E-22)

Ralph Rodriguez
Din# 17A0928
Fishkill Correctional facility
P.O Box 307
Beacon NY 12508
Unit 9-1

10-6-21

IGRC

I am writing this grievance because
I applied for a reasonable accomadation
under the Americans with disability Act
title II to get a Egg Crate for my
back and was denied, and medical
denied me as well


Resolution seeking

To get my Egg Crate for my Chronic
back problems, the facility is aware of
and has failed to handle, my medical
needs.

x _____

(Writers copy)
(1 of 2)

(E-23)

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional Facility
Unit 9-1 main

10-28-21

IGRC

I am writing this grievance because the unit's are freezing cold, and the facility has not put on the heat. Window's are ~~missing~~ broken, cracked ~~or missing~~ and does not retain heat. The school building always has the heat on yet the living area's where inmates are, every year ~~his~~ has to grieve this issue, and still nothing has been done.

Resolution seeking: For the heat to be put on and the window's fix.

E-24

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional
Unit 9-1

10-9-21

IGRC

## Lack of Supplies

I am writing this grievance because on 10-9-21 I went to sick call because I had a lump on the side of my throat that is painful when I swallow and Im coughing up some glue like Substance, and I was seen by an Indian female nurse. when she seen me she stated "Yes I feel a lump but its small, we'll wait till it gets worse before we do anything". I told her that, that responce was unacceptable, and something needs to be done. She basically told me there is nothing to do now and I could go. She refuse to give me any medication or give me adequate medical care. I then told her I want to see a doctor and she told me "I'll have to wait a few weeks and I could leave now", which I did. I am sick and tired of the medical care thats being given, and something needs to be done about it.

Resolution Seeking: For me to get adequate medical care, and my medical issue taken care of.

(NC)                                          E-25   X  Ralph Rodriguez

Ralph Rodriguez
Din# 17A0928
Housing unit 9-1

1-27-22

Dear ms Reams

I had writen two grievances last month
on two incidents that occured on
12-30-21 and 12-31-21. As with
every other grievance I have writen
that have valid issues, you have
failed to respond timely and issue
me a grievance, number. The time
allowed under directive 4040 to a
responce has expired and pier directive
4040, I am requesting an appeal to
the superintendent.

Respectfully
Submitted
Ralf Rodriguez

C.C.1

E-26

Ralph Rodriguez

Din# 17A0928

Fishkill Correctional

Unit 9-1 main

11-8-21

IGRC

I am writing this grievance because on 10-6-21 I submitted a grievance regarding issues in this facility with the law library and the Grievance supervisor decided on her own that my grievance was moot because the problem she claimed was handled, but the issue's within the grievance was in no way handled, and she is not in a position to decide if a grievance is moot or not and is why there are procedures and rules on handling grievances that this facility is failing to properly handle making the grievance system here inadequate and unable to exhaust administrative remedies unavailable.

(E-27) She did this to a number of grievances I submitted and refuse Resolution I've seeking when grievance is submitted properly for the supervisor not to make

(W.C. 1081) decisions that Albany and the grievance counsel should be handling, giving grievance numbers

Ralph Rodriguez
Din #17A0928   Housing unit 9-1 Bed 20
Fishkill Correctional facility

1-20-22

IGP supervisor Ms Reams

I am writing to you because I need
a copy of all the grievances I have filed
within the facility, that have been processed
and actually filed. I have submitted a
vast amount of grievances within this facility
and mostly all of them has been ignored
and/or no resolution in my favor was made.
I am in need of this list of grievances
for litigation purposes, and am in hopes
that you send me this list.
       Thank you for your time.

                                    Respectfully,

C.C #1

E-28

Ralph Rodriguez

Din # 17A0728

Fishkill Correctional facility

Unit G-1

1-26-21

IGRC

I am writing this grievance because I am unable to attend school or get a Job to earn my limited time credit I took the college test 3 times and took the essay yet the facility wont allow me to attend.

Resolution seeking - to know why I havent been allowed to get into college or work to earn my IpA.

x _____

Writer Copy

E-29

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional facility
Grievance # FcF-0273-21

Date 10-23-21

## Superintendent Appeal

Im appealing the ZGRC came to because the clinic nurse gave me no medical care at the time, and I had to wait weeks to see my provider, during which time I was going through severe pain.

when I did see my provider I was told I have C.O.P.D) which is a serious disease and I should have gotten some type of care during all that wait,



E-30

Ralph Rodriguez
Din # 17A0928
Fishkill Correction facility
Grievance number FCF-0270-21

10-23-21

## Superintendent Appeal

I dont agree with the ZGRC because
I didn't refuse treatment in general,
I refused to have a needle put into
my spine, and there fore went to
the outside hospital to see pain-
management, and medication was
refered and in no way or form
did the provider, provide me with
anything that was refered and
offered me the same treatment I
told her I didn't wants and was
why I went to pain management.
and was the whole reason why I
went to the hospital

see a
prescriptet
of

Ralph Rodriguez

E-31

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional facility
Unit 9-1

6-1-20

IGRC

I am writing this grievance because
I am a disabled inmate and requested
a reasonable Accomodation for an Egg
Crate for my back that medical knows
I have severe problems with and
was denied, and so I am Exhausting
my Administrative remedies.


Resolution Seeking - to get my Egg Crate
for my back

E-32

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional
Unit 9-1

IGRC

Inadequate medical care

I am writing this grievance because on 10-9-21 I went to sick call because I had a lump on the side of my throat that is painful when I swallow and I'm caughing up some glue like substance, and I was seen by an Indian female nurse. When she seen me she stated "Yes I feel a lump but its small, we'll wait till it gets worse before we do anything". I told her that, that responce was unacceptable, and something needs to be done. She basically told me there is nothing to do now and I could go. She refuse to give me any medication or give me adequate medical care. I then told her I want to see a doctor and she told me "I'll have to wait a few weeks and I could leave now," which I did. I am sick and tired of the medical care thats being given, and something needs to be done about it.

Resolution seeking: For me to get adequate medical care, and my medical issue taken care of.

(E-33)

x Ralph Rod

Ralph Rodriguez
Din# 17A0928
Fishkill Correctional Facility
Unit 9-1

11-2-21

2GRC

X *Ralph Rodriguez*

I am writing this grievance because
I suffer from multiple medical issue's
and have trouble getting up in the
morning because of all the pain I'm in,
and I am constantly being called down
for legal mail, and today I couldn't
even barely get out of bed and
the legal mail officer demanded I go
to pick up my mail. This is the only
facility I've been in that does legal mail
at 8:00 Am, everywhere else is after 6pm
I am requesting for the legal mail
I have to pick up be done in the
afternoon. because of my medical issue's
Resolution seeking- Due to medical issue's
I cant pick up legal mail at 8:00 Am and
am requesting a reasonable accommodation of being
able to pick it up

Ralph Rodriguez
Din # 1740928
Housing Unit 9-1

10-6-21

IGRC

I am writing this grievance because the Law library's policy of giving inmates copies is not being done per directive 4483 (III)(G), which states all photocopying request must be accompanied by a disbursement form, Not its reciept. I attempted to get copies and was told I had to wait for the pink reciept back before I can get the copies I needed for court hindering my access to the court in violation

E-35

OF state and Constitutional law for access to the court and because of this delay, I could not submit a notice of intention to file a Claim in a timely manner because of the weeks delay in receiving my disbursment receipt, and now my claim is time barred due to this facilities policy and procedures. Request for advancement was denied by the law library officer as well saying I need a reciept. Resolution seeking: To allow inmates to recieve copies needed when needed. x _____

E-36

STERLING STEVENS
16A2565
FISHKILL CORRECTIONAL FACILITY
P.O. Box 1245
BEACON, NY 12508

11-25-21

RE: Sworn Affidavit

I Sterling Stevens am writing this Sworn

Affidavit stating that as an Incarcerated Individual

at Fishkill Correctional Facility the Grievance System in

this Facility, overseen by the I.G.P. Supervisor Ms. Reams

is Corrupt. Grievances here go Unfiled, missing, ignored,

and last manipulated by Committee Member Who try to

discourage an Individuals Goal of exhausting their Administrative

Remedies. The Grievance System here is in direct Violation

to Directive 4040 and, the ability to access the Courts.

The ability to exhaust is non-existent. STERLING STEVENS
CC: To Whom it May Concern
    File                              E-38

Ralph Rodriguez
Din# 17A0928
Fishkill Correctional Facility
Unit 9-1

11-2-21

1GRC

X Ralph Rodriguez

I am writing this grievance because
I suffer from multiple medical issue's
and have trouble getting up in the
morning because of all the pain I'm in,
and I am constantly being called down
for legal mail, and today I couldn't
even barely get out of bed and
the legal mail officer demanded I go
to pick up my mail. This is the only
facility I've been in that does legal mail
at 8:00 Am, everywhere else is after 6pm
I am requesting for the legal mail
I have to pick up be done in the
afternoon because of my medical issue's
Resolution seeking- Due to medical issue's
I cant pick up legal mail at 8:00 Am and
am requesting a reasonable accommodation of being
able to pick it up during Med-

Ralph Rodriguez
Din # 17A0928
Fishkill correctional facility
Unit 9-1 main

10-28-21

IGRC

I am writing this grievance
because the unit's are freezing
cold, and the facility has not
put on the heat. Window's are missing
broken, cracked ~~or missing~~ and
does not retain heat. The school
building always has the heat on
yet the living area's where inmates
are, every year ~~this~~ has to
grieve this issue, and still
nothing has been done.

Resolution seeking: For the heat

to be put on and the window's

fix.

(E-24)

# Exhibit- C

Grievances ignoring
Subject matter.

Ralph Rodriguez
Din # 17A0928
Fishkill correctional facility
P.O Box 307
Beacon NY 12508
Unit (9-1 20)                    10-6-21

I ( . . .

NEED                    this grievance because
I    COPY        . . . isonable accomadation
     OF
un . . RESONABLE ACCOMMODATION  . . . with disability Act title
II,                DENIAL        crate for my back and
was ON File in DDS . . . medical denied me as
well. Its on file in the D.D.S office
or file, Im not sure of the date, of
the recent one but prior the date was
        June 1, 21

Resolution Seeking :
_____

To get my Egg Crate for my chronic
back problems the facility is aware of.
and has failed to handle, my medical
needs.

                        x Ralph Rod . . .

                    (E-39)

h Rodriguez

17A0928

HIS SCHOOL IS
VERIFIED

" Correctional facility

DOES HE MEAN
COLLEGE? YES Pedge
COLLEGE?

9-1

I( HOW DOES HE KNOW
THAT HE IS VERIFIED)
puppy program

10-6-21

I WHAT "JOB" TO EARN
LCT? IS HIS ORE
IS DEFENSIBLE

is grievance because I
College

am unable to attend School or get a

Job to earn my limited time credit.

I took the college test 3 times and took

the essay yet the facility wont allow

me to attend. The Job I tried to get

was the puppy program then Hospice.

Ive writen recently and got no responce but

the last letter was dated Nov. 26, 2019

Resolution Seeking: To know why I

havent been allowed to get into

College or work to earn my IPA

X Raph Rodriguez

E-40

# Exhibit-D

Letters to Administration
Superintendent.

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional
housing unit 9-1

12-1-21

Superintendent **Burnett**

I am writing to you in regards to the Grievance System here at fishkill Correctional supervised under Ms Reams. I have filed a vast number of grievances dealing with medical issues to vermin infestation, and regardless of evidence I provide I never get a favorable decision or help of any kind.

Grievances I write go unanswered, ignored and request on what to do next after the informal level gets ignored as well. Request for grievance rules go unanswered and in the three years I have been here at fishkill there has only been one IGRC election, The inmates at the grievance committee are as corrupt as the supervisor that is suppose to ensure inmates problems are addressed.

The grievances Ive written that got ignored was

1) Medical refuse to provide Egg Crate for back problems.
2) Denied reasonable accommodation
3) Infestation of housing unit
4) Dangerous living conditions.
5) Why am I being denied school because of disability
6) Threats made to me about writing grievances
7) No legal assistance at the law library
8) Law library being in no way adequate, effective and meaningful
9) Sick call not responding to request

E-41

10) Dental delay in treatment

11) Hazardous living conditions

12) Package room stealing property

13) Denial of program

14) Law library refusing to notarize

15) Law Library refusing to make copies

16) Retaliation claim

17) right to assistance denied

18) Interference with pursue of legal actions

19) Atypical and significant hardship

20) exposure to sewage and human waste

21) water fountain broken for months

22) Deliberate denial of toilet paper

(CC)

E-42

# Exhibit - E

Notice of claim expired due to IGRC's failure to Respond.

STATE OF NEW YORK : COURT OF CLAIMS

Ralph Rodriguez Din #17A0928
-against-

NOTICE OF INTENTION
TO FILE A CLAIM

INDEX NO. _____

THE STATE OF NEW YORK

TO THE ATTORNEY GENERAL OF THE STATE OF NEW YORK

I, _Ralph Rodriguez_____, intend to file a claim against the State of New York, pursuant to Sections 10 and 11 of the Court of Claims Act.

I reside at Fishkill Correctional Facility, P.O. Box 1245, Beacon, New York 12508.

For the time being, I am representing myself.

The time and place where my claim arose and the nature thereof are as follows: While housed in unit 6-2, I went into the bathroom, and slipped falling down hurting my head and neck on 4-20-20 due to the toilet and sink leaking water. I was severely injured and wrote a grievance about the issue that went unanswered, and till date 5-1-20 nothing has been done to fix the situation. These conditions are hazardous, and the Facility is being negligent to the health and safety of its inmates

DATED:  BEACON, NEW YORK

5-1-20

Claimant

* If you need more lines to complete the facts of your Notice of Intention use additional paper.



VERIFICATION

**STATE OF NEW YORK**
**COUNTY OF DUTCHESS**


I, _Ralph Rodriguez_ , being duly sworn, state: I am the Claimant in this action. The foregoing Notice of Intention To File A Claim is true to my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe to be true.

_____

SWORN TO BEFORE ME THIS _____

DAY OF _____ , 20 \_\_\_

_____
NOTARY PUBLIC

*No notary available and cant get into Law Library*

E-44

## AFFIDAVIT OF SERVICE

**STATE OF NEW YORK**
**COUNTY OF DUTCHESS**

_Ralph Rodriguez_, being duly sworn, deposes and says:

1. I am the <u>Claimant</u> in the instant action and am over 18 years of age.

2. On the _____ day of _____, 20 ___, I served the within <u>Notice of Intention To File A Claim</u> upon:

The Attorney General                One (1) copy by certified mail,
State of New York                   return receipt requested
The Capitol
Albany, New York 12224

by depositing a true copy of the within in a properly addressed wrapper with postage paid and forms attached for certified mail, return receipt requested, in an official depository under the exclusive care and custody of the New York State Department of Correctional Services.

_____

SWORN TO BEFORE ME THIS _____

DAY OF _____, 20 ___

_____
NOTARY PUBLIC

Can not get into Law Library for notary and not available

(E-45)

# Exhibit - F

Reasonable Accommodation
For an EGG CRATE at
Five points Correctional
Approval.

# NEW YORK STATE | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

TO:              Inmate

FROM:         Five Points Medical Department

SUBJECT:    New Permit / Annual Renewal Permit

Original Start Date: _____ 09.12.19 _____

Current Start Date: _____ 09.12.19 _____

Permit Duration: _____ 1 year _____

Permit Expiration Date: _____ 09.12.2020 _____

---

**Five Points Correctional Facility**
Medical Permit-Health Services
Inmate Name _Rodriguez, R_____ DIN# _17A0928_
Location _8B291B_
_____ cane, crutches-to be returned _____
_____ brace, sling, splint, cast
Description _egg crate permit_
MISC _____
RN Signature _KC ordway_ _____ Date _9/12/18_
Expiration Date _9/18/19_ _____

---

**Five Points Correctional Facility**
Medical Permit-Health Services
Inmate Name _Rodriguez, Ralph_
DIN# _17A0928_   Location _____
_____ cane, Crutches-to be returned _____
_____ brace, sling, cast
Description _(1) eggcrate mattress_
MISC _____
RN Signature _Ramirez_  Date _9/25/19_
Expiration date _9-12-20_

---

Inmate Name: _____ Rodriguez, Ralph _____

Din #: _____ 17A0928 _____

Housing Location: _____ 8 A1-19B _____

The above inmate has been evaluated and there is a medical need for:  ☐ RA   ☐ MED

_(1) eggcrate mattress_
_____
_____
_____

_Perez NP-C_ _____  _9.12.19_
**Facility Health Services Director/Designee**        **Date**

Reviewed and Approved:

_R Shields Controlless_ _____  _9/18/19_
**Deputy Superintendent for Security**        **Date**

I acknowledge receipt of the permitted item described above.  I understand I will be responsible for its proper use.  Any misuse or damage caused by my negligence may result in revocation of the permitted item, financial reimbursement and disciplinary action.

_____  _9-25-19_
**Inmate Signature**                    **Date**

Cc: Block 1st Officer      Medical Records Office      Medical File      RA File (if appropriate)

FP164 (03/17)

E-46

WA007 (06/01)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**WASHINGTON CORRECTIONAL FACILITY**
**MEDICAL EXCUSE STATUS / MEDICAL EQUIPMENT / CALL-OUT**

TO: _____D2_____ , ____ DORM OFFICER

INMATE NAME: _Rodriguez_

DORM LOCATION: _____

EXCUSE STATUS DATE:   START: _10/18/10_

| | |
|---|---|
| TO REST IN BUNK | |
| GO TO MESS HALL | |
| ATTEND SCHOOL | |
| ATTEND WORK | |
| ATTEND KITCHEN WORK | |
| PASSIVE REC., TV-MOVIES | |
| ACTIVE REC., *e.g.*: Ping Pong, Weight Lifting, Basketball | |

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION
**WASHINGTON CORRECTIONAL FACILITY**
**INMATE PROGRAM CARD**

Name: _Rodriguez, Ralph_   Number: _17A0928_
Effective: Date: _11/11/19_
AM: _Med. Idle_
PM: _Med. Idle_
EVE: _____
LATE EVE: _____
Validation: **IPPC**

WA156 (04/14)

ADDITIONAL INFORMATION: _Bottom Bunk Pass_
_Medical Idle - cannot lift, pull >5 lbs_
_No bending, leaning, reaching_

EQUIPMENT ISSUED: *(Check appropriate boxes)*
☐ Crutches   ☐ Sling   ☐ Ace Wrap   ☐ Other: _Hearing Aid R ear_
☐ Cane   ☐ Splint   ☐ Brace

EXPIRATION DATE: _____

**\* EQUIPMENT PERMIT TO BE CARRIED AT ALL TIMES BY INMATE**

CALL-OUT:

The above mentioned inmate is to report to the clinic on:

_____ , AT _____ FOR: _____

_Smungee 4/13_
(Health Care Provider)

White Copy:   Medical Records
Canary Copy:   Inmate
Pink Copy:   Dorm Officer
Gold Copy:   Security (Equipment Only)

E-47

# Exhibit - G

Multiple Reasonable
Accommodation request
Denied at Fishkill
Correctional Facility.

Revised (7/11)
Form #2614B
COPY LOCALLY
AS NEEDED

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## REQUEST FOR REASONABLE ACCOMMODATION

_Fishkill Correctional_ _Fishkill_ Correctional Facility

RECEIVED

| Inmate's Name | DIN# | Date |
|---|---|---|
| Ralph Rodriguez | 17A0928 | JUN 10 2021 |

JUN 10 2021
DEP. SUPT. FOR
PROGRAMS

**INMATE'S REQUEST**

I request reasonable accommodation to participate in the following program and/or service:

I am limited in my ability to (explain disability or limitation): I am fully disable and am medical idle, I suffer severe nerve damage and have severe back pa.

The accommodation requested is: I'm requesting an Egg crate or a second mattress pass to help with my pain because I can not sleep with the mattress provided alone and have had support mattress in the past in Dec.

(Sign and forward to the Deputy Superintendent for Program Services)

Inmate's Signature

**REC'D BY DSP**

J. West
(DSP Name)          (Signature)          6/1/21
                                          Date

**MEDICAL VERIFICATION**

Disability Chronic Severe back Pain Seeing Specialist

Functional limitations 2nd mattress or Egg crate mattress are not medical indicated as treatment for lower back pain

No medical verification is on file. Follow-up appointment scheduled?   [ ] yes   [ ] no

Date inmate notified of pending medical evaluation/consult: Fu 10 days

M sullivan FNP RPA
(Medical staff name - title)          (Signature)          6/2/21
                                                            Date

**REASONABLE ACCOM. DETERMINATION**

The above requested reasonable accommodation has been:   [ ] Approved   [ ] Modified   [X] Denied

The specific accommodations approved are: Request is denied per medical Dept. as request for 2nd mattress and/or Egg crate is not a medical treatment for back pain.

Explanation of modification or denial:

(Inmate's Signature)          (DSP or designee signature)          6/3/21
                                                                   Date

**INMATE RECEIPT**

[ ] I agree   [X] I disagree with this determination.

I understand my right to file a grievance in accordance with Directive #4040, "Inmate Grievance Program"

Signature          Date 6-11-21

Original  - Guidance Folder
Copies    - Inmate, Superintendent, Medical, Parole, ADA Coordinator (Central Office)

E-48

Revised (7/11)
Form #2614B
COPY LOCALLY
AS NEEDED

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

**REQUEST FOR REASONABLE ACCOMMODATION**          FISHKILL CORRECTIONAL

_____ Correctional Facility

| Inmate's Name | DIN# | Date |
|---|---|---|
| Ralph Rodriguez | 17A0928 | 12-23 DEC 2019 |

**INMATE'S REQUEST**

I request reasonable accommodation to participate in the following program and/or service:

medical equipment request

I am limited in my ability to (explain disability or limitation): Fully Disable, limited to no use of right arm, and severe neck and back problems along with a host of different issue

The accommodation requested is: An "Egg crate", for my back to help elevate pain

(Sign and forward to the Deputy Superintendent for Program Services)     Ralph Rodriguez
                                                                    Inmate's Signature

**REC'D BY DSP**

J. Wood                         (Signature)                    12/23/1?
(DSP Name)                                                      Date

**MEDICAL VERIFICATION**

Disability   Pt claims back + neck pain  Egg crate mattress topper   "Topper"

Functional limitations  has been found not to be effective + consider fire hazard
                                                              "A FIRE HAZARD"

No medical verification is on file. Follow-up appointment scheduled?   ☒ yes   ☐ no

Date inmate notified of pending medical evaluation/consult:   Denied

M. Sullivan FNP-BC          (Signature)    AVANZATO      2/19/20
(Medical staff name - title)                              Date

**REASONABLE ACCOM. DETERMINATION**

The above requested reasonable accommodation has been:   ☐ Approved  ☐ Modified  ☐ Denied

The specific accommodations approved are: _____

Explanation of modification or denial: _____

_____    _____    _____
(Inmate's Signature)         (DSP or designee signature)      Date

**INMATE RECEIPT**

☐ I agree      ☐ I disagree with this determination.

I understand my right to file a grievance in accordance with Directive #4040, "Inmate Grievance Program"

Signature _____    Date _____

Original  - Guidance Folder
Copies   - Inmate, Superintendent, Medical, Parole, ADA Coordinator (Central Office)    E-49

# Exhibit - H

Sworn testimony of
the Standard of care
at Fishkill correctional
Facility.

January 24, 2022

To whom it may concern

  This is a sworn affidavit about how medical here at Fishkill Correctional Facility is failing me, specifically Dr. Sullivan during my incarceration beginning September 9, 2020. I have been prescribed Gabapentin in Suffolk County Correctional Facility, and in Downstate Correctional Facility as well, and Marcy Correctional Facility.

  I came to Fishkill Correctional Facility in the beginning of December of 2020 with a full prescription of Gabapentin prescibed by Dr Zahi from Marcy Correctional, and ms Sullivan states incorrectly that D.O.C.C.S does not prescribe that medication which is not true. She does so in an attempt to not give inmates that medication for there pain.

  I need shoulder surgery which has been approved by Albany and it states the severity of my condition and injury requires the surgery. On January 20, 2022 I seen the report made by the specialist orthopedist that I saw on or about that date, and he stated that I should be on that medication. Ms Sullivan is still refusing to prescribe me my medication I need for my severe pain, and she is not a speacialist, and prescribes me an anti-depressant instead named symbalta, that does not help in any way and should not have been prescribed to me. Medical in Fishkill Correctional in no way is within reasonable care, and letters as well as Grievances go unanswered. Can you please help in any way, thank you for your time, Respectfully submitted

Eric Lindemann

DIN # 21A0705

X

E-50

To whom it may concern,        1/24/2022

This is a sworn affidavit about how medical here at
Fishkill correctional facility is failing me, Specifically Dr. Sullivan.
During my incarceration beginning September 9th 2020 I
have been prescribed Gabapentin in Suffolk county correctional
facility, Downstate Correctional facility and Marcy Correctional
facility.

I came to Fishkill cf the beginning of December 2021
with a full prescription of Gabapentin prescribed by Dr. Zaki
from Marcy cf. Dr. Sullivan states that DOCCS doesnt
prescribe Gabapentin which is a lie.

I need shoulder surgery which is approved by Albany
which states the severity of my injury, I saw the
Orthopedist to skedule the surgery on 1/20/2022. The specialist
also states in his report that I should still be taking
as well as put back on Gabapentin. Dr. Sullivan still refuses
to issue me my medication. Insisting to put me on symbolta
which is an anti-depressant and makes me feel weird. I tried
it for over 6 weeks and it doesnt help at all.

Medical care here at Fishkill is below minimum standard
of care and inefficent.

Eric Lindemann          1/24/2022

E-51

# Exhibit - I

Injury Report dated

12-30-21

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | DIN | Date of Birth | Facility Name |
|---|---|---|---|
| Rodriguez, Ralph | 17A0928 | 8/25/24 | ESC |

Last Name: Rodriguez, Raf
DIN: 17A0928 Location:
Date: 10/18/21 Time: 10:00
Provider Orders:

Subjective: 434 work 9 on 1 Pain
c Swelling R neck
c cough + phlegm [illegible]

Objective: 199.5, 98, 18 neck soft [illegible]
smoking 10 rolly [illegible] 15-20 yrs

Assessment: lungs clear, chest xray 3, 5, 17 neg, hx of childhood asthma

Plan: suspect chest xray today, note 9 on 1 LBP refused ESI, refused lidocaine patch
smoking cessation
Diflucan [illegible] 4 gram
LBP refused Tx c Pain [illegible] 10/18/21 to [illegible] 28 [illegible]
[illegible] 325 [illegible] x 10

Signature/Provider #: [illegible]
RN Transcribing Order/Provider #/Date/Time:

Last Name: Rodriguez
DIN: 17A0928 Location: 9/1 - Clinic
Date: 12/30/21 Time: 4^30 pm
Provider Orders: Ace wrap applied to right L ankle and right wrist.

Subjective: ESC
Inmate was brought down

Objective: to the clinic for evaluation

Assessment: "I was jumped by the cert in the morning"
1-2 + edema noted on the L ankle. c/o pain. Pedal

Plan: pulse +. Bruising to wing right wrist and L upper arm
Toes warm & mobile. Encouraged elevation. Ace wrap applied to L ankle. Ice applied. Encouraged NWB L ankle. Seen by NP-Sullivan

Signature/Provider #: Murkatt 576
RN Transcribing Order/Provider #/Date/Time: 12/30/21 4^30 pm

Subjective:

Last Name: ______
DIN: ______ Location: ______
Date: ______ Time: ______
Provider Orders:

Objective:

Assessment:

Plan:

Signature/Provider # ______ RN Transcribing Order/Provider #/Date/Time ______

Continue entry into next box if necessary.

E-52

# Exhibit- J

Sworn Affidavit of
inmates seeing plaintiff's
Fall and injury

To whom it may concern,                                    1-4-22

I am R. Rodriguez (17A0928) neighbor at Fishkill correctional Facility. On 12-31-21, I saw Officer Gibbons go to Rodriguez cube while he was laying down from injuries prior and start to harass him. She told him to remove one of his mats, and as he tried to explain his medical condition I heard her say, "I already Know what happened to you, because I read the log book, and I don't care." I saw her then remove his mat, and while he tried to explain to her that she was taking his issued mat, she told him to follow her. She then took him out to the hallway and had him stare at the wall for over 20 minutes, knowing he had injuries to his ankle and leg. After over 20 minutes, he fell down yelling out in pain and a Code Green (medical emergency) was called. He was wheeled out in a wheelchair to the medical clinic. I saw as he passed me that he had a big red mark on his forehead, and he looked to be in a lot of pain.

William Stepnowski  19R1343
William Stepnowski  19R1343


E-53

Affidavit of Aheem Cordes  DIN 21B0836

I am in the 9-1 housing unit in the main building here at the Fishkill Correctional Facility. Mr. Rodriguez, DIN 17A0928 is also in the housing unit.

On December 31st 2021 officer Gibbons happened to be working in the unit during the shift 14:30 - 22:30. Ms. Gibbons had an attitude and was doing things that were outside of things in her job description. She (Ms. Gibbons) nitpicked with several individuals about several things that was not outside of DOCCS Directives, or the Facility Rules.

At one point in time, officer Gibbons approached Mr. Rodriguez asking him to remove one of his mattresses. Mr. Rodriguez attempted to inform her of his medical condition, she did not allow Mr. Rodriguez to continue speaking. Raising her voice several octaves while speaking she told Mr. Rodriguez "I already know what happened to you, I've read the log book and I don't care." She then proceeded to remove the mattress on her own. Mr. Rodriguez was left with a mattress that was less than ½ inch thick. When Mr. Rodriguez began to protest this, Ms. Gibbons instructed him to follow her. She instructed him to stand and face a wall for 20 minutes, she told him if he didn't do it she would pull her pin and then have him brought to the box. Ms. Gibbons violated DOCCS policy and Correction Law, specifically NY CORREC § 137 Program of treatment, Control and discipline at Correctional Facilities subd. 5 which states "no incarcerated individual in the care or custody of the department shall be subjected to degrading treatment..." Mr. Rodriguez fell and hit his head on the wall and there was a "Code green" called and Mr. Rodriguez was taken to medical.

A. Cordes  21B0836

E-54

# Exhibit - K

Injury Report Dated

12-31-21

**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | Rodriguez Ralph | DIN 17A0928 | Date of Birth 8/25/78 | Facility Name SCF |
|------|-----------------|-------------|------------------------|-------------------|

**Subjective:** 43 y.o.m c/o DOF
R wrist pain + left ankle pain

**Objective:** mild swelling R wrist pain
during search by cert team

**Assessment:** R/o left ankle FX/SS/m
R/o R wrist fm

**Plan:**
— Analgesic balm ⅌ PRN X 2
— Continue T Tylenol

Last Name Rodriguez, Ralph
DIN 17A0928   Location _____
Date 12/30/21   Time 4:30pm
Provider Orders: Facility lockdown
— Ace wrap R wrist
— + L ankle
elevate left ankle
cool compress aftp/pm

Signature/Provider # _____ #69   RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** Code called. This writer responded to 9.1. Inmate observed sitting on floor. States c.o. made him stand for 20 minutes, he got tired and plopped down to floor. No new injuries sustained.

**Objective:** 

**Assessment:** AAOX3. VS 146/113, 109, 90, 97.² spo2 98%. landed on buttocks. Denies hitting head.

**Plan:** As per Dr. Hasen, offer inmate crutches, instruct in use of same. Advise him to drop sick call slip, see provider monday. Inmate refused crutches, claims he is fine, able to ambulate s difficulty. Displays ability to

Last Name Rodriguez, Ralph
DIN 17A0928   Location CC
Date 12-31-21   Time 6pm
Provider Orders: Coping Ineffective
— Individual

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** ambulate independently s difficulty. States he will see provider on monday.

**Objective:** This writer offered to re-wrap ace to (R) wrist, (L) ankle. Inmate refused. Inmate left RNU ambulating s difficulty

**Assessment:** _____ JHynes/RN Chart to provider for review.

**Plan:**

Last Name _____
DIN _____   Location _____
Date _____   Time _____
Provider Orders:

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.


P-55

# Exhibit - L

Formal Complaint
Under Civil service
Law § 75(1)(2)(3)
against Defendant
Gibbons Alexandra Ayana.

TO:

FROM: Ralph Rodriguez

DATE: 1-4-22

Re: Formal Complaint Under Civil Services Law § 75(1)(2)(3)

This complaint refers to the following Officers and/or Civilians

Officer Gibbons

_____

_____

I, Ralph Rodriguez #17A0928, am a prisoner at Fishkill Correctional

Facility, and do hereby swear and affirm that the following statement that forms the basis

of this complaint is true to the best of my knowledge and understanding.

I hereby demand that an investigation be conducted pursuant to Civil Law §

75(1)(2)(3) against the aforementioned officer(s) and or civilian(s) for the above reasons

as well as for harassing my person and acting other than that of a professional

agent/employee of NYS DOCCS.

I further submit this whole action as a complaint pursuant to section 2:2, 4:12, and

7:18 of the descriptive language of the employee manual. As the conduct of the

aforementioned officer(s) and/or civilian(s) was counterproductive to the well-being of

the facility and all persons therein.

I further make this complaint pursuant to section 75 of the Civil Services Law

asking the aforementioned officer(s) and/or civilian(s) be given mental examinations /

evaluations pursuant to Civil Services Rules and Regulations section 21:8(1) in as much

as the aforementioned officer(s) and/or civilian(s) behaved in an <u>unprofessional</u> <u>manner</u>

showing an attitude consistently anti-social, racist and being incapable of working with



and supervising [any] prisoners without harassing or abusing them or their rights. Same has violated my human, civil and both State and Federal Constitutional Rights under the Bill of Rights, as well as threatening my person. Such action is also in violation of Correctional Law § 137.5. There can be [NO] retaliation for submitting this complaint, as this complaint is protected pursuant to Correctional Law § 138.4.

      For a greater description of the conduct, actions and problems that have brought this to action please see page(s) _1 - 3_ , attached hereto.

## RELIEF REQUESTED

1.      That a copy of this complaint/petition be forwarded to the Superintendent of the _Fishkill_ Correctional Facility who shall place reference of this complaint in his/her daily log pursuant to Civil Services Law § 75(2).

2.      That a copy of this complaint/petition be placed in the file of each and every employee mentioned in this complaint/petition for further review and/or action.

3.      That the Department of Correctional Services comply with the DOCCS Directive #2110 through #2111 and Article 8, § 4 of the agreement between the State of New York and Counsel 82.

4.      That I receive a complete determination after review and/or hearing of this matter in writing.

5.      That pursuant to Civil Services Law § 75, I request that the employee(s) complained of herein be notified of this action within ten (10) days of your receipt of this complaint/petition.



6.      That pursuant to Civil Services Law § 75, I request to be notified by the Commissioner of DOCCS and/or his designee of the results of the investigation in regards to this complaint/petition within thirty (30) days of receipt.

7.      I further make this complaint pursuant to section 75 of the Civil Services Law, asking that the aforementioned employee(s) be given a mental examination/evaluation pursuant to Civil Services Rules and Regulations § 21.8(1) in as much as the aforementioned behaved in an unprofessional manner, showing an attitude that is anti-social and racist and incapable of working with or supervising prisoners without harassing or abusing them and/or their rights. Such action is in violation of Corrections Law § 137.5.

8.      That pursuant to Corrections Law § 138.4, Petitioner herein is [protected] from any retaliation from any DOCCS employee(s) as a result of the herein complaint/petition; therefore, petitioner hereby invokes his rights in regards to Statutory Mandates of said Correction Law and contends that if there is [any] retaliation by [any] officer(s) and/or civilian(s) employee(s), there will be additional complaints/petition and stronger measures shall be taken in accordance with the laws of this State and the United States of America.

9.      Pursuant to Civil Service Law § 75(1)(2)(3), I hereby request that a copy of this report be placed in the above officer(s')/civilian(s) employee(s') files of DOCCS; in accordance with Directive #2110 through #2111 and Article 8.4 of this agreement between the State of New York and Counsel 82, that this request be executed in compliance with the aforementioned.

10.  I Further reques that after an investigation is made, based on the claims made herein, that officer Gibbons be removed from the Fishkill Correctional facility, or from having any Contact with inmates at anytime.

3
E-58

WHEREFORE, all contained herein is a true and correct complaint to the best of my knowledge, and as to those matters stated to be alleged upon information and belief, I also believe them to be true under the penalty of perjury.

_____
Petitioner
Ralph Rodriguez
17A0928
DIN #

Address: Fishkill Correctional
P.O Box 307
Beacon, NY 12508

cc.:   The Honorable ~~Andrew M. Cuomo~~ Kathy Hochul
       Governor of New York State
       NYS Capitol Bldg.
       Albany, NY 12224

       Attorney General
       Office of the Attorney General
       The Capitol
       Albany, NY 12224-0341

       State Inspector General
       Empire State Plaza
       Agency Bldg. 2 – 16th floor
       Albany, NY 12223

       State Division of Human Rights
       1 Fordham Plaza – 4th floor
       Bronx, NY 10458

Superintendent of Fishkill
Correctional facility
P.O Box 307
Beacon, NY 12508

4


E-57

I Ralph Rodriguez am an inmate at Fishkill Correctional, housing unit 9-1. On December 31,2021 officer Gibbons was sent to work my housing unit. When she came in it was apparent that she was disturbed, severely angered and very disrespectful to the inmates within the unit. Later on we found out that she was going to have to do overtime within the unit, obviously messing up her New Years Eve and day plans, and was taking her frustration out on us. She had approached my cube and seen i was laying down on an extra mattress, and told me to remove the mattress. I had attempted to explain to her the reason why. On 12-30-21 C.E.R.T (Correction Emergency Response Team) was sent to the facility and entered my housing unit at around 6:45 am and maliciously attacked seven inmates, myself included, with closed fist. There actions where intentional, malicious and inhumane. They severely injured all seven of us. Six inmates was sent to the ICU within the facility but i was left behind. I am fully disable and the facility is fully aware of my medical condition, and my documents is within the C.O,s bubble. The officers that attacked me in no way was provoked. The officers was dressed in full riot gear and there faces was covered. One came up to my bed and grabbed me by my neck, lifted me up and slammed me to the floor head first, and suddenly i was jumped by about five other officers. The officers that attacked me injured my head, neck, back, arm, wrist, ribs, knee, and ankle. As they brutally assaulted me i screamed out " Im disable, Im disabled", and they got off me as one picked me up handcuffed me and slammed me to the wall. Another officer checked my ID and Medical Restriction documents and seeing i was fully



disabled told the officer to take the handcuff off of me. The other six was taken out the unit barely able to walk and taken to the medical I.C.U unit within the facility, but i was unable to get medical attention till around 6pm that night. When i went to medical and taken to the I.C.U all the rooms was filled up and the nurse told the officer to take me to sick call where i got below minimum care, being given only two ace bands for my wrist and ankle and no medication. An injury report was made and all this information is documented. I was sent back to my housing unit and was why i needed the mattress because a medical condition made it necessary. When ms Gibbons told me to remove the extra mattress i attempted to tell her why i needed it but she refused to listen. I then told her because of my severe injuries i needed assistance and she put on her gloves and took away my mattress that was given to me brand new by the Laundry Department on medical request, leaving only a paper thin mat. I tried to explain to her she was taking my mattress but she told me to "shut up you had your chance", and took me out the dorm area into the hallway and ordered me to stand in front of the wall and stare at it. I told her i couldnt because of my injuries but she said if i didnt she would pull the pin and have a team beat me up again for real this time. Being traumatized due to the day prior i followed her order. After 20 minutes due to the pain i fell down hitting my head against the wall and she had to pull the pin for a medical emergency and i was taken to medical again. A Injury report was made and all this information is documented. Her actions was purely retaliatory, malice and unprofessional.



She violated my constitutional rights under the Eighth amendment for cruel and unusual punishment and the Americans with disabilities act title two. A federal civil suit under section 1983 is going to be filed against ms Gibbons and her malicious actions. I am requesting that the court humbly grants my relief requested and am in hopes once these claims are investigated and verified as true, ms Gibbons will be removed from further working within the department of corrections. Respectfully Submitted by Ralph Rodriguez

*Ralph Rodriguez*

Din# 17A0928   1-1-22

(3)(E-62)

# Exhibit-M

Letter from Administration
Denying Plaintiff's request
to enter the College program
Due to medical condition
and Disability

"Please Read Response on back of Letter"

RECEIVED
NOV 26 2019
DEP SUPT. FOR
PROGRAMS

FISHKILL
CORRECTIONAL FACILITY
NOV 25 2019
RECEIVED
SUPERINTENDENT'S OFFICE

A DSP1
Please
handle

Ralph Rodriguez
Din# 17 A 0928
6-2   5 Bed

11-22-2019

Dear Superintendent

I am writing you because I had came
to this facility as a preferance transfer
because I am vastly interested in joining
the puppy program.
I have been incarcerated for 5 years
and never gotten any tier 3 disciplinary,
and have 6 years left to go home, so
I have more than enough time to properly
train and maintain dogs at this facility.
I have always had dogs and trained
them since I was a child.
I have my high school diploma with
honors, have my voc completed and only
have ART to do, so I have currently
no obligations.
I know I can be an amazing asset
to the program, and can promise you that
any dog under my care will be top of the
class. I am in hopes and respectfully request
that you please consider me for the program.
Respectfuly

# Exhibit - N

Sworn Affidavit about
the conditions of Confinement
at Fishkill Correctional facility

SWORN AFFIDAVIT

I am a porter at Fishkill Correctional Facility, and the condition of confinement are horrible. The windows within my housing unit which I am a porter at 9-1 are broken, their is mold and mildew on the wall, and ceilings, as well as holes, and stains. Attempts to clean them cant be done because the area is hard to reach and the facility does not give us the things we need to do it. In the month of January 2022 an inspector came with Dep Frost, and inspected thing, and was informed of the problems yet to date nothing has been done. The bathroom constantly has water because the pipes and toilets leak out sewage and waist causing hazardous conditions and health safety concerns that do not get addressed by the facility. There is an infestation in the dorm of roaches and mice and nats. This is my sworn testimony of the conditions we as inmates are forced to live in and grievances as well as the administration does nothing to correct or assist the issues.

Respectfully written by

Dayshawn Mitchell          2/22/22

Dayshawn Mitchell

Din. 19A2218

E-69

SWORN AFFIDAVIT

I am a inmate at Fishkill Correctional Facility and have multiple medical condition that consist of injuries to my right shoulder, left ankle/leg as well as mental health issues all requiring medication and the medical providers within this facility is severely inadequate. Failing to provide the proper medication and are Deliberately Indifferent to my as well as countless other inmates within this facility. I was approved to get medical boots well over a year ago and was fitted in October of 2021 and to date I have still not received my medical boots. I am suppose to also get surgery on my shoulder, which should have been done months ago, and to date I still have not gotten it. Numerous sick call request goes unanswered, and when I do get called nothing is done to help me with my pain and suffering. The medical staff and providers are Deliberately Indifferent to my medical needs, and grievances are ignored and do nothing to assist. Fishkill Correctional is a Medical facility, and there standard of care is below minimum standard of care and negligence is a common occurrence.

Respectfully submitted by

James Haney, #08A4896
James Haney 2-2-22

E-65

# Exhibit - O

Sworn Affidavit of the
Inadequacy of the Law
Library at Fishkill Correctional
Facility.

I am a incarcerated individual at Fishkill Correctional Facility, and go to the Law Library as many times as I can, but the library is extremely inadequate. They constantly have little to no supplies that are critically needed to access the court. The inmates that work at the Law Library does little to assist inmates due to them working on there own personal work, or legal work that other inmates are forced to pay for the assistance they are suppose to receive. The Law Library officers refuse to honor copy cards that have been used even if there funds available, and refuse to hand out supplies stating that they are short, and whats available are for their inmate staff. The problems at the law library impedes inmates attempts at accessing the court, and grievances do nothing to help in any way. I am signing this sworn affidavit for mr Rodriguez in hopes something could be done to change these facts

Respectfully submitted

2-3-22

X

E-66

# Exhibit - P

Sick call request
Ignored

SICK CALL REQUEST FORM

Ralph Rodriguez
9-1

1-27-22
17A0928
M I

X

I have submitted
multiple sick call request
and have not been called
down to be seen. I am
having severe pain and need
to be seen.

CCV

E-67

Ralph Rodriguez          1-10-22
9-1                      17A0928
                         Medical Idle

X

                    I am having Extreme
Pain in my Head, Neck, back
knee, Ribs, Wrist and Ankle.
I have writen multiple Sick call
Slips and still have not been
Seen. I need to see a
Doctor.
Im in severe PAIN HELP

(E-68)

Ralph Rodriguez
9-1

1-3-22
17A0928
medical Idle

# Urgent Sick call request

I have writen to be seen
twice already because I am severly
injured and need medical attention.
I cant walk properly because C.E.R.T
severly injured my Knee and ankle, they
also injured my head, neck, back, ribs
and I'm having severe migrains and
now my Jaw hurts and cant Eat

X ✓ Please see me
as soon As possible

E-69

Ralph Rodriguez
9-1

1-1-22.
1770928
M I

X          Im requesting to see
the doctor because on 12-30-21 I
was severly maliciously assaulted
by 5 C.E.R.T officers and they severly
injured my head, neck, back, Ribs,
Arm, wrist, knee and ankle. I was
seen by medical, given an ace Band only
and was told to write sick call for medical
attention.

          Im in severe pain and
need medical attention. The nurse who
seen me on 12-31-21 refused to
take pictures of my assault.

CC1



Ralph Rodriguez
Din# 17A0928
Fishkill Correctional
Unit 9-1

1-1-22

Dear Ms Sullivan

I am writing to you because you are my provider, and know that on 12-30-21 I was assaulted by about 5 C.E.R.T officers and They severly injured my Head, Neck, Back Ribs, Arm, Wrist, knee and ankle. I was only given an ace band, and need more medical attention because now Im having severe migrains and my Jaw hurts from being slammed to the floor and hit repeatedly with close fist. I also need my medical limitations renewed. Thank you

respectfully

C.C.)

E-71

Ralph Rodriguez
Din # 17A0928
Unit 9-1

1-7-22

MS Sullivan

I am writing to you because you
never sent me my permit for the
crouches, and I already had an officer
say something to me. Can you please
send me the permit as soon as
possible thank you for your time

mr. Rodrigues 1/10/22

I just received your ankle x-ray + it is not
broken. You do not need the crutches any, one
week was sufficient. Please drop off at sick call

Thanks
NP Sulliv

E-72

# Exhibit-Q

## Ten's Unit Authorization



# Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

TO:          Inmate

FROM:      Five Points Medical Department

SUBJECT:  (New Permit)   Annual Renewal  Permit

Original Start Date: ___4/24/17___

Current Start Date: ___4/24/17___

Permit Duration: ___1 Year___

Permit Expiration Date: ___4/24/18___

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Inmate Name: ___Rodriguez, Ralph___

Din #: ___17 A 0928___

Housing Location: ___10-B1-09B___

The above inmate has been evaluated and there is a medical need for:  ☐ RA  ☑ MED

___TENS Unit with wires & electrodes___

___Serial # CE0086___

___Olderines PA___        ___4/24/17___
Facility Health Services Director/Designee        Date

Reviewed and Approved:

___Capt/Moss___        ___4/26/17___
Deputy Superintendent for Security        Date

I acknowledge receipt of the permitted item described above.  I understand I will be responsible for its proper use.  Any misuse or damage caused by my negligence may result in revocation of the permitted item, financial reimbursement and disciplinary action.

___Ralph Rodriguez___        ___25-2017___
Inmate Signature        Date

Cc: Block 1ˢᵗ Officer      Medical Records Office      Medical File      RA File (if appropriate)

Five Points Correctional Facility, 6600 State Route 96, Caller Box 400, Romulus, NY 14541  |  (607) 869-5111  |  www.doccs.ny.gov

E-73

# Exhibit - R

12-30-21 and 12-31-21
Injury Report
missing

Facility claims to
have lost the Injury
Reports, but see Exhibit
I and K
medical documents proving
Injury



**NEW YORK STATE** | **Corrections and Community Supervision**

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

February 16, 2022

DIN    17A0928         RODRIGUEZ, Ralph
CELL   MB-09-120

**Re:   FOIL Log No. FCF- 0047-2022**

Dear R. Rodriguez:

This is in response to your New York State Freedom of Information Law request for "Copy of Injury Reports made on 12/30/21 and 12/31/21."

Please be advised, we conducted a diligent search, and the Department does not appear to have any responsive records.  We are not required to create a document if it does not already exist.

Regards,

F. Wilbur, OAII/FOIL
Fishkill Correctional Facility
18 Strack Dr.
Beacon, NY 12508

CC:    FOIL Records

If you do not agree with any part of this decision, you may appeal by writing the Office of the Counsel & FOIL Appeals Officer, NYS Department of Corrections and Community Supervision, The Harriman State Campus, 1220 Washington Avenue, Albany, New York, 12226-2050.

In appeal correspondence, please clearly note your name, DIN number, facility from which records were requested, and the FOIL Log Number provided.

E-75

RALPH RODRIGUEZ
DIN# 17A0928
FISHKILL CORRECTIONAL FACILITY
P.O BOX 307
BEACON, NEW YORK 12508

3-1-22

Dear John Morley

    I am writing to you because on 12-30-21 and 12-31-21, I was
severly injured by the Correctional Officers while in my housing
unit 9-1 main.  The officers were from C.E.R.T on 12-30-21 and
On 12-31-21 the officer was ms Gibbon Alexandra Ayana whom action
severly injured me as well.  I requested a foil request for my
injury report and madical records for both days and I was writen
back by Foil ms Gardner Anita H that both my injury reports were
missing and not found. The sergeant on staff at medical that day
was suppose to secure those injury reports and insure they were
reported and failed to.  I did recieve the medical records and
on the medical record dated 12-31-21 all the information that
the nurse ms Cujas Gifty N was completely fabricated and not
correct.  I had informed her clearly that while having severe
injury to my ankle that was aced band up, and not being able to
walk officer Gibbons told me to get off my bed because I had a
double mattress and to stand staring at the wall, which I did so
while in severe pain and after 20 minutes I had fell down injuri-
ng my head, neck back and further injuring my injuries.
    She ms Gifty put in my medical records that I had fell in my
buttox and did not hit my head and had no new injuries, all of
which was a complete lie, she violated her medical oath as well
as the HIPPA law, and I had already wrote a grievance but the
grievance program here run by ms Reams is also corrupt, and



and job is to hide and cover up the wrong that the staff here at fishkill does.  I am moving forward on a 1983 claim against the facility and all the personnel involved with the misconduct I had mentioned within this letter and writing you for assistance and to insure that my records reflect the facts of what happen and my injuries, and to possibly investigate why both my inury reports are gone.  Please see Magalios v Peralta Southern Distric New york 19-CV-6188 Febuary 10,2022 in this case against fishkill correctional officers it was found that staff at fishkill was covering up the wrongful acts done by their staff and also was falsifiying records just like whats happening to me now.

I am humbly requesting you investigate the matter and inform the proper personnel to look into the matter as well.

Im sorry to have to burden you with this issue but what is going on in this facility is severe and cant be ignored.

Respectfully

RALPH RODRIGUEZ

C.C sent to Superintendent
              Dep of health
              Albany Chief Medical Officer
              Governor of the state of new york

E-79

I have provided the medical records I recieved and a letter
from foil stating that my injury report dont exist.

Now the medical records clearly shows I went to medical with
a code green and was escorted by an officer, and if you review
the medical documents youll see that the 12-31-21 report had been
fabricated to reflect no new injuries and states I didnt hit my
head and I fell on my buttox, all witch is a lie, I clearly
stated I hit my head and have sworn affidavits by other inmate
who seen me get injured. and youll see the dates have been falsi-
fied as well and should reflect the correct injuries, also the
medical report dated 1-13-22 states that "no show sick call"
at no time was I called and at no time didi I refuse any sick
call callout. Can you please look into the matter of what I have
stated in this letter and inform the proper  personnel of these
actions.

E-78

FORM 3105 (11/11)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | Rodriguez Ralph | DIN 17A0928 | Date of Birth 8/25/78 | Facility Name FCF |
|------|------|------|------|------|

**Subjective:** 43 y.o. m/l c/o b/of
R wrist Pain + left ankle pain

**Objective:** mild swelling R wrist Pain
during search by cert team

**Assessment:** R/o left ankle RUSS/inj
R/o R wrist fx

**Plan:**
- analgesic balm ab PRN x 2
- continue Tylenol

Last Name Rodriguez, Ralph
DIN 17A0928   Location _____
Date 12/30/25   Time 4:30p3
Provider Orders: Facility lockdown
- Ace wrap R wrist + L ankle
elevate left ankle
cool compress as p/n

Signature/Provider # _____ (signature) RN _____ RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** Code called. This writer responded to 9.1. Inmate observed sitting on Floor. States c.o. made him stand for 20 minutes, he got tired and plopped down to Floor. No new injuries sustained.

**Objective:**

**Assessment:** AAOX3. VS 146/113, 109, 20, 97.2 spo2 98%. landed on Buttocks. Denies hitting head.

**Plan:** As per Dr. Hasen, offer Inmate crutches, instruct in use of same. Advise him to drop sick call slip, see provider monday. Inmate refused crutches, claims he is fine, able to ambulate s difficulty. Displays ability to

Last Name Rodriguez, Ralph
DIN 17A0928   Location CC
Date 12-31-21   Time 6pm
Provider Orders: Coping Ineffective Individual

Signature/Provider # _____ RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** ambulate independently s difficulty. States he will see provider on monday. This writer offered to re-wrap ace to

**Objective:** (R) wrist, (L) ankle. Inmate refused. Inmate left RMU ambulating s difficulty

**Assessment:** _____ J. _____ RN SCU   Chart to provider for review.

Last Name ↓   DIN ↓   Location
Date _____   Time _____
Provider Orders:

**Plan:**

Signature/Provider # _____ RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

E-79

FORM 3105 (11/11)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | DIN | Date of Birth | Facility Name |
|---|---|---|---|
| Rodriguez, Ralph | 17A0928 | 8/25/ | FCC |

**Subjective:** 43 y.o. c/o good pain + swelling R neck
c cough + phlem symp

**Objective:** 199.5, 98/, 18

**Assessment:** lungs clear, chest x-ray 3, 5, 17 neg. Hx of childhood asthma

**Plan:**

Last Name: Rodriguez, Raf
DIN: 17A0928    Location: _____
Date: 10/2/2    Time: 10:30a
Provider Orders: mask, soft mouth

Signature/Provider # _____    RN Transcribing Order/Service #/Date/Time _____

---

**Subjective:** Esc

**Objective:** Inmate was brought down to the clinic for evaluation

**Assessment:** "I was jumped by the cert in the morning" 1-2⊕ edema noted on the L ankle. c/o pain. Pedal

**Plan:** pulse ⊕. Bruising to wrist right wrist and L upper arm
Toes warm enancaged elevation. Ace wrap applied to L ankle.
& mobile. Ice applied. Encouraged NWB L ankle. Seen by NP-Sullivan

Last Name: Rodriguez
DIN: 17A0928    Location: 9/1 - Clinic
Date: 12/30/21    Time: 4³⁰pm
Provider Orders: Ace wrap applied to right ankle and right wrist.

Signature/Provider # Murkett STB    RN Transcribing Order/Provider #/Date/Time 12/30/21  4³⁰ pm

---

**Subjective:**

**Objective:**

**Assessment:**

**Plan:**

Last Name: _____
DIN: _____    Location: _____
Date: _____    Time: _____
Provider Orders:

Signature/Provider # _____    RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

E-80

FORM 3105 (11/11)  STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name Rodriguez Ralph | DIN 17A0928 | Date of Birth 8/25/78 | Facility Name FCF |
|---|---|---|---|

**Subjective:** 43 y/o/M $\bar{c}$ injury to
(R) ankle, (R) wrist → rebound

**Objective:** on shin 12/30/21 during Facility
lockdown. (R) ankle less extremity but tender

**Assessment:** X-rays wet reading for FX but await official radiology
report

**Plan:** no work x 6 months
- no cast available for CF
1 crutch fitted - given to Pt

Continue Acewrap
+ all Rx

Last Name Rodriguez Ralph
DIN 17A0928   Location _____
Date 1/09/21   Time 10;40A
Provider Orders:

Signature/Provider # [signature] 499   RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:**

**Objective:**

## NO SHOW SICK CALL

**Assessment:**

**Plan:**

Last Name Rodriguez, R
DIN 17A0928   Location _____
Date 1-13-22   Time 1pm
Provider Orders:

Signature/Provider # [signature] RN 497   RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:**

**Objective:**

**Assessment:**

**Plan:**

Last Name _____
DIN _____   Location _____
Date _____   Time _____
Provider Orders:

Signature/Provider # _____   RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

E-81

# Exhibit-S

Sworn Affidavit of the
lack of medical care at
Fishkill Correctional facility

Im a inmate incarcerated a Fishkill Correctional Facility, and have severe medical issues, which include CROHNS DISEASE, and the facility has been giving me a different medication than what Ive always taken. This medication has severe side effects and causes me severe pain and suffering, all my attempts of getting my proper medication has failed and the medical staff has been Deliberately Indifferent to my medical needs and condition. I am making this sworn affidavit to R. Rodriguez so he can inform the proper authority and or Courts of this facilities actions and failure to act.

                        Respectfully submitted

        X Darrel Thomas
          Print                              2-5-22

        X Darrel Thomas
          Sign

E-82

# Exhibit - T

Request to receive
mental Health assistance.

Ralph Rodriguez
Din # 17A0928
Fishkill Correctional
Housing Unit 9-1          1-1-22

Mental Health supervisor/unit chief Jaffee
I am writing to you because on 12-30-21
Enstamated time of 6:45 Am C.E.R.T came
into my housing unit and violently maliriously
assaulted 7 inmates, myself included. I was
picked up, thrown on the floor and 5 CERT officer
violently assaulted me with closed fist. They
hurt my head, neck, back, Arm, wrist, Ribs
knees and Ankle. I am tramatized and
every time I hear banging or loud noises my
heart starts racing and I have a panic
attack, I have a mental health history and
file and I need to speak to someone
about what happened

E-83

## VERIFICATION

STATE OF NEW YORK )
                ) s.s.:
COUNTY OF DUTCHESS)

_Ralph Rodriguez_ being duly sworn, deposes and says that he is the Petitioner in the within proceeding and that he has read the foregoing Petition and knows the contents thereof; that the same is true to his own knowledge except as to matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true.

_Ralph Rodriguez_

SWORN TO BEFORE ME THIS 4th
DAY OF March, 2022

NOTARY PUBLIC

JESSICA STARSIAK
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Orange County
01ST6398368
MY COMMISSION EXPIRES 09/30/2023

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  ) s.s. :
COUNTY OF DUTCHESS)

_Ralph Rodriguez_, being duly sworn, deposes and states:

1.   I am over the age of 18 and reside at Fishkill Correctional Facility, P.O. Box 1245, Beacon, New York 12588-8245.

2.   On _3-4-22_, I served the within: _§1983 Complaint_

upon:

at the following address: _Attorney General Department of Law, the Capitol, Albany N.Y. 12224_

by depositing a true copy of the within in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the Department of Correctional Services of New York.

_Ralph Rodriguez_

SWORN TO BEFORE ME THIS _4th_

DAY OF _March_, 20 _22_

_____
NOTARY PUBLIC

JESSICA STARSIAK
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Orange County
01ST6398368
MY COMMISSION EXPIRES 09/30/2023

Complaint under the civil rights Act 1983 and the Americans with Disability Act title II and Section 504 of the Rehabilitation Act

Ralph Rodriguez
Din#17A0928
Plaintiff

— AGAINST —

Edward Burnett et. Al.,

1/22



Ralph Rodriguez
DIn # 17A0928
Fishkill Correctional Facility
P.O. Box 307
Beacon New York 12508

PRIORITY MAIL
neopost
03/15/2022
US POSTAGE $009.25⁰
ZIP 12508
041L1251115

FISHKILL
CORRECTIONAL
FACILITY

United States District Court
Southern District of NEW YORK
Daniel Patrick Moynihan United States
Courthouse, Attention- Pro Se Department
500 Pearl Street
NEW YORK, NEW YORK 10007

RECEIVED
MAR 16 2022
PRO SE OFFICE

P3
SDNY

Legal
Mail