LETITIA JAMES
ATTORNEY GENERAL

**BY ECF**
Hon. Philip M. Halpern
United States District Court,
300 Quarropas Street, Room
White Plains, New York 10601

> Defendants' request for leave to move to dismiss Plaintiff's Complaint is granted. In light of Plaintiff's *pro se* status, the Court's pre-motion conference requirement is hereby waived.
>
> Defendants shall serve and file their notice of motion and opening brief by September 12, 2022; Plaintiff shall file his opposition brief by October 12, 2022; Defendants shall serve and file their reply brief by October 26, 2022.
>
> Defendants are directed to serve a copy of this order on Plaintiff and file proof of service on the docket.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 24.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> August 9, 2022

Re: <u>Rodriguez v. Burnett et al., 22-CV-02198 (PMH)</u>

Dear Judge Halpern:

This Office represents the Defendants in this case, Akinola Franci Akinyombo, Edward Burnett, Sharon Frost, Alexandra Gibbons, Luis Gonzalez, Sally Reams, Mahnaz Sullivan-Davachi (A/K/A Davachi Sullivan), Charmaine Waylon, and John Woods ("Defendants").[1] In accordance with the Court's Individual Rules, I write to respectfully request a pre-motion conference and set forth the basis for the Defendants proposed motion to dismiss under Fed. R. Civ. P. 12. Please note this pre-motion letter is being filed subsequent to the exchange of letters between Plaintiff and Defendant that occurred pursuant to section 4(C) of this Court's Individual Rules.

**Relevant Allegations**

Plaintiff Ralph Rodriguez ("Plaintiff") is currently and was during all relevant times incarcerated at Fishkill Correctional Facility. Plaintiff's Complaint ("Comp.") (ECF Doc. No. 2) alleges seven different causes of action against various employees of the New York Department of Corrections and Community Supervision

---

[1] Please note that representation analysis has not yet been completed for Defendant Stephen Urbanski, who has retired from the Department of Correction and Community Supervision. To the extent this Court makes a ruling on the proposed motion to dismiss based on this letter pursuant to Section 2(C) of your Individual Rules, this Office respectfully requests that the Court review Defendant Urbanski's personal involvement in this matter under 28 U.S.C. § 1915A(b) despite the fact our Office does not yet represent him and therefore cannot move on his behalf.

("DOCCS") under 42 U.S.C. 1983, the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and under New York State Law. Plaintiff's claims involve several separate incidents, which are as follows: (1) Defendant Sally Reams, the inmate grievance program supervisor, is corrupt, as many of the grievances written while incarcerated at Fishkill have been ignored or denied. Comp. pp. 6 -10. (2) Defendant Sullivan has shown deliberate indifference to Plaintiff's disability and associated medical needs, denying the use of an "egg crate" under his mattress to alleviate his back pain, and not prescribing Gabapentin medication. Comp. pp. 11 – 15. (3) On December 30, 2021, Plaintiff was assaulted by Defendant Alexandra Gibbons when she took a mat from Plaintiff's bed and forced Plaintiff to stand against the wall for twenty minutes. The forced position allegedly caused Plaintiff to collapse and suffer injury. Plaintiff claims that Officer Gibbons's actions were not only excessive, but retaliatory, as a result of Plaintiff having previously sued other correction officers. Comp. pp. 16 – 18. (4) Plaintiff was denied entry into the Nyack College courses available to incarcerated individuals because he was disabled, in violation of the ADA and Section 504 of the Rehab Act. Comp. pp. 19 – 20. (5) The facilities of Fishkill, specifically in the 6-2 main building and the 9-1 building, are so unsanitary, dilapidated, and hostile, that it violates Plaintiff's rights. Comp. pp. 21 – 23. (6) Access to the law library is so limited it violates Plaintiff's rights. Plaintiff further specifies violations in the form of (i) a lack of supplies; (ii) requests for copies being denied by CO Dinkins; and (iii) lack of adequate legal assistance. Comp. pp. 24 – 26. (7) Defendants Sullivan and Akinyombo showed deliberate indifference to the medical needs of Plaintiff by denying him pain medication and medical accommodations. Defendant Burnett is responsible for "failing to supervise and ensure a custom created by medical staff was remedied." Comp. pp. 27 – 29.

**Argument**

Plaintiff has not plead sufficient facts which demonstrate that any of his claims are facially plausible. Instead, Plaintiff merely recites phrases and words implying violations but provide no factual support to demonstrate Plaintiff's rights were personally violated other than in conclusionary allegations, especially for

causes of action 1, 4 – 7.  See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).   The Complaint in its current form should be dismissed in its entirety for the failure to state a cause of action.

**I.  Grievances**

Plaintiff's first cause of action appears to claim that his grievances were not properly handled.  Comp. pp. 6 – 10.  This cause of action must fail as there is not a cause of action for failure to investigate complaints or otherwise having grievances mishandled.  See Cancel v. Goord, No. No. 00 CIV 2042 LMM, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001).

**II.  Deliberate Indifference to Medical Condition**

Plaintiff's deliberate indifference claims fail because he has not alleged that any of the Defendants were subjectively deliberately indifferent to an objectively serious medical risk.  See Salahuddin v. Goord, 467 F.3d 263, 279-81 (2d Cir. 2006).  Here, Plaintiff claims in his second and seventh causes of action that he was denied an "egg crate" or supportive padding for sleeping and was provided Meloxicam instead of Gabapentin for pain relief. Plaintiff's vague allegations of having suffered pain as a result of these alleged refusals fails to demonstrate an objectively serious medical risk.  See Comp. pp. 11 – 14, 27 – 29.  Further, not only does Plaintiff admit in his third cause of action that he was provided extra padding by a nurse within the facility (see ¶ 63), but, in any event, his dissatisfaction with the choice of treatment provided does not demonstrate deliberate indifference.  See Dichiara v. Pataki, No. 06 Civ. 6123, 2007 WL 749742, at * 3 (E.D.N.Y. Mar. 7, 2007).

**III.  Excessive Force**

Plaintiff's claim against Defendant Gibbons fails to allege sufficiently excessive force.  A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components: one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect. Wright v. Goord, 554 F.3d 255, 268 (2d Cir.  2009).  When prison officials are accused of using excessive force, the "wantonness" issue turns on whether "force applied was applied in a good-faith effort to maintain or restore discipline, or

maliciously and sadistically to cause harm." Id.  The facts alleged fail to show that Defendant Gibbons telling Plaintiff to stand upright, even if true, is an exercise borne out of malignant or sadistic motive.  See Comp., pp. 16 – 18. As alleged, Defendant Gibbons did not assault Plaintiff, and when she was informed that Plaintiff had fallen from standing, she summoned medical assistance, which contradicts a malicious motive in having him stand.  Comp. ¶ 70.  Moreover, a retaliation claim fails as this cause of action is bereft of any non-conclusory allegations of a causal connection between the allegedly excessive force and the filing of prior lawsuits.  See Thomas v. DeCastro, No. 14-CV-6409(KMK), 2018 WL 1322207, at *10 (S.D.N.Y. Mar. 13, 2018).

## IV.  Qualified Immunity

To the extent Plaintiff has made out a claim for excessive force against Defendant Gibbons, this claim should still be dismissed as Defendant Gibbons is entitled to qualified immunity.  Government officials are entitled to qualified immunity when either (1) the "official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,'" or (2) it was objectively reasonable for the official to believe that their acts did not violate these clearly established rights.  White v. Pauly, 580 U.S. 73, 77 (2017).   Here, even if Defendant Gibbons did force Plaintiff to stand upright, her behavior did not violate clearly established statutory or constitutional rights, and therefore she is entitled to qualified immunity regarding this incident.  See generally, Comp., pp. 16 – 18.  Similarly, because no other named Defendant has violated clearly established rights, qualified immunity is available to all personally-named Defendants as well.

## V.  Personal Involvement

Plaintiff's claims against Defendants Akinyombo, Defendant Burnett, Defendant Frost, Defendant Gonzalez, Defendant Urbanski, Defendant Waylon, and Defendant Woods fail as there are not sufficiently plead facts establishing their personal involvement in any of the events within the Complaint.  "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  Personal involvement

"requires a showing of more than the linkage in the prison chain of command; the doctrine of respondeat superior does not apply." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). Furthermore, without conceding that Plaintiff otherwise has valid claims, claims 4 – 7 fail to adequately plead the personal involvement of any named Defendant. See Comp., pp. 19 – 29. For the same reasons stated above, these claims should be dismissed.

## VI. State Law Claims

To the extent that Plaintiff is attempting to assert state law claims (see Comp., ¶ 3), these claims fail on jurisdictional grounds, as New York Correction Law Section 24 bars state law claims against employees of NYS DOCCS acting within the scope of their employment. See Baker v. Coughlin, 77 F.3d 12, 15 (2d Cir. 1996).

Accordingly, Defendants respectfully request a pre-motion conference or, alternatively, a briefing schedule, on the proposed motion to dismiss.

Respectfully submitted,

/s/ Andrew Blancato
ANDREW BLANCATO
Assistant Attorney General
New York Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-6359
andrew.blancato@ag.ny.gov

cc:   Ralph Rodriguez
      DIN: 17A0928
      Fishkill Correctional Facility
      P.O. Box 307
      Beacon, NY 12508