UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Ralph Rodriguez, Din # 17A0928
   Plaintiff (Pro-Se)

-A G A I N S T-

Burnett Edward., et., al
   Defendants

---

PLAINTIFFS RESPONSE IN
OPPOSITION TO
DEFENDANTS
"MOTION TO DISMISS"

No. 22-CV-02198(PMH)

PLEASE TAKE NOTICE, that upon the annexed affirmation of Ralph Rodriguez, Dien # 17A0928, affirmed this September, 20, 2022, and upon the EXHIBITS attached thereto, the pleadings herein, Plaintiff will move this Court, before Honorable Philip M. Halpern, United States District Judge, for an order pursuant to Fed.R.Civ.P 6.1 and 6(d), and 12, to: Deny Defendants Motion to Dismiss because on August. 9, 2022, an Order to Serve and file Defendants Motion to Dismiss on September. 12, 2022, and to date, Plaintiff has not been provided with Defendants "Motion to Dismiss", and Plaintiff took into account the Fed.R.Civ.P 6(d), giving Defendants a three day Grace period for service by mail, and Still no "Motion To Dismiss", was provided to Plaintiff, wherefore, Plaintiff has Answered Defendants Letter Propose request in accordance with this Courts Individual Rules pursuant to Section 4(c), and if this Honorable Court Denies Plaintiff request to Deny Motion to Dismiss by Defendants, that it be taken into account that Plaintiff was only able to answer the "Motion To Dismiss", based on the Limited information Contained within the Letter request, and that No Prejudice be found for Defendants failure to serve the Pending Motion timely to Plaintiff.

Wherefore Plaintiff Declare Under Penalty Of Perjury that the Foregoing information is True and Correct.

Dated/. September. 20, 2022

Respectfully Submitted By,

[signature]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Ralph Rodriguez, Din # 17A0928

        Plaintiff

-A G A I N S T-

Burnett Edward.,et.,al.,
        Defendants

_____

PLAINTIFFS AFFIRMATION IN
SUPPORT OF OPPOSITION TO
"MOTION TO DISMISS"

I, Ralph Rodriguez Din # 17A0928, affirm under penalty of perjury that:

1. I Ralph Rodriguez, am the Plaintiff in the above entitled action, and Respectfully move this Honorable Court to Issue an Order to "DENY" Defendants Motion to Dismiss.

2. The Reason why I am entitled to the Relief I seek is the Following (PLEASE SEE ATTACHMENT).

3. Wherefore, I Respectfully Request that this Honorable Court Grants this Motion, as Well as Any Further Relief Deemed Just and Proper.

I Declare Under Penalty Of Perjury that the Foregoing is True and Correct to the Best Of Plaintiffs Knowledge and Belief, Respectfully Submitted By,

*[signature: Ralph Rodriguez]*

Dated. September. 20, 2022

1. When ruling on a Defendants Motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint, (Erickson v. Pardus, 551 U.S 89, 94(2007), and draw all reasonable inferences in favor of the plaintiff, (Daniel v. T&M Prot.Res.,Inc, 992 F.Supp 2d 302, 304 n.1 (S.D.N.Y 2014)(Citing Koch v. Christie's Int'l PLC, 669 F.3d 141, 145 (2d Cir 2012).

2. Additionally in adjudicating Rule 12(b)(6) motion, a District Court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken, (Leonard F. v. Isr. Disc. Bank of N.Y 199 F.3d 99, 107 (2d Cir 1999), see also (Wang v. Palmisano, 157 F.Supp 3d 306, 317 (S.D.N.Y 2016).

3. However when the complaint is drafted by a Pro-Se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint", (Alsaifullah v. Furco, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug.2,2013), including "documents that a Pro-Se litigant attaches to his opposition papers, (Agu v. Rhea, No. 09-Cv-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec.15,2010), statements by plaintiff "submitted in response to a defendants request for a pre-motion conference, (Jones v. Fed. Bureau Of Prisons, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sep.19,2013), and "documents that the plaintiff either possessed or knew about upon which they relied in bringing the suit, (Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir 2000).

4. Where as here, plaintiff proceeds Pro-Se, the Court must "construe the complaint "Liberally and Interpret", it to raise the strongest arguments that it suggest, (Sykes v. Bank Of Am., 723 F.3d 399, 403 (2d Cir 2013), and plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face", and plaintiff included Detailed Facts, Sworn Affidavits, and Exhibits satisfying the requirements and obligations to provide more than "labels and Conclusions and a formulaic recitation of the elements of a cause of action", (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007).

5. Plaintiff has shown that defendants in the alleged Constitutional [...] personal involvement [...] (Grullon v. City Of New Haven [...] 138 (2d Cir 2013), and pleaded that each official defendant, through their own individual actions, has violated the Constitution (Ashcroft v. Iqbal, 556 U.S 662, 676 (2009) Iqbal, 556 U.S at 676), therefore plaintiff had plausibly allege that the Fishkill Defendants action fall into one of the five categories identified in (Grullon v City Of New Haven) and also (Johnson v. Schuylkit, No. 13-CV-2868, 2017 WL 327763, at *4 (S.D.N.Y. Jan.23,2014).

6. The Court may consider factual allegations raised for the first time in a Pro-Se plaintiff's opposition papers if they are plausible and consistent with the allegations in the complaint,(Vlad-Berindan v. MTA New York City Transit, No. 14-CV-675, 2014 WL 6982925, at *6 (S.D.N.Y. Dec.10,2014).

7. Defendants were all on notice of the Constitutional violations also after being informed of the violations through a report or Appeal, and failed to remedy the wrong See (Houston v. Capra 2022 WL 748250 (S.D.N.Y March.11,2022), where plaintiff argued the same Constitutional deprivation as claimant such as "Conditions Of Confinement", "Access to the Court", "Law Library Access", "Denial Of Sick Call", "Retaliation", "Medical Treatment", Deliberate Indifference to Serious Medical Need", "Eighth Amendment Cruel and Unusual punishment", against some of the same defendants as Claimant Sanoe L. Dickins, Akinola Akinyombo, David. S. Grant, Edward Bennett, and was on full notice of their actions and failure to act.

8. Defendants was also on full notice that the Grievance System within Fishkill Correctional was fully inadequate and corrupt creating a system that would not allow inmates to fully Exhaust Administrative remedies under the P.L.R.A, See (Alford v. Simmons 2016 WL 1267072 (S.D.N.Y March.30,2016 case no. 13-CV-7707) (Thompson v. South 2022 WL 912703, March.10,2022 16-CV-03477) (Abdallah v. Reznor 2018 WL 7118033 case no.

12-CV-8840(JPO) (O'Connor v. Featherston 2003 WL 554752 case no. 01-CV-3251(HB) (Shaw v. Ortiz 2016 WL 7410722 case no. 15-CV-8964(KMK), proving that it has been a long practice of the Inmate Grievance within Fishkill to make grievances unavailable.

9. Defendants knew or should have knew with multiple letters, grievances and being informed personally of the Constitutional violations of their subordinates, and was grossly negligent in supervising subordinates who committed the wrongful acts (Colon v. Coughlin, 58 F.3d 865, 873(2d Cir. 1995), and within the complaint their was enough information provided showing that defendants "knew or should have known that there was a high degree of risk that there subordinates would behave inappropriately, but either deliberately or recklessly disregarded that risk by failing to take action that a reasonable supervisor would find necessary to prevent such a risk, and that failure caused a Constitutional injury to plaintiff, (Frederick v. Sheahan, No. 10-CV-6527, 2014 WL 3749587, at *8 (W.D.N.Y. July.29,2014) (quoting Poe v. Leonard, 282 F.3d 123, 142 (2d Cir.2002).

10. Defendants alleged that plaintiff had not stated that the defendants where not subjectively deliberately indifferent to an objective serious medical risk, and within claim it was clearly alledged that defendants Sullivan and Akinyombo knew that claimant was disabled and was both informed that the deprivation of an Egg crate would cause and expose claimant to the unwanton infliction of cruel and unusual punishment and a severe deterioration of claimants medical condition, and was "Shown" a copy of claimants 1983 Rodriquez v City Of New York 15-CV-07945, and did nothing to assist claimant with his severe medical condition, and was directly responsible in failing to act and remedy a wrong.

11. Claimants disability and medical health is serious and without the proper medical care not only worsen claimants medical condition and health, but severely caused the mental stability of claimant to worsen, and their actions were intent after multiple letters were sent to there superiors complaining of there deliberate indifference to

of. [illegible] court, and was informed by Sullivan "you can stop writing complaints because your not going to get an Egg Crate because I don't give out Egg crate", plausibly showing her actions were with malice and the defendants CLAIM that a nurse provider can stop putting within the facility is "FALSE" as (3) Claimant was a nut free another subject, and at no time did any nurse give claimant an extra nut because only the M.D. Sullivan can provide an extra nut or Egg crate, showing how defendants failed to properly read complaint.

12. Defendants Claim that defendants actions or failure to act were not objectively deliberately indifferent to an objectively serious medical risk, vague allegations and denial of medical treatment is also false See Exhibit A, showing a full medical documentation of claimants medical condition, and severe nerve damage without proper medical care and attention would not only worsen claimants condition but cause future harm, and permanent damage, and in no way is Gabapentin a nonmedicinal relief as not Gabapentin medication not prescribed for severe nerve damage, and any care provider can attest to that, and any layperson to medical can consult the medication and see what it is used for, showing no need for a medical diagnosis by a professional to show that who whether, with regards, and or notice for one will be made if claim moves forward showing the medical condition within pf [illegible] was greatly neglected to claims medical harm.

13. Defendants also make allegations that defendant Gibson was not sufficient and should be dismissed is also False see (Hudson v. Crown), where officers know that to order an inmate carry dead bags in excess weight of 50 pounds would cause injury, and within claim enough allegations was provided to show defendants acts were malicious, intent and in retaliation.

14. To establish the subject component, a plaintiff must show defendants acted with "wantoness in light of the particular circumstances surrounding the challenged conduct, (Wright v Good), 554 F.3d at 255, and whether an action was "wanton" turns on whether it [illegible] to serve a legitimate

psychological objective", and not to maliciously and sadistically cause harm, (Matthews v. N.Y.S. Dep't of Corr. & Cmty. Supervision, 2020 WL 1030647, *7, * ** (S.D.N.Y. 3-3-2020), such was the result of defendants actions.

15. Claimant forcefully put to stand face forward near the wall while in severe disarray, and injured having to do so would cause harm with no legitimate psychological objective, was done so with the threat of force is plausibly sufficient to meet defendants actions and conduct violated contemporary standards of decency See e.g. (Matthews v. N.Y.S Dep't of Corr. & Cmty. Supervision, 2020 WL 1030647, at *7 (Excessive-force claim when correctional officer made inmate balance on their knees on hard surfaces for ten to fifteen minutes for no apparent reason).

16. Claimants Retaliation claim must also survive because claimants engages in a Constitutionally protected activity, when challenges actions done in violation of constitutional protected rights by filing a Complaint, Grievance or Civil Rights Lawsuit See (Gulon v. Connolly, 794 F.3d at 204, and claimant going to medical after being physically assaulted, and writing a grievance right after the incident is definite, and specific, and defendants actions occurring shortly after was close in time to the protected activity to the adverse actions (Clark County Sch. Dist. v. Breeden, 532 U.S 268, 273-74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).

17. Defendants claim of Qualified Immunity also fails because their conduct violated clearly established Statutory or Constitutional rights of which a reasonable person would have known (Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 410 (1982), and at no time was it objectively reasonable for them to believe that their actions did not violate the law, nor was the laws clearly not established at the time of the violations, especially with the years of experience they have working within the D.O.C.C.S.

18. Defendants claim that the "State Law Claim", fails on jurisdictional grounds is also false, because a state law claim is 'supplemental', to a federal Constitution or Statutory violation if it involves the same facts (28 U.S.C 1367 (2012), and a federal

5

Court will consider a Supplemental State Law Claim if it is included in a complaint is a non-frivolous Federal claim.

19. Defendants actions, failure to act and malice unprofessional conduct violated claimants Eighth Amendment Right to be free from Cruel and Unusual punishment and unwanted infliction of pain and suffering was clearly violated, (Hudson v. McMillian, 503 U.S. 1, 10, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156, 168 (1992) ((Chance v. Armstrong, 143 F.3d 698, 702, (2d Cir 1998).

20. Summary Judgement is appropriate only when the movant shown that "There is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law (Fed.R.Civ.P.56(a) (Rojoyes v. John Wiley & Sons, Inc, 742 F.3d 120, 123-24 (2d Cir 2014), and in "determining whether Summary Judgment is appropriate, a court must, construe the facts in the light most favorable to the non-movant party and resolve all ambiguities and draw all reasonable inferences against the movant (Brod v. Omya, Inc, 713 F.3d 146, 164 (2d Cir 2011).

21. Additionally it is the "movant's Burden", to show that no genuine factual dispute exists (Vt. Teddy Bear Co. v. 1-800 Beargram Co. 373 F.3d 241, 244 (2d Cir 2004), and claimant has provided specific facts showing that there is a genuine issue for trial (Senoul v. Cty. of Erie, 889 F.3d 24, 30 (2d Cir 2012).

22. The Second Circuit has instructed that when a court considers a motion for Summary Judgment "Special Solicitude" should be afforded to a Pro-se litigant (Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir 1988),

plaintiff's denial of a second mattress, because the mattress currently used on the headspace is to constitute an unconstitutional deprivation, and Defendant Sullivan and officer Gibbons was told and knew that plaintiff had a serious medical condition both prior and current that required the use of a second mattress. See Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013).

23. Plaintiff had and has a medical condition requiring a non-standard bed to protect against serious damage to future health, and Defendants knew or should have know while in custody of medical records on being told of the immediate need, having medical documentation of an injury to plaintiffs Lumbar region of the spine, with suffering from "Diagnosed Chronic Lower-back pain".

24. A request for a second mattress or Egg Crate was made to accommodate the condition, and the request was denied, see Harris v. Shore, No. 15-CV-1429, 2015 WL 1942755, at *1-4 (S.D.N.Y. Dec.3,2015).

25. Defendant Alexander Gibbons, removal of plaintiffs mattress was intentional to cause severe pain and knowing that plaintiff's medical condition was severe and deprivation of the mattress was done so with malice, because aside from the log book which she used knowing full well that had happen to plaintiff there is also a list in the C.O.'s bubble even for all the inmates within the units program and medical conditions with documentation, and was and acted within the unit's number of time that knew plaintiff was Disable and had severe medical condition.

26. Officer Gibbons Conduct violated clearly established Statutory and Constitutional law, which a reasonable person would have known, and her acts to make plaintiff stand facing the wall knowing plaintiff had severe injury to his leg was done so in malice and without just cause, with the intention of causing pain and suffering which it did and made the medical condition worse.

27. Officer Gibbons is not entitled to Qualified Immunity, ...

(7)

actions and failure to act would be in violation of clearly established law, and it is reason for defendants to "Do as they Please", without any fear of reprimand because the supervisors within the facility rarely if ever reprimand officers for these actions, even when they are informed personally, with reports and grievances, and failed to remedy or even state/doing nothing, such as was the case with the Superintendent Bennett, Akinyombo, Frost, Gonzalez, Taylor, Wood; creating a custom of "Turning a Blind Eye", to the negligence, wrong and doing nothing to remedy problems brought forth by prisoners, for example multiple letters and grievances was submitted about Supervisor on Rounds failing to process grievances and failing to properly follow directive 4040, and 4041 and allowed for the "wrongful actions", to continue because she is the one that blocks prisoners attempts to grieve issues and knows full well that failure to grieve an issue ends finding no further claim for relief, being the "Shield" to unions officials within Fishkill Correctional".

28. To assure that enough information was provided in regards to Officer Dinkler, plaintiffs attempt to get Notary, legal assistance and supplies from the Law Library which she refused to assist plaintiff was done so on a number of occasions but due to the reaction done on plaintiff's subject case, many of the dates identified, but on August 24, 2022, was denied access to the court, as well as one issue within August, twice in July, and more information could be provided upon Discovery.

29. To assure that no defendant can claim immunity plaintiff has rely on Court proceedings and appeals dealing with the same issues, against defendants and prior plaintiffs who moved forward with the same issues and no actions to remedy the wrong was done See Thompson v. Nish 16-CV-CV77(GM) 2023 WL 905798) Howell V. New York State D.O.C.C.S No. 15-CV-7967(BM) 2019 WL 3924829) (Amaal v. Siracuse, No. 12-CV-770(MAC) 2016 WL 1237972) (Green v. Bui, No. 9:19-CV-885(GMH/CJS) 2020 WL 105934) (Kendall v. Cuomo, No. 12-CV-3499(ATC)(HBD) 2013 WL 5493790) (Genca v. C.E.R.T, No. 27-CV-4091(C) 2022 WL 2469972), all of the mentioned Civil Rights Violation cases were done Fishkill Correctional Facility, and the issues raised within them, were the same as plaintiff or closely related, and all a civil action to monies, done by the Supervisors within

(8)

Fishkill was at all times on notice of Defendants actions and failure to not how answer a wrong that by law to long continues to be done.

*Ralph Rodriguez* (signature)

Ralph Rodriguez
Din # 17A0528
Fishkill Correctional facility
P.O Box 307
Beacon, NY 12508

CC. Sent to
Andrew Blancato Attorney General
28 Liberty Street
New York, NY 10005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ralph Rodriguez
(Pro-se Plaintiff) Din # 17A0928

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

7:22 Civ. 02198 (PMH) ( )

- against -

Burnett Edward. et. Al.
Defendants

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Ralph Rodriguez, declare under penalty of perjury that I have
*(name)*

served a copy of the attached Plaintiff Response in opposition to "Motion to dismiss"
*(document you are serving)*

upon Andrew Blancato Attorney General whose address is
*(name of person served)*

28 Liberty St. New York New York 10005
*(where you served document)*

by Mail within Fishkill Correctional
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Dutchess, NY
*(town/city)* *(state)*

September 20, 2022
*(month)* *(day)* *(year)*

Signature: [signed]

Address: Fishkill Correctional Facility

City, State: P.O Box 307

Zip Code: Beacon, New York 12508

Telephone Number: _____

*Rev. 05/2010*

Rodriguez
17A0928

FISHKILL
CORRECTIONAL
FACILITY

neopost
09/20/2022
US POSTAGE $001.16
ZIP 12508
041L11251113