UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RALPH RODRIGUEZ,                                :

                                                  22-CV-02198-PMH

             Plaintiff,                      :

   -against-                                    :

EDWARD BURNETT, et al.,                    :

             Defendant.                    :
-------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

    POINT I: PLAINTIFF'S FIRST CAUSE OF ACTION ALLEGING THE IMPROPER HANDLING OF HIS GRIEVANCES SHOULD BE DISMISSED AS THIS IS NOT A VALID CAUSE OF ACTION. ....................................................................... 3

    POINT II: DEFENDANT GIBBONS IS ENTITLED TO QUALIFIED IMMUNITY. ............. 4

    POINT III: PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE THE PERSONAL INVOLVEMENT OF DEFENDANTS. ................................................................. 4

    POINT IV: PLAINTIFF'S SECOND AND SEVENTH CAUSES OF ACTION ALLEGING DELIBERATE INDIFFERENCE TO HIS MEDICAL NEEDS FAILS BECAUSE HE NEITHER PLEADS SUFFICIENT FACTS TO DEMONSTRATE AN OBJECTIVELY SERIOUS MEDICAL RISK NOR DOES PLAINTIFF PLEAD SUFFICIENT FACTS TO INDICATE DELIBERATE INDIFFERENCE BY A DEFENDANT. ...................................................................................................... 6

    POINT V: PLAINTIFF'S STATE LAW CLAIMS FAIL ON JURISDICTIONAL GROUNDS AND THE ELEVENTH AMENDMENT BARS OFFICIAL CAPACITY DAMAGES CLAIMS. ......................................................................................... 7

CONCLUSION......................................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. al-Kidd*,
 563 U.S. 731 (2011)..................................................................................................................4

*Ayers v. Coughlin*,
 780 F.2d 205 (2d Cir. 1985).......................................................................................................5

*Baez v. New York*,
 56 F. Supp. 3d 456 (S.D.N.Y. 2014)..........................................................................................2

*Burton v. Lynch*,
 664 F. Supp. 2d 349 (S.D.N.Y. 2009)........................................................................................3

*Cancel v. Goord*,
 No. No. 00 CIV 2042 LMM, 2001 WL 303713 (S.D.N.Y. Mar. 29, 2001)...............................3

*Chance v. Armstrong*,
 143 F.3d 698 (2d Cir. 1998).......................................................................................................7

*Dichiara v. Pataki*,
 2007 WL 749742 (E.D.N.Y. 2007)............................................................................................7

*Edwards v. Annucci*,
 No. 17 CV 5018 (VB), 2019 WL 1284295, at *6 (S.D.N.Y. Mar. 20, 2019)............................5

*Farmer v. Brennan*,
 511 U.S. 825 (1994)...................................................................................................................6

*Islam v. Goord*,
 No. 05 Civ. 7502 (RJH), 2006 WL 2819651 (S.D.N.Y. Sept. 29, 2006) ..................................2

*Johnson v. McKay*,
 No. 14 Civ. 0803, 2015 WL 1735102 (N.D.N.Y. April 16, 2015) ............................................3

*O'Brien v. Nat'l Prop. Analysts Partners*,
 719 F. Supp. 222 (S.D.N.Y. 1989) ............................................................................................2

*Rahman v. Fischer*,
 607 F.Supp.2d 580 (S.D.N.Y. 2009)..........................................................................................3

*Salahuddin v. Goord*,
 467 F.3d 263 (2d Cir. 2006).......................................................................................................6

*Sonds v. St. Barnabas Hosp. Corr. Health Servs.*,
 151 F. Supp. 2d 303 (S.D.N.Y. 2001).................................................................................... 6-7

*Tangreti v. Bachmann*,
   983 F.3d 609 (2d Cir. 2020)..................................................................................................5

*White v. Pauly*,
   580 U.S. 73 (2017)................................................................................................................4

*Wright v. Smith*,
   21 F.3d 496 (2d Cir. 1994)....................................................................................................5

# PRELIMINARY STATEMENT

This reply memorandum is submitted by Letitia James, Attorney General of New York State, on behalf of defendants Edward Burnett, Akinola Franci Akinyombo, Sharon Frost, Alexandra Gibbons, Luis Gonzalez, Sally Reams, Mahnaz Sullivan-Davachi (A/K/A Davachi Sullivan), Charmaine Waylon, Stephen Urbanski and John Woods ("Defendants") in reply to Plaintiff's opposition dated September 29, 2022 and in further support of the Defendants' motion to dismiss plaintiff Ralph Rodriguez's ("Plaintiff") complaint ("complaint" or "comp."). Plaintiff is an incarcerated individual currently and at all relevant times incarcerated at Fishkill Correctional Facility ("Fishkill"). In his complaint, Plaintiff lists seven different injuries allegedly caused by the named defendants that Plaintiff believes to be violations of his Constitutional rights, the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and unspecified portions of New York State Law. Despite authoring a Complaint that is 175 pages (when including exhibits), Plaintiff fails to plead sufficient facts which demonstrate that any of his claims are facially plausible.

Defendant moved to dismiss Plaintiff's Complaint on August 10, 2022 arguing that (1) Plaintiff's complaint failed to state a cause of action; (2) the improper handling of grievances is not a valid cause of action; (3) the deliberate indifference claims in Plaintiff's complaint fail to plead sufficient facts demonstrating both a serious medical risk and deliberate indifference; (4) no Plaintiff's excessive force claim fails to plead facts sufficient to demonstrate wantonness or retaliation; (5) Defendant Gibbons is entitled to qualified immunity; (6) Plaintiff fails to demonstrate the personal involvement of Defendants Akinyombo, Burnett, Frost, Gonzalez, Urbanski, Waylon, and Woods 2022; (7) Plaintiff's state law claims fail on jurisdictional grounds and (8) Plaintiff's official capacity claims are barred by the Eleventh Amendment.

1

In opposition, Plaintiff responds to all Defendants' arguments in support except for the jurisdictional and Eleventh Amendment arguments mentioned above. See generally, Pl. Opp. Notwithstanding those arguments in opposition, Plaintiff fails to rebut Defendants' arguments and his Complaint should be dismissed.

**ARGUMENT**

As an initial matter, new allegations not previously pleaded in a complaint should not be considered by the Court in opposition to a motion to dismiss. O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss"); see also Baez v. New York, 56 F. Supp. 3d 456, 470 (S.D.N.Y. 2014) ("Plaintiff cannot amend her Complaint in her opposition to a motion to dismiss.") (citation omitted); Islam v. Goord, No. 05 Civ. 7502, (RJH), 2006 WL 2819651, at *1 (S.D.N.Y. Sept. 29, 2006) (refusing to consider new factual allegations made by an inmate-plaintiff in an affidavit submitted in opposition to a motion to dismiss). Plaintiff's brief in opposition seems to offer new facts or allegations not previously pled in his Complaint. Plaintiff's claim of excessive force and retaliation against now includes claims of harassment by Defendant Gibbons through September 2022. See Pl. Opp., pp. 32 – 33.[1] Defendants respectfully request that the Court disregard these new allegations, and any other allegations that appear for the first time in opposition to the instant motion.

---

[1] All references to page numbers will refer to those indexed in the PDF reader rather than those listed manually by plaintiff on the bottom of each page of his opposition. Plaintiff is being provided with a copy of his PDF paginated brief with this reply brief.

**POINT I: PLAINTIFF'S FIRST CAUSE OF ACTION ALLEGING THE IMPROPER HANDLING OF HIS GRIEVANCES SHOULD BE DISMISSED AS THIS IS NOT A VALID CAUSE OF ACTION.**

Plaintiff's first cause of action appears to claim that his grievances were not properly handled.  Comp. pp. 6 – 10 ("Plaintiff has been in Fishkill Correctional for on or about two years, and have filed multiple grievances, and not once was a grievance ruled in plaintiff's favor, regardless of the documents or evidence provided").  However, there is not an actionable claim for failure to investigate complaints or otherwise having grievances mishandled.  See Cancel v. Goord, No. No. 00 CIV 2042 LMM, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) ("the refusal to process an inmate's grievance or failure to see to it that grievances are properly processed does not create a claim under § 1983").

In opposition, Plaintiff claims that he "knows there is no Constitutional protections against Grievances," but there is a "First Amendment protection against being denied the ability to "PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCES." Complaint, p. 26 (Caps in original).  The distinction Plaintiff attempts to make is unclear to the undersigned, but to the extent Plaintiff is claiming the grievance system itself is improperly managed, this also is not a viable cause of action.  See Johnson v. McKay, No. 14 Civ. 0803, 2015 WL 1735102, * at 6 (N.D.N.Y. April 16, 2015) (denial of access to grievance does not implicate or give rise to a constitutional claim).  To the extent that Plaintiff seeks to use the handling of his grievances to establish the personal involvement of certain defendants, an inadequate investigation of an assault, or other violation of rights after the fact, does not make the investigator liable for the wrongdoing complained about.  See Rahman v. Fischer, 607 F.Supp.2d 580, 585 (S.D.N.Y. 2009); Burton v. Lynch, 664 F. Supp. 2d 349, 361-362 (S.D.N.Y. 2009).  Accordingly, Plaintiff's claim regarding his prior grievances must be dismissed.

**POINT II: DEFENDANT GIBBONS IS ENTITLED TO QUALIFIED IMMUNITY.**

To the extent Plaintiff has made out a claim for excessive force against Defendant CO Gibbons, this claim should still be dismissed as Defendant CO Gibbons is entitled to qualified immunity. Government officials are entitled to qualified immunity when either (1) the "official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,'" or (2) it was objectively reasonable for the official to believe that their acts did not violate these clearly established rights. White v. Pauly, 580 U.S. 73, 77 (2017). "[C]onduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Here, Defendant CO Gibbons' behavior did not violate clearly established statutory or constitutional rights. Plaintiff alleges that Defendant CO Gibbons commanded Plaintiff to stand upright against a wall, and allegedly threatened him if he did not comply. See Comp., ¶ 67.

In opposition, Plaintiff claims that it would be "impossible for a reasonable jury to conclude that the Defendants' actions and/or Failure to act . . . was in fact induced by improper conduct of clearly established law." Pl. Opp., p. 34. Assuming Plaintiff meant no reasonable jury could find CO Gibbons' actions were objectively reasonable, Defendants disagree, as the Supreme Court instructs "not to define clearly established law at a high level of generality." Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011).

**POINT III: PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE THE PERSONAL INVOLVEMENT OF DEFENDANTS.**

Plaintiff's claims against Defendants Akinyombo, Burnett, Frost, Gonzalez, Urbanski, Waylon, and Woods fail as there are no sufficiently pleaded facts establishing their personal involvement in any of the events within the Complaint. "It is well settled in this Circuit that

4

'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Personal involvement "requires a showing of more than the linkage in the prison chain of command; the doctrine of respondeat superior does not apply." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676).

Plaintiff's opposition to this point seems to simply state the position of these Defendants and rephrase the same conclusory and vague allegations made about supervisory DOCCS officials that Plaintiff made in his Complaint. See Pl. Opp., p. 35 ("Plaintiff has included evidence that can be concluded that each and every Defendant was aware of the situation and through the officials own actions or failure to act through the Officials own Individual acts has failed in their duty . . ."). As indicated in the underlying motion to dismiss, holding a position of authority, by itself, does not establish personal involvement. See Edwards v. Annucci, No. 17 CV 5018 (VB), 2019 WL 1284295, at *6 (S.D.N.Y. Mar. 20, 2019). Instead, Plaintiff is required to "'plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (citing Iqbal, 556 U.S. at 676). As Plaintiff has failed to do so here against Defendants Akinyombo, Burnett, Frost, Gonzalez, Urbanski, Waylon, and Woods, these claims must be dismissed.

**POINT IV: PLAINTIFF'S SECOND AND SEVENTH CAUSES OF ACTION ALLEGING DELIBERATE INDIFFERENCE TO HIS MEDICAL NEEDS FAILS BECAUSE HE NEITHER PLEADS SUFFICIENT FACTS TO DEMONSTRATE AN OBJECTIVELY SERIOUS MEDICAL RISK NOR DOES PLAINTIFF PLEAD SUFFICIENT FACTS TO INDICATE DELIBERATE INDIFFERENCE BY A DEFENDANT.**

Plaintiff's claim of deliberate indifference to his medical needs (second and seventh causes of action) fails because he has not alleged that any of the Defendants were subjectively deliberately indifferent to an objectively serious medical risk. The Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "not every lapse in medical care is a constitutional wrong." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006).

Here, Plaintiff claims in his second and seventh causes of action that he was denied an "egg crate" or supportive padding for sleeping and was provided Meloxicam instead of Gabapentin for pain relief. See Comp., ¶¶ 40, 52. In his opposition brief, Plaintiff attaches several documents seemingly aimed at substantiating the objectively serious medical risk of allowing him to sleep without an egg crate, including a decision by an Administrative Law Judge of the United States Social Security Administration finding Plaintiff to be disabled for injuries suffered to his *right hand, right arm,* as well as having depressive disorder. See Pl. Opp., pp. 8 – 20. Plaintiff also provides medical records demonstrating he had complaints of abdominal pain (Id., p. 21). Even assuming these records were relevant to his request for an egg crate accommodation, Plaintiff's Eighth Amendment claim against Defendant Sullivan, the nurse practitioner at Fishkill who assisted him with his medical ailments, further fails because it is predicated upon his assertion that he should have either received more treatment or that he disagreed with the treatment he was provided. Such allegations do not constitute an Eighth Amendment violation because "prison officials and medical officers have wide discretion in treating [incarcerated individuals]," Sonds

6

v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001), and Plaintiff is "not entitled to the best healthcare possible or even to a choice among available treatment modalities". Dichiara v. Pataki, 2007 WL 749742, *3 (E.D.N.Y. 2007).

Plaintiff's medical indifference claim regarding his prescriptions fails for the same reason. Plaintiff alleges Defendant Sullivan prescribed him Gabapentin medication rather than Meloxicam. Comp. pp. 11 – 15. This claim, however, amounts merely to a disagreement with Defendant Sullivan about his medical care, which does not establish any Eighth Amendment violation, (see Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); Dichiara, 2007 WL 749742, at * 3), but rather, "implicate[s] medical judgments" which, again, is not an Eighth Amendment violation, Sonds, 151 F. Supp. 2d at 312 (citations omitted). Accordingly, Plaintiff's medical indifference claims must fail.

**POINT V: PLAINTIFF'S STATE LAW CLAIMS FAIL ON JURISDICTIONAL GROUNDS AND THE ELEVENTH AMENDMENT BARS OFFICIAL CAPACITY DAMAGES CLAIMS.**

Plaintiff did not submit opposition to Defendants' argument that state law claims should be dismissed on jurisdictional grounds and the Eleventh Amendment bars official capacity claims. See generally, Pl. in Opp. For this reason, and for the reasons stated in the underlying motion, those claims should be dismissed as well.

## CONCLUSION

For the reasons set forth in the moving brief and this Reply Memorandum of Law, Defendants respectfully request that the Court grant their motion to dismiss Plaintiff's Complaint in its entirety and enter judgment dismissing all of the claims in this action, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York

October 26, 2022

        Respectfully submitted,

        LETITIA JAMES
        Attorney General of the
        State of New York
        <u>Attorney for Defendant</u>
        By:

        <u>*/s/ Andrew Blancato*</u>
        Andrew Blancato
        Assistant Attorney General
        28 Liberty Street
        New York, NY 10005
        (212) 416- 6359

To: VIA US MAIL

Ralph Rodriguez
DIN 17A0928
Fishkill Correctional Facility
P.O. Box 307
Beacon, NY 12508