UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ralph Rodriguez, Din # 17A0928

    Plaintiff

 - A G A I N S T -

Edward Burnett., et., al

    Defendant

22-cv-02198 (PMH)

Memorandum in support of

MOTION REQUEST FOR

AN EXPERT WITNESS

---

> Defendants are directed to respond to Plaintiffs letters filed on October 13, 2023 (Docs. 53, 55, 57) by October 24, 2023.
>
> The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.
>
> SO ORDERED.
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>    October 17, 2023

---

I Ralph Rodriguez, incarcerated individual Din # 17A0928, currently located at Fishkill Correctional Facility, P.O Box 307, Beacon New York 12508, being Pro-Se depose and states the following as true and correct;

1. Plaintiff on June. 6, 2022 was granted "In Forma Pauperis"(IFP) by Honorable Swain and the information provided granting IFP is currently unchanged and plaintiff is indigent.

2. A "Civil Case Discovery Plan And [Scheduling Order was issued on ...] 2023 by Honorable Judge Philip M. Halpern [...] Assistant Attorney General currently [...] has been made regarding discovery reque[sts...]

3. On or about August. 21, 2023 def[endants Rule] 26(A)(1), was mailed to plaintiff, which [contained a list of witnesses defense] is planning to have testify during trial.

4. This list of witnesses made by the defense contains experts in their field, and in order for plaintiff to rebut the defenses testimony about the medical issues involved, an "Expert Witness" is needed by plaintiff.

5. Plaintiff being Pro Se and an incarcerated individual within the department of corrections, and has no experience with the federal laws involved, or the ability to acquire an expert witness.

6. An expert witness is a person with "scientific, technical or other specialized

knowledge" who are allowed to testify to their opinions on matters within their expertise, and many prison cases "cannot be won without the use of an expert witness", see Beard v. Banks, 548 U S 521, 534, 126 S.Ct. 2572 (2006).

7. An expert witness is vital to plaintiffs claim, dealing with issues involving medical and neurological which are confusing and conflicting, and can assist the Court and Jury in understanding these issues, see Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th cir 1999).

8. The appointment of an expert witness for trial or counsel to assist with pre-trial pleadings would insure that plaintiffs case is not a wholly one-sided presentation by the defendants on the issues pertaining to medical, see Steele v. Shah 87 F 3d1266, 1271 (11th cir 1996).

9 The appointment of experts have been made or highly suggested by the Courts in a number of prisoners cases, see Taylor v. Michigan Dep't of Corrections 69 F.3d 76, 82-83 (6th cir 1995), Williams v. McKeithen 963 F.2d 70, 71-72 (5th cir 1992), Mckinney v. Anderson 924 F.2d 1500, 1510-11 (9th cir), and rulings have been rendered "disapproving District Courts Denials of Motion for an Expert Witness), when properly pleaded timely, see Spann v. Roper 453 F.3d 1007, 1008 (8th cir 2006).

10. Plaintiffs claims include issues regarding the medical need for an egg crate and the benefits of having one and the implications of denying a person medically qualified to have one.

11. plaintiff is in need of an expert witness to inform the court and jury of defendants discontinuation of another experts authorization for plaintiff to have and use the medical equipment authorized prior to the defendants direct deliberate indifference to plaintiffs health by denying to continue treatment, and its effects denying one.

12. Plaintiffs worsening of health due to this discontinuation and injuries sustained by defendants actions in making plaintiff stand for a prelong period of time, against medical orders and after plaintiff was assaulted, sustaining new

injuries and what those new injuries was.

13. Claims regarding the denial of neurological medication, plaintiff was on prior to defendants denying such medication after injuries sustained required such medication.

14. The deterioration of plaintiffs health due to the direct deliberate indifference of defendants.

15. All medical issues any lay person in the field of medical will find confusing and conflicting, see Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th cir 1999).

16. Appointment of an expert witness is needed to rebut defendant witness Davachi M. Sullivan, and appointment of an independent expert can be made by this Honorable Court, see Rule 706(a) Fed.R.Evid.

17. Absent an expert witness and or Counsel to assist an indigent pro-se prisoner would lead to the dismissal of plaintiff case involving claims with merit, see Hannah v. U.S 523 F.3d 597 (5th cir 2008).

18. This Honorable Court can also order that an expert witness be granted and the defendants can be held liable for the full payment of such experts needed, for indigent plaintiff see Rule 706(b) Fed.R.Evid, placing "no burden on the Court itself."

19. Factual issues that may merit the appointment of counsel include those requiring the use of an expert witness, see Steele v. Shah 87 F.3d 1266, 1271 (11th cir 1996), such as many medical issues with claim, see Greeno v. Daley, 414 F.3d 645, 658 (7th cir 2005), and multiple witness are being called involving conflicting testimony, see Bright v. Hickman, 96 F Supp 2d 572, 577-78(E.D tex2000).

20. The issues involved in plaintiffs claims are complex enough to include the application of the Eighth Amendment "Totality Of The Condition" standard, see Nilsson v. Coughlin, 670 F.Supp 1186, 1189 (S.D.N.Y 1987), and the defendants qualified

immunity defense, see LaFrance v. Rampone, 678 F.Supp 72, 73 (D.Vt.1988).

21. There are also questions of the extent of prisoners rights under the Federal Disability Statutes, see Flakes v. Frank, 322 F.Supp 2d 981, 983(W.D.WIS.2004)and determinging whether a prison regulation violates the Turner v. Safley "Reasonable Relationship" Standard, see Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th cir 1991).

22. Furthermore medical cases frequently involve technical issues that Pro-Se prisoners are unable to deal with adequately and require the use of an Expert Witness, and or the Appointment of Counsel, see Tabron v. Grace, 6 F.3d 147, 155, (3rd cir 1993), and plaintiff has made multiple request to law firms and organizations for assistance and representation with no success, sending out three letters last week alone.

Wherefore plaintiff humbly request for all the reasons stated that an "Expert Witness", be granted or "Appointment of limited Counsel", to assist pro-se indigent, layman to the law, whom is incarcerated and claim is complex, including issues that are complex and require assistance.

10-4-2023

C.C. District Attorneys Office
Andrew Blancato
28 Liberty street
New York, NY 10005

Southern District Court
Pro-se Department
500 pearl Street
New York, NY 10007

X Ralph Rodriguez
D.in # 17A0928

X Ralph Rodriguez
Fishkill Correctional Facility
P.O. Box 307
Beacon NY 12508

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ralph Rodriguez
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

22 Civ. 02198 (PMH) (___)

-against-

Edward Burnett, et. Al

**APPLICATION FOR THE COURT TO REQUEST COUNSEL**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Ralph Rodriguez, *(print or type your name)* am a party in this case and am unable to afford the services of an attorney. I hereby request the Court to grant my request for counsel to represent me in this proceedings.

1. In support of my application, I provide the following information:

   A. Explain why you feel you need a lawyer in this case. (Use additional paper if necessary)
   Prison rules forbid plaintiff from obtaining records that can help plaintiff discover or locate witnesses, see Johnson v Howard, 20 F.Supp 2d 1128, 1129 (W.D. Mich 1998). Case to complex, and a medical expert is needed as well.

   B. Explain what steps you have taken to find an attorney and with what results. (Use additional paper if necessary)
   Plaintiff has written a vast number of firms and organizations, including LAG, with no success, and plaintiff being In forma Pauperis status can not afford one.

   C. If you need a lawyer who speaks in a language other than English, state what language you speak:

①

2. In further support of my application, I declare that (check appropriate box):

[X] I have previously filed a Request to Proceed *In Forma Pauperis* application in this proceeding, and it is a true and correct representation of my current financial status.

[ ] I have not previously filed a Request to Proceed *In Forma Pauperis* in this proceeding, and now attach an original Request to Proceed *In Forma Pauperis* application detailing my financial status.

[ ] I have previously filed a Request to Proceed *In Forma Pauperis* application in this proceeding, however, my financial status has changed. I have attached another Request to Proceed *In Forma Pauperis* application showing my current financial status.

3. I understand that if a lawyer volunteers to represent me and that lawyer learns that I can afford to pay for a lawyer, the lawyer may give this information to the Court.

4. I understand that if my answers on this application are false, my case may be dismissed.

5. **I declare under penalty of perjury that the foregoing is true and correct.**

Dated: 10-4-2023                    _____
                                           Signature

\*\*\*Please note that even if the Court grants your request for counsel, you will receive *pro bono* counsel only if a member of the Court's *Pro Bono* panel volunteers to take your case. There is no guarantee that you will actually get counsel.\*\*\*

C.C.
District Attorney's Office
Andrew Blancato
28 Liberty Street
New York, NY 10005

Southern District Court
Pro-Se Department
500 Pearl Street
New York, NY 10007

*Rev. 10/2010*

②

Ralph Rodriguez
DIN# 17A0928
Fishkill Correctional facility
P.O. Box 37
Beacon NY 12508

Legal Mail
Urgent

RECEIVED
OCT 13 2023
PRO SE OFFICE

Southern District Court
Pro-Se Department
500 Pearl Street
New York, NY 10007

22-cv-10056 (PMH)
22-cv-02198 (PMH)