UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ralph Rodriguez, Din # 17A0928

    Plaintiff

- A G A I N S T -

Edward Burnett., et., al

    Defendant

22-cv-02198 (PMH)

Memorandum in support of

MOTION REQUEST FOR

AN EXPERT WITNESS

---

I Ralph Rodriguez, incarcerated individual Din # 17A0928, currently located at Fishkill Correctional Facility, P.O Box 307, Beacon New York 12508, being Pro-Se depose and states the following as true and correct;

1. Plaintiff on June. 6, 2022 wa[s seen by Dr.] Swain and the information provided [...] is indigent.

2. A "Civil Case Discovery Plan A[nd Scheduling Order was issued on ...] 2023 by Honorable Judge Philip M. Ha[lpern ...] Assistant Attorney General currentl[y ...] has been made regarding discovery re[quest ...]

3. On or about August. 21, 2023 [... pursuant to Rule] 26(A)(1), was mailed to plaintiff, w[ith a list of witnesses defense] is planning to have testify during t[rial ...]

4. This list of witnesses made by [defense ...] in order for plaintiff to rebut th[e defenses testimony about the medical issues] involved, an "Expert Witness" is needed by plaintiff.

5. Plaintiff being Pro Se and an incarcerated individual within the department of corrections, and has no experience with the federal laws involved, or the ability to acquire an expert witness.

6. An expert witness is a person with "scientific, technical or other specialized

---

To the extent Plaintiff moves for the appointment of an expert witness pursuant to Fed. R. Civ. P. 706(a), that application is denied. Plaintiff has not made a sufficient showing that appointment of an expert witness is necessary to prove his claims.

To the extent Plaintiff seeks appointment of counsel, that application is denied. Plaintiff may seek assistance from NYLAG, as explained in the Court's May 31, 2023 Order. (Doc. 39.)

The Clerk of Court is respectfully directed to (i) mail a copy of this Order to Plaintiff and (ii) terminate the motion sequences pending at Docs. 53 and 55.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
   October 25, 2023

knowledge" who are allowed to testify to their opinions on matters within their expertise, and many prison cases "cannot be won without the use of an expert witness", see Beard v. Banks, 548 U S 521, 534, 126 S.Ct. 2572 (2006).

7. An expert witness is vital to plaintiffs claim, dealing with issues involving medical and neurological which are confusing and conflicting, and can assist the Court and Jury in understanding these issues, see Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th cir 1999).

8. The appointment of an expert witness for trial or counsel to assist with pre-trial pleadings would insure that plaintiffs case is not a wholly one-sided presentation by the defendants on the issues pertaining to medical, see Steele v. Shah 87 F 3d1266, 1271 (11th cir 1996).

9 The appointment of experts have been made or highly suggested by the Courts in a number of prisoners cases, see Taylor v. Michigan Dep't of Corrections 69 F.3d 76, 82-83 (6th cir 1995), Williams v. McKeithen 963 F.2d 70, 71-72 (5th cir 1992), Mckinney v. Anderson 924 F.2d 1500, 1510-11 (9th cir), and rulings have been rendered "disapproving District Courts Denials of Motion for an Expert Witness), when properly pleaded timely, see Spann v. Roper 453 F.3d 1007, 1008 (8th cir 2006).

10. Plaintiffs claims include issues regarding the medical need for an egg crate and the benefits of having one and the implications of denying a person medically qualified to have one.

11. plaintiff is in need of an expert witness to inform the court and jury of defendants discontinuation of another experts authorization for plaintiff to have and use the medical equipment authorized prior to the defendants direct deliberate indifference to plaintiffs health by denying to continue treatment, and its effects denying one.

12. Plaintiffs worsening of health due to this discontinuation and injuries sustained by defendants actions in making plaintiff stand for a prelong period of time, against medical orders and after plaintiff was assaulted, sustaining new

injuries and what those new injuries was.

13. Claims regarding the denial of neurological medication, plaintiff was on prior to defendants denying such medication after injuries sustained required such medication.

14. The deterioration of plaintiffs health due to the direct deliberate indifference of defendants.

15. All medical issues any lay person in the field of medical will find confusing and conflicting, see Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th cir 1999).

16. Appointment of an expert witness is needed to rebut defendant witness Davachi M. Sullivan, and appointment of an independent expert can be made by this Honorable Court, see Rule 706(a) Fed.R.Evid.

17. Absent an expert witness and or Counsel to assist an indigent pro-se prisoner would lead to the dismissal of plaintiff case involving claims with merit, see Hannah v. U.S 523 F.3d 597 (5th cir 2008).

18. This Honorable Court can also order that an expert witness be granted and the defendants can be held liable for the full payment of such experts needed, for indigent plaintiff. see Rule 706(b) Fed.R.Evid, placing "no burden on the Court itself."

19. Factual issues that may merit the appointment of counsel include those requiring the use of an expert witness, see Steele v. Shah 87 F.3d 1266, 1271 (11th cir 1996), such as many medical issues with claim, see Greeno v. Daley, 414 F.3d 645, 658 (7th cir 2005), and multiple witness are being called involving conflicting testimony, see Bright v. Hickman, 96 F Supp 2d 572, 577-79(E.D tex2000).

20. The issues involved in plaintiffs claims are complex enough to include the application of the Eighth Amendment "Totality Of The Condition" standard, see Nilsson v. Coughlin, 670 F.Supp 1186, 1189 (S.D.N.Y 1987), and the defendants qualified

immunity defense, see LaFrance v. Rampone, 678 F.Supp 72, 73 (D.Vt.1988).

21. There are also questions of the extent of prisoners rights under the Federal Disability Statutes, see Flakes v. Frank, 322 F.Supp 2d 981, 983(W.D.WIS.2004)and determinging whether a prison regulation violates the Turner v. Safley "Reasonable Relationship" Standard, see Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th cir 1991).

22. Furthermore medical cases frequently involve technical issues that Pro-Se prisoners are unable to deal with adequately and require the use of an Expert Witness, and or the Appointment of Counsel, see Tabron v. Grace, 6 F.3d 147, 155, (3rd cir 1993), and plaintiff has made multiple request to law firms and organizations for assistance and representation with no success, sending out three letters last week alone.

Wherefore plaintiff humbly request for all the reasons stated that an "Expert Witness", be granted or "Appointment of limited Counsel", to assist pro-se indigent, layman to the law, whom is incarcerated and claim is complex, including issues that are complex and require assistance.

10-4-2023

c.c. District Attorneys Office
Andrew Blancato
28 Liberty Street
New York, NY 10005

Southern District Court
Pro-se Department
500 pearl Street
New York, NY 10007

X Ralph Rodriguez
  Din # 17A0928

X *[signature]*
Fishkill Correctional Facility
PO Box 307
Beacon NY 12508